UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Nelson
PO Box 1422
WARREN MI 48090

JOHN DOE

     Plaintiffs(s)

-vs-

Case: 2:22-cv-10918
Judge: Leitman, Matthew F.
MJ: Patti, Anthony P.
Filed: 04-29-2022 At 02:20 PM
CMP ELIZABETH NELSON ET AL V SERVICE TOWING INC ET AL (SS)

Jury Trial Demanded

Complaint
42 USC Section 1983
Michigan state law
Trespassing, theft of vehicles,
Theft, Assault, Extortion

$50 Million USD

SERVICE TOWING INC
6006 Rinke Ave
Warren MI 48091

ABLE TOWING LLC
6006 Rinke Ave
Warren MI 48091

EDWARD D. HERTZ President
4418 Bayberry Ct
Warren, MI 48092

DENNIS HERTZ Treasurer
4782 Brockham Way
Sterling Hts, MI 48310

BRUCE HERTZ Secretary
6006 Rinke Ave
Warren, MI 48091

1

Sandra A Hertz Registered Agent of SERVICE TOWING INC.
006 Rinke Ave Warren MI 48091

BRUCE (JOHN DOE Driver Truck 210
6006 Rinke Ave Warren MI 48091

RANDY (JOHN DOE) Driver Truck 226
6006 Rinke Ave, Warren MI 48091

DENNIS (JOHN DOE) Driver Truck 162
6006 Rinke Ave., Warren MI 48091

3 JOHN DOE CITY OF WARREN MI PROPERTY AND MAINTENTENCE
EMPLOYEES,
1 City Square, Warren, MI 48093

2 CITY OF WARREN MI ZONING DEPT EMPLOYEES
1 City Square, Warren, MI 48093

3 JOHN DOES

4 JOHN DOE WARREN POLICE DEPT POLICEMEN
29900 CIVIC CENTER DR
WARREN MI 48093

CITY OF WARREN
1 City Square, Warren, MI 48093

JOHN DOE WARREN CHIEF OF POLICE
29900 CIVIC CENTER DR
WARREN, MI 48093

Mayor James Fouts
1 City Square, Warren, MI 48093

MICHIGAN DEPARTMENT OF STATE
7064 Crowner Dr LANSING MI 48918

## VERIFIED COMPLAINT

1. This action seeks money damages because of a CITY OF WARREN EMPLOYEES'
   participation, conspiring, acting in concert in private parties' wrongful deprivation of

2

Plaintiffs' (P) property and state crimes of falsification, assault, extortion, trespassing et al crimes in the process

2. Plaintiff alleges that all the Defendants acted "under color of state law" and violated Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Michigan Constitution Due Process Cl Art 1 Sec 17, Art 1, Sec 11

3. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

4. At all times Private parties named "conspired", acted in concert, tandem, with state actors in the deprivation of (P) US Constitutional rights

5. (D) Mayor James Fouts is the mayor of (D) City of Warren and is a policy maker in

### Jurisdiction

6. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

7. The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367. 3.

8. Venue in the United States District Court for the EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION is proper pursuant to 28 U.S.C. § 1391.

9. For a discussion of civil rights violations and constitutional remedies, see § 13.7, supra. Information regarding state action can be found at §§ 6.3.6 and 6.4.8, supra. Sections 13.6.2 and 6.4, supra, cover conversion and breach of peace, respectively.

   Plaintiff ELIZABETH NELSON is a MICHIGAN RESIDENT

   Plaintiff 2 JOHN DOE will be identified in AMENDED filings

10. Defendant SERVICE TOWING INC., ABLE TOWING AND SERVICE TOWING is a company principally engaged in the business of towing motor vehicles and has its principal place of business in WARREN MICHIGAN. EDWARD HERTZ President, DENNIS HERTZ Treasurer, BRUCE HERTZ Secretary, Sandra Hertz Resident Agent of SERVICE TOWING INC. DOES 1-4 are employees of SERVICE TOWING INC. All of these private parties acted "under color of state law" acted "in concert" and in a "conspiracy" with state actors acting under "color of state law" Defendants in the wrongful taking of Plaintiffs vehicles and personal property of (P) ELIZABETH NELSON, AND (P) JOHN DOE.

11. Defendant 4 John DOES are employees of Service Towing Inc. AKA ABLE TOWING AND SERVICE TOWING. At all times mentioned herein, these DOE employees acted both on their own and at the direction via "agency law" of Defendant EDWARD HERTZ,

DENNIS HERTZ, BRUCE HERTZ hereafter (D) HERTZ BROS. & SANDRA HERTZ and in concert and conspiracy with the other Defendants CITY OF WARREN PROPERTY AND MAINTENANCE, DEFENDANT CITY OF WARREN ZONING, CITY OF WARREN POLICE DEPT.

12. Defendants' other DOES are employed by CITY OF WARREN MICHIGAN,

13. . At all times relevant hereto all defendants named, and JOHN DOES acted in concert with the other Defendants and "under color of state law" acting officially and in their individual capacity. Named defendants and JOHN DOES are sued both in their official and individual capacity.

14. Defendant City of Warren MI is the local governmental unit for which Defendant DOES work

## FACTS

*1)* On or about 5/1/2020, the defendants (hereinafter Ds') entered the property at 7568 Hudson Ave Warren MI 48091 and the adjacent lot owned by the same entity combined into 1 lot and towed 4 vehicles *infra*

2) A) 2009 Silverado LT VIN 1GCEK29J09Z214969

3) B) 2012 MAZDA VIN JM1CW2BLXC0125056

4) C) 2012 MAZDA VIN JM1CW2CL0C0101363

5) D) 2012 NISSAN SENTRA SILVER. VIN 1N4AL2AP9CN516387

6) Cars towed by (D) SERVICE TOWING INC, (D) ABLE TOWING LLC (D)EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ AK A HERTZ BROS., DOE AGENT OF tow company, being called by (D) JOHN DOES CITY OF WARREN PROPERTY AND MAINTENANCE, ZONING DEPT

7) All these cars were owned by the Plaintiff (P) who had lawful authority to park vehicles at the *supra* address

8) Ex A is a picture dated 5/1/20 of two (2) of the vehicles parked in 7568 Hudson Ave Warren MI 48091 property before towing

9) Michigan law does not allow City Property & Maintenance employees, Zoning Dept, Warren Police, Mayor to enter private property to inspect vehicles VIN or to tow vehicles or to allow (D) SERVICE TOWING INC, ABLE TOWING LLC owners or employees &/or management to tow vehicles off private property without court order or take personal property.

10) There was no "probable cause" as denied by the 4th Amendment of the United States Constitution and no search warrant was issued applicable to the states via the 14th Amendment and no court order to tow 4 cars and take personal property

11) City of Warren, Mayor Fouts, City of Warren Property & Maintenance, ZONING, WARREN POLICE JOHN DOES know or should have known had they been properly trained "lack of training" that entering private property to tow $35000 blue book value vehicles was illegally and contrary to law, code. Michigan Constitution, United States Constitution and take personal property

12) No warning was given that said vehicles were to be towed to (P)s' or court. Or take personal property off the 7568 Hudson Ave WWARREN MI 48091 premises

13) Per the record the CITY OF WARREN COURT was closed due to COVID 19, and no lawful court order was issued

14) Plaintiffs aver that (D) JOHN DOE City of Warren Property and Maintenance employees, ZONING employees have a "special relationship" and entered into a 'conspiracy" with (D) SERVICE TOWING INC., ABLE TOWING LLC (D) Hertz Bros. to "tow cars off private property" in WARREN MICHIGAN to obtain Towing fees, storage fees DURING THE COVID 19 pandemic when courts were shut down and citizens were "self-isolation" (P)s' were self-isolating" being "at risk category" generating cash for (D) CITY OF WARREN, SERVICE TOWING INC., ABLE TOWING LLC, HERTZ BROS, et al and take personal property off premises

15) Part of the conspiracy is for JOHN DOE WARREN PROPERTY AND MAINTENCE employees to falsify the address from which the cars are taken to make it appear as if cars were towed in accordance with Michigan law when said cars were not towed in accordance with Michigan law due to the falsified paperwork

16) This FALSIFICATION of address, from correct address of 7568 Hudson Ave Warren MI 48091 to incorrect address 7528 Hudson Ave Warren MI 48091 See Ex B: Michigan

Department of State PETITION FOR HEARING ON ABANDONED VEHICLE caused (D) DEPARTMENT OF STATE to issue Ex B fraudulent paperwork as to where the vehicles were towed from, See Ex C pg. 1-4 (D) SERVICE TOWING INC., ABLE TOWING RECEIPTS showing same "falsified address".

17) (D) JOHN DOES WARREN PROPERTY AND MAINTENCNE, ZONING DEPT, WARREN POLICE DEPT being aware of the fact and law MCL 257.252 ABANDONDED VEHICLE that they cannot enter private property to tow properly registered vehicles to ELIZABETH NELSON 7568 Hudson Ave Warren MI 48091 registration Ex D: 2009 Silverado VIN, Ex E MICHIGAN SECRETARY OF STATE RECEIPT FOR TAGS, PLATES

18) JOHN DOES   City of Warren Property & Maintenance, City of Warren ZONING DEPT., employees falsified the location of the (P) ELIZABETH NELSON 4 vehicles to aver that said vehicles were taken from 7528 Hudson Ave, Warren MI 48091, a house with a 15 ft front yard and whose residence stated the *supra* vehicles were never parked there and same was FALSIFIED on Ex C RECEIPT from (D) SERVICE TOWING INC pg. 1-4 showing the falsified address.

19) DOE WARREN POLICE should have reviewed said falsification being on the scene 5/1/20 when the 4 vehicles were towed and reviewed paperwork and should have informed (D) WARREN PROPERTY AND MAINTENANCE DOES, (D) WARREN ZONING DEPT DOES after running VIN #'s that said 4 vehicles were properly titled, had legitimate MICHIGAN plates issued Ex D: REGISTRATION 2009 Silverado, Ex E showing owner ELIZABETH NELSON, (P) a Michigan resident.

20) Indeed, per Ex B PETITION FOR HEARING ON ABANDONED VEHICLE pg. 2 MCL 257.252 same states "Before determining that vehicle ... is abandoned, the police check to see if it is reported as stolen". It can be assumed per the FACTS that police did this per Ex B "Complaint Number 20-18750" yet still allowed the 4 vehicles to be towed either by "failure to train" or entering the conspiracy with (D) s' ABLE TOWING LLC, SERVICE TOWING INC., HERTZ BROS, MAYOR JIM FOUTS, CITY OF WARREN, WARREN POLICE DEPT, CITY OF WARREN PROPERTY & MAINTENANCE DEPT, CITY OF WARREN ZONING to generate cash flow during the COVID 19 crisis when court were shut down and citizens were scared.

6

21) Per FACTS *supra* and *infra* set out a claim of extortion under MICHIGAN law &/or Federal law. 750.462f. ... blackmail or threat of financial harm; prohibition; ..."

"(1) A person shall not knowingly subject or attempt to subject another person to forced labor or services by using blackmail, using or threatening to cause financial harm to, or exerting or threatening to exert financial control over another person."

22) On or about 7/30/21 (P) DOE attempted to make a police report with WARREN POLICE DEPT. concerning the "falsification" of the address on the FALSIFICATION OF ADDRESS on the paperwork where the 4 vehicles were towed from. DOE WARREN police refused to file the police report. During the course of the attempt to file a police report the WARREN POLICE officer ran the Complaint Number 20-18750 on Ex B PETITION FOR HEARING ON ABANDONED VEHICLE and said same was COMPLAINT NUMBER that (P) avers shows DOE WARREN POLICE DEPT was involved in the towing scheme entering the conspiracy with SERVICE TOWING INC., ABLE TOWING LLC and (D) HERTZ BROS., DOE WARREN PROPERTY AND MAINTENANCE, CITY OF WARREN ZONING, CITY OF WARREN, MAYOR FOUTS policy maker and or DOE POLICE MAKER due to "failure to train" did not inform (D) WARREN DOES PROPERTY AND MAINENANCE, WARREN ZONING DEFENDANTS, JOHN DOE CITY OF WARREN POLICE OFFICERS that 4 vehicles were legitimately titled, had valid plates issues, registration Ex D, E and insured. (P)s' had a US Constitutional right to make a police report since physical paperwork shown to the DOE WARREN POLICE OFFICER exposed the address was falsified to fit the "statutory definition" of "abandoned vehicle" under Michigan law. One of the officers was going to file the police report but was overridden by another officer. (P)s' aver that since per the paperwork DOE WARREN POLICE engaged in the initial towing 5/1/20 that DOE WARREN POLICE supervisor did not want the report made. This is "failure to report a crime" 5/1/20 when initial cars were towed and again on or about 7/20/21 when the attempt to file the police report was made.

23) The DEFENDANTS took (P) vehicles, personal property in violation of the 4th Amendment UNITED STATES CONSTITUTION, MICHIGAN CONSTITUTION See *Monroe v. Pape*, 365 U.S. 167, 174-76 (1961). The Supreme Court has consistently held that non-state actors can, under certain circumstances, engage in conduct under "color of State

law," and may be subject to liability under section 1983 where they "act jointly" or conspire with state government officials. See, e.g., *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001*); Tower v. Glover, 467 U.S. 914, 919 (1984); Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v. Price, 383 U.S. 787, 794 (1966)* (holding that, for purposes of finding liability under the criminal law analogue of section 1983, 18 U.S.C. § 242, private individuals acting jointly with state officers engage in conduct "under color" of state law). All private defendants ABLE TOWING LLC, SERVICE TOWING INC., owners (D) Hertz Bros., and their JOHN DOE employees "act jointly" and / or "conspire with state government officials" *Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra* with City of Warren Property & Maintenance, ZONING, Warren Police DOES

24) A conversation between (P) DOE with residents at 7528 Hudson Ave address falsified on the paperwork to tow the 4 vehicles, had no knowledge of the vehicles towed or the facts stated herein

25) Per FACTS *supra,* address was falsified to give the "air of legitimacy" as an "abandoned vehicle" per Michigan Code MCL 257.252 when in fact said vehicles were towed off private property, vehicles registered to address where vehicles parked, had current license plates and registration, towed from behind a fence 7568 Hudson Ave Warren MI 48091 and the adjacent vacant lot owned by the same entity that (P) had permission and legal authority to park and taking "personal property" off premises at the same time.

26) Per PETITION FOR HEARING ON ABANDONED VEHICLE issued to (P) Ex B owner of vehicles giving timeline when WARREN COURTS were closed due to COVID-19, by (D) MICHIGAN DEPARTMENT OF STATE

27) (P) avers that alleged Petition for hearing on abandoned Vehicle Ex B is void, *void ab initio* since caused to issue via falsified paperwork, falsified address committing a crime under Michigan law and there is no mandate that (P) exhaust state remedies from a court closed due to COVID-19 to obtain redress in federal court.

28) Said address was "falsified" as 7528 Hudson Ave to submit paperwork to (D) Michigan Department of State who then was caused to issue false Ex B PETITION FOR HEARING ON ABANDONED VEHICLE when said vehicles were NOT ABANDONED UNDER MICHIGAN LAW.

29) Michigan Code definition of Abandoned Vehicle: Ex B pg. 2

"MICHIGAN VEHICLE CODE Act 300 of 1949

257.252a Abandoned vehicle; presumption of responsibility; violation; penalty; "abandoned vehicle" defined; notice; duties of police agency; contest by owner; hearing; request; fee; towing and storage charges; secured party; obtaining release of vehicle; inspection; public sale; inability to determine ownership of abandoned vehicle; entry into law enforcement information network.

Sec. 252a.      (1) A person shall not abandon a vehicle in this state. It is presumed that the last titled owner of the vehicle is responsible for abandoning the vehicle unless the person provides a record of the sale as that term is defined in section 240. A person who violates this subsection and who fails to redeem the vehicle before disposition of the vehicle under section 252g is responsible for a civil infraction and shall be ordered to pay a civil fine of $50.00.

(2) *As used in this section and sections 252b through 252l, "abandoned vehicle" means any of the following:*
(a) *A vehicle that has remained on private property without the consent of the owner.*
(b) *A vehicle that has remained on public property for a period of not less than 48 hours, or on a state trunk line highway as described in section 1 of 1951 PA 51, MCL 247.651, as follows…"*
18 USC 873
"The statute prohibits a person (1) from obtaining someone else's property or "an official act of a public officer;" (2) by wrongfully using force against the person, instilling fear of harm in the person, or acting "under color of official right.""".

30) It can be assumed that 5/1/20 DOE WARREN POLICE OFFICERS ran Vin #'s and determined that MICHIGAN resident (P) ELIZABETH NELSON was the owner and should have followed the law and told DOE WARREN PROPRTY AND MAINTENANCE that cars could not be lawfully removed Ex D, E REGISTRATION and purchase of plates from Michigan Secretary of State.

31) Doe POLICE, DOE City of Warren employees and DOE (D) SERVICE TOWING INC., ABLE TOWING LLC agents did not wear gloves or mask when entering vehicles to tow and forcing (P) & (P DOE) to sanitize same exposing (P), (P) DOE to POSSIBLE COVID 19 viruses

32) (P) a cancer survivor was in OHIO a "low covid 19" state at the time of the towing

33) (P) Dr told (P) "do not come to MI", a high COVID state because of COVID 19 saying that sane was "going crazy in Michigan". ELIZABETH NELSON was "assaulted" per the facts-being forced to travel to WARREN MICHIGAN, coming out of self-isolation in OHIO per her Doctor's orders

34) (P) was forced to drive from OH to MI to retrieve cars incurring expenses

35) (P) contacted (P) DOE who was getting treated 5 days a week for cancer with radiation to accompany her from OH to MI Saturday 5/2/20 to retrieve vehicles incurring expenses and exposing him to COVID 19 who at the time was "self-isolating"

36) (D) Service Towing Inc, ABLE TOWING LLC had a 6 in x 4 inch sign on their door window "only 1 person in the office at a time" but (D) SERVICE TOWING INC, ABLE TOWING LLC, (D) HERTZ Bros or their DOE employees were not enforcing the sign and allowing anyone to come into the 6 ft x 6 ft waiting room when (P) DOE was retrieving vehicles there being 2 people in 6 ft x 6 ft area exposing (P) DOE to ASSAULT by COVID 19

37) (D) SERVICE TOWING Inc., (D) ABLE TOWING LLC, (D) OWNERS Hertz Brothers knew or should have known that their actions were illegal taking cars off private property even if directed by WARREN Maintenance employees or Warren DOE police that knew or should have known that their actions were illegal and in violation of the Michigan and United States Constitution i.e., entering private property to tow vehicles without court order after determining that same were not stolen but same were seeing $35G book value cars, tow fees, storage fees, sell cars cash during COVID 19 pandemic.

38) (D) MICHIGAN DEPARTMENT OF STATE Lansing Mi issued an "abandoned vehicle" letter based on false address, false allegations by DOE CITY OF WARREN Maintenance employees, CITY OF WARREN ZONING EMPLOYEES and DOE Warren Police Dept that said vehicles fit the definition of MI ABANDONED VEHICLE when same did not fit the definition Ex B pg. 1-2 letter containing "falsified address".

39) 5/1/20 under the allegation of "cleaning up the property" @ 7568 Hudson Ave Warren (P) DOE bumper wrap 200 DODGE Intrepid, Drainage System Attached to house, cans to be recycled since recycle centers closed due to Covid 19, four 4 x 4 x 8, grill.  and by (D) DOE WARREN PROPERTY AND MAINTENCE (D)'s. See Ex F

CLAIMS

Per the facts *supra* same as if rewritten herein the (D) violated the (P)'s:

First Claim 42 U.S.C. § 1983--Against All Defendants

24. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

25. Defendants at all times relevant to this action were acting under color of state law.

26. Defendants Service Towing Inc., Hertz Bros, 4 John Doe Service Towing employees, DOE Building and Maintenance employees, Warren POLICE DOES unlawfully deprived Plaintiff of her property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

27. Defendants SERVICE TOWING INC, 4 SERVICE TOWING INC. John Does, DOE Warren Property Maintenance employees and DOE WARREN POLICE made an unreasonable and warrantless seizure of Plaintiff's property-4 vehicles in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

28. At all times relevant hereto. Defendant DOES, WARREN POLICE, WARREN PROPERTY AND MAINTENCE DOES acted pursuant to a policy or custom of Defendant CITY OF WARREN, MAYOR FOUTS of assisting SERVIVE TOWING INC. in depriving VEHICLE OWNERS of personal property without court order and without providing an opportunity for the OWNER to be heard.

29. Defendant CITY OF WARREN MICHIGAN failed to adopt clear policies and failed to properly train its deputies as to the proper role of officers in private disputes such as repossession.

30. Defendant CITY OF WARREN's policy or custom, and its failure to adopt clear policies and failure to properly train its MAINTENANCE WORKERS. ZONING WORKERS. were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff. Second Claim

B) Conversion--Against Defendants SERVICE TOWING INC and 4 John DOES

31. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

32. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of his rightful possession of the 4 vehicles.

33. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the personal rights of Plaintiff.

35. Defendant taking the 4 vehicles was a breach of the peace in violation of [state codification of U.C.C. § 9-609].

36. Defendant DOE's actions were the proximate cause of the damages alleged by Plaintiff in the preceding paragraphs.

37. (D)'s taking (P) NELSON vehicles forced (P) NELSON, (P) DOE an "at risk person" to come into HIGH COVID 19 area to retrieve vehicles is ASSAULT as defined by Michigan law "Assault in Michigan is defined as an attempt to cause physical injury to another person, and any intentional unlawful act or threatening action if the offender appears to have the ability to carry out the act and the act would cause a reasonable person to be in fear of impending violence." & further violates 42 USC Sec 1983

"A plaintiff can only invoke federal court jurisdiction if he or she has suffered

"some *threatened* or actual injury resulting from the putatively illegal action." *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S. Ct. 1146, 1148, 35 L. Ed. 2d 536 (1973) (emphasis added).

38. (D)s' SERVICE TOWING INC., ABLE TOWING LLC, HERTZ BROS, (D) DOE TOWING EMPLOYEES, (D) DOE CITY OF WARREN EMPLOYEES completely ignored state and federal emergency due to COVID 19 and used same to tow vehicles from private property for monetary gain without court order

39. 750.413 Motor vehicle; taking possession and driving away.

Per the facts the (D)'s violated Michigan state laws of trespass, conversion, extortion as defined in **750.213 Malicious threats to extort money.** Sec. 213. "Malicious threats to extort money—Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony...."

**750.414 Motor vehicle; use without authority but without intent to steal.**

"Taking a motor vehicle without the owner's permission even if it is not your intent to steal the vehicle is a high court misdemeanor offense often referred to as joyriding. Under Michigan law,

any individual who is even a party to driving or taking a motor vehicle without the permission of the owner may be prosecuted. Unlike the unlawful driving away of an automobile, intent to steal is not an element that must be proven by prosecutors in order to prove guilt in a joyriding case. Auto theft or taking possession and driving away a vehicle with the intention to deprive the owner of his or her property, is a felony offense…" **Related Crimes:** Larceny; property; penalties; total value of property stolen; Larceny; motor vehicles or trailers; aggregate value.

40) Per Ex C pg. 1-4 receipt to return vehicles state of Michigan $40 per vehicle = $160, City Fee $50 per vehicle = $200, these entities are sued in official capacity and for declaratory judgment to remit these monies to (P) ELIZABETH NELSON

### Prayer for Relief

Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON, (P) JOHN DOE United States Constitutional rights of:

**I. Due Process:** The due process clause of the Fourteenth Amendment ensures that no party will be deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556 (1971); *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965). The Fourteenth Amendment protection of property has been broadly extended to "any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971). It is undisputed that the uninterrupted use of one's vehicle is a substantial property interest, and that before the "local government may so interrupt its use, the owner is entitled to due process." *Graff v. Nicholl,* 370 F. Supp. 974, 981 (N.D.Ill.1974); *see also Bell v. Burson,* 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971);

Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON & (P) JOHN DOE

**II. US Constitution *Fourth Amendment rights applicable to (P)'s via the 14th Amendment US Constitution***

Plaintiffs allege that the taking of 4 vehicles off private property PROPERLY REGISTERED, TITLED, PLATES ISSUED, INSURED to the same address without notice, when courts were closed due to Covid 19, without court order is an improper seizure & taking personal property from behind house stated *supra* of (P) JOHN DOE prohibited by the Fourth Amendment. The

goals of the Fourth Amendment include the protection of privacy against arbitrary invasion ... *United States v. Ortiz*, 422 U.S. 891, 95 S. Ct. 2585, 45 L. Ed. 2d 623 (1975); *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969); *Berger v. State of New York*, 388 U.S. 41, 87 S. Ct. 1873, 18 L. Ed. 2d 1040 (1967).  This much was made clear in *Jacobsen*, *supra*, where we explained that the first clause of the Fourth Amendment

> "Protects two types of expectations, one involving `searches,' the other `seizures.' A `search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A `seizure' of property occurs where there is some meaningful interference with an individual's possessory interests in that property." 466 U. S. at 113.

See also *id.*, at 120; *Horton* v. *California*, 496 U.S. 128, 133 (1990); *Arizona* v. *Hicks*, 480 U. S. 321, 328 (1987); *Maryland* v. *Macon*, 472 U.S. 463, 469 (1985); *Texas* v. *Brown*, 460 U.S. 730, 747-748 (1983) (Stevens, J., concurring in judgment); *United States* v. *Salvucci*, 448 U.S. 83, 91, n. 6 (1980).

Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON. (P) JOHN DOE United States Constitutional RIGHTS TO

III. DUE PROCESS and/or EQUAL PROTECTIONS OF THE LAWS

Per facts when the Warren Courts were closed due to COVID 19, the taking of the (P) 4 vehicles and forcing her travel from low covid state to high covid state MICHIGAN against Dr orders, her being defined as an "at risk individual" self-quarantining" in OHIO exposing her higher incident COVID 19 when 4 vehicles were titled, registered, plated, insured to the address on her driver's license   is "outrageous conduct" by private towing company (D) Able Towing LLC, (D) Service Towing Inc, acting in concert &/or conspiracy with JOHN DOE City of Warren Property and Maintenance employees, City of Warren Zoning John Does, City of Warren Police JOHN DOES breaking numerous Michigan laws including falsifying address on paperwork for the location 4 vehicles towed from to meet MICHIGAN VEHICLE CODE Act 300 of 1949 257.252a Abandoned vehicle; violates the Due Process Clause and Equal Protection Clause of the 5 Amendment applicable to (P) via the 14th Amendment US Constitution

IV. Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON. (P) JOHN DOE United States Constitutional RIGHTS TO DUE PROCESS and/or EQUAL PROTECTIONS OF THE LAWS when per para 21 supra:

"On or about 7/30/21 (P) DOE attempted to make a police report with WARREN POLICE DEPT. concerning the "falsification" of the address on the FALSIFICATION OF ADDRESS on the paperwork where the 4 vehicles were towed from. DOE WARREN police refused to file the police report. During the course of the attempt to file a police report the WARREN POLICE officer ran the Complaint Number 20-18750 on Ex A PETITION FOR HEARING ON ABANDONED VEHICLE and said same was COMPLAINT NUMBER that (P) avers shows DOE WARREN POLICE DEPT was involved in the towing scheme entering the conspiracy with SERVICE TOWING INC., ABLE TOWING LLC and (D) HERTZ BROS. and or due to "failure to train" did not inform (D) WARREN DOES PROPERTY AND MAINENANCE, WARREN ZONING DEFENDANTS, JOHN DOE CITY OF WARREN POLICE OFFICERS that the 4 vehicles were legitimately titled, had valid plates issues, registration Ex D 2009 SILIVERADO REGISTRATION and insured." (P)s' had a US Constitutional right to make a police report since physical paperwork shown to the DOE WARREN POLICE OFFICER exposed the address was falsified to fit the "statutory definition" of "abandoned vehicle" under Michigan law. One of the officers was going to file the police report but was overridden by another officer. (P)s' aver that since per the paperwork DOE WARREN POLICE engaged in the initial towing 5/1/20 that DOE WARREN POLICE supervisor did not want the report made. This is "failure to report a crime" 5/1/20 when initial cars were towed and again on or about 7/20/21 when the attempt to file the police report was made.

V. Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON, (P) JOHN DOE Michigan state law including but not limited to:

With regard to the government / private defendants, the plaintiff asserts a conversion, extortion, theft of vehicle, assault, misprison of felony, failure to report a crime, trespassing, breach of the peace claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the (P)'s will have to exercise judgment about how many state claims to include.

A. On his first claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants.

B. On his second claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, against Defendants Service Towing Inc., Able Towing DOE employees of Service Towing Inc. WARREN PROPERTY AND MAINTENCE DEPT DOES, and John DOES Police Officers.

C. On his third claim, a judgment for compensatory damages, with a minimum amount pursuant to MICHIGAN codification

 (P)'s sue all Defendants sues all jointly and severally

D. Refund all towing fees plus interest

E. All expenses travelling from OHIO to MICHIGAN to retrieve vehicles

F. Covid 19 cleaning fee to sanitize

G.  All filing fees. postage. expenses, attorneys' fees associated with action *sub judice.*

D. A jury trial on all appropriate issues.

E. CERTIFY SAME AS A CLASS ACTION and examine all vehicles towed during the WARREN COURT COVID 19 SHUT DOWN by (D) SERVICE TOWING INC.. ABLE TOWING LLC, JOHN DOE WARREN PROPERTY AND MAINTENCE DEPT. JOHN DOE City of Warren Zoning Dept WARREN POLICE DEPT et al., if (P) files a separate motion being represented by counsel.

F. APPOINT COUNSEL FOR PLAINTIFF

G. An award of costs and expenses against the Defendants jointly and severally

H. Any and all other relief this Court may deem appropriate

TOTAL AMOUNT DEMANDED $50,000,000 USD

Plaintiff ELIZABETH NELSON pro'se

JOHN DOE PLAINTIFF pro'se

## TABLE OF EXHIBITS

| Exhibit Name | Exhibit Letter |
| --- | --- |
| picture dated 5/1/20 (2) vehicles parked in 7568 Hudson Ave Warren MI 48091 property before towing | A |
| MICHIGAN DEPT OF STATE PETITION FOR HEARING ON ABANDONED VEHICLES | B pg. 1-2 |
| Per Ex C pg. 1-4 receipts to return vehicles | C pg. 1-4 |
| 2009 SILVERADO REGISTRATION | D |
| MICHIGAN SECRETARY OF STATE receipt for plates/tags | E |
| List of personal property taken by defendants 5/1/20   of (P) DOE | F |



**Uploaded On:**          Friday, May 01, 2020 10:05 AM

Ex A p 1

**Michigan Department of State**

## PETITION FOR HEARING ON ABANDONED VEHICLE/VESSEL

*Please note: Vehicle includes motor vehicles, ORVs, and snowmobiles. Vessel includes watercraft.*



> **Notice to the Court:** A bond for the release of an abandoned vehicle/vessel, pending the court hearing, must cover the accrued towing and storage fees and the $40 abandoned vehicle fee. In the event of bond forfeiture, please remit $25 of the abandoned vehicle fee to: "State of Michigan - Abandoned Vehicle" Attn: Cashier Unit, 7064 Crowner Drive, Lansing, MI 48918. Please include the VIN/HIN/Serial number of the vehicle or vessel. Remit the remaining $15 of the abandoned fee to the towing agency in accordance with MCL 257.252(3)(a) or Section 80130(3)(a), 81151, and 82161 2014 PA 549.

Date of Notice  05/01/2020
Complaint Number  20-18750

37TH DISTRICT COURT
8300 COMMON RD
WARREN MI 48093

### I request a court hearing to contest [check box(es) that apply]:

☐ The vehicle/vessel was properly deemed abandoned or removed according to law
☐ The reasonableness of the towing or storage fees

X _____

| Signature of Petitioner | Date of Signature |

**Notice to Owner/Secured Party:**

If the owner wishes to contest that this vehicle/vessel was properly deemed abandoned/removed, or the owner or secured party wish to contest the reasonableness of the towing and daily storage fees, complete this petition to request a hearing with the court listed above. The petition must be filed with the court either by mail or in person within 20 days of the date of this notice, accompanied by a $75 court filing fee.

If the owner or secured party do not request a hearing, the vehicle/vessel may be redeemed by paying the fees and accrued charges to the custodian of the vehicle/vessel. If a hearing is requested, the matter will be resolved after the hearing is conducted in court. The owner or secured party may petition release of the vehicle/vessel by paying the fees and accrued charges to the custodian of the vehicle/vessel or by posting a bond with the court for the abandoned vehicle fee, towing and storage charges. If the court finds the vehicle/vessel was not properly deemed abandoned or removed, the law enforcement agency will reimburse the owner for storage fees.

**Vehicle/Vessel**

| Year | Make | VIN/HIN/Serial Number | Model and Body Style |
|------|------|----------------------|----------------------|
| 2012 | MAZDA | JM1CW2BLXC0125056 | SW |

**Owner Name and Address:**
ELIZABETH LUISE NELSON
7568 HUDSON AVE
WARREN MI 48091-5912

**First Secured Party Name and Address:**

**Second Secured Party Name and Address:**

**Law Enforcement Agency Name and Address:**
WARREN POLICE DEPARTMENT
29900 CIVIC CENTER DR
WARREN MI 48093

**Date Vehicle/Vessel Taken Into Custody and Approximate Location From Which it was Taken Into Custody:**

05/01/2020   7528 HUDSON      WARREN

**Custodian-Location Where Vehicle/Vessel is Held:**
ABLE TOWING AND SERVICE TOWING
6006 RINKE AVE
WARREN MI 48091

*Ex B p¹*

00231193190009 0202

Petition to Court

TR-52p-f (Rev. 01/2019)

# Important information

**Please note: Vehicle includes motor vehicles, ORVs, and snowmobiles. Vessel includes watercraft.**

Michigan law [MCL 257.252a, 81151, or 82161 2014 PA 549] presumes that the last owner of record as kept by the Secretary of State of a vehicle is responsible for abandoning a vehicle unless the person provides a record of sale or transfer. Michigan law (80130f 2014 PA 549) presumes that the last titled owner, if there is no titled owner the last registered owner of a vessel, is responsible for abandoning a vessel unless the person provides a record of the transfer of the vessel to another person. A violation for abandoning a vehicle and not redeeming it before disposition is determined under MCL 257.252g or Section 81151(3) or Section 82161(3) 2014 PA 549, or for abandoning a vessel and not redeeming it before disposition is determined under Section 80130k, will result in a civil infraction and subject the owner to a civil fine of $50 plus costs, state assessments, and other statutory penalties.

A person who violates Section 324.8905a(4) is responsible for a state civil infraction and is subject to a civil fine of not less than $500.00 or more than $2,500.00. A person found to have committed a violation described in this subsection in a subsequent proceeding is subject to a civil fine of not less than $1,000.00 or more than $5,000.00 plus costs, state assessments , and other statutory penalties.

Abandoned vehicle references MCL 257.252 a through I. Abandoned vessel references Section 80130, abandoned ORV references Section 81151, and abandoned snowmobile references Section 82161 2014 PA 549.

Abandoned Vehicle or Vessel includes:

- A vehicle or vessel on private property without the consent of the owner.
- A vehicle or vessel that has remained on public property for not less than 48 hours.
- A vehicle that has remained on a state trunk line for not less than 18 hours if a valid registration plate is affixed to the vehicle.
- A vehicle that has remained on a state trunk line if a valid registration plate is not affixed to the vehicle.
- A vessel that has remained on a state trunk line and is not on a motor vehicle or trailer and is not under the immediate custody of the owner.
- A vessel on a motor vehicle or trailer if the motor vehicle or trailer displays a valid registration plate and has been on a state trunk line for no less than 18 hours and is not under the immediate custody of the owner.

Before determining that a vehicle or vessel is abandoned, the police check to see if it is reported as stolen

1. Within 24 hours after taking an abandoned vehicle or vessel into custody, law enforcement agency notifies the Michigan Department of State (MDOS) that it has been deemed abandoned. Within seven days of receiving notice from law enforcement, MDOS sends the Notice of Abandoned Vehicle/Vessel to the owner of record as kept by the Secretary of State and any secured parties on record.
2. The owner of record as kept by the Secretary of State (including lessor/lessee) has 20 days from the date of the Notice of Abandoned Vehicle/Vessel to either:
   a) Redeem the vehicle or vessel by paying the accrued towing, storage and abandoned fees to the custodian of the vehicle or vessel, or
   b) Contest that the vehicle or vessel was properly deemed abandoned, or contest the reasonableness of the towing and daily storage fees by completing the attached petition to request a hearing with the court shown on the front of this form. The petition must be submitted by mail or filed in person at the court.
   An owner who requests a hearing may obtain release of the vehicle or vessel by posting a towing and storage bond with the court, or by paying the abandoned fees to the court and the accrued towing and storage fees to the custodian instead of posting a towing and storage bond. If the court finds the vehicle or vessel was improperly deemed abandoned or removed, the law enforcement agency will reimburse the owner for the towing, storage, and abandoned fees
3. If the owner does not redeem the vehicle within 10 days after the date of this notice, the secured party of record as kept by the Secretary of State may:
   a) Redeem the vehicle or vessel by paying accrued towing, storage and abandoned fees to the custodian of the vehicle/vessel or
   b) Within 20 days after the date of this notice, contest the reasonableness of the towing and daily storage fees by completing the attached petition to request a hearing with the court shown on the front of this form. The petition must be submitted by mail or filed in person at the court.
4. If the owner or secured party of record as kept by the Secretary of State (including lessor/lessee) does not redeem the vehicle or vessel, or request a hearing within 20 days after the date of this notice:
   a) The vehicle or vessel may be sold at public auction. If the owner or secured party requests a hearing, the vehicle or vessel may be sold at public auction if it is not redeemed by the owner or secured party within 10 days after the disposition of the hearing.

   Upon sale, the law enforcement agency completes a Bill of Sale. The Bill of Sale is used by the purchaser to apply for title or registration in purchaser's name at a Secretary of State office.

5. If there are no bidders on the vehicle or vessel, the law enforcement agency may do one of the following:
   a) Turn the vehicle or vessel over to the towing firm to satisfy charges against the vehicle or vessel. However, if the proceeds from the sale of the vehicle or vessel do not satisfy the towing fees and accrued daily storage fees, the custodian of the vehicle or vessel may collect the balance of those unpaid fees from the last owner of record as kept by the Secretary of State, subject to MCL 257.252i or Sections 80130m, 81151, and 82161 2014 PA 549.
   b) Obtain title to the vehicle or vessel for the police agency or the unit of government the police agency represents, by paying the towing and storage charges and applying for title to the vehicle or vessel.
   c) Hold another public sale pursuant to MCL 257.252g(1) or Sections 80130k(3)(c), 81151, and 82161 2014 PA 549.

Registered, Abandoned, Scrap Vehicle or Scrap Vessel: Per MCL 257.252b(1)(a) or 80130g(1)(a), 81151, and 82161 2014 PA 549, a registered, abandoned, scrap vehicle or scrap vessel is an abandoned vehicle or vessel that is seven or more years old, is currently registered or titled in Michigan or displays a valid current-year registration plate from another state, and is apparently inoperable or is extensively damaged to the extent that the cost of repairing it to make it operational and safe exceeds its fair market value.

1. Follows only steps 1 through 3 listed above for abandoned vehicles or vessels.
2. If the vehicle or vessel is not redeemed by the owner of record as kept by the Secretary of State or secured party within 20 days of this notice or 20 days after a hearing, the law enforcement agency will release the vehicle to a towing service, used or secondhand vehicle parts dealer, scrap metal processor, automotive recycler, or foreign salvage vehicle dealer or release the vessel to a scrap metal processor or landfill operator. Both will require the completion of the Certificate of Scrapping form.

Unregistered, Abandoned, Scrap Vehicle or Scrap Vessel: Per MCL 257.252b(1)(b) or Sections 80130g(1)(b), 81151, and 82161 2014 PA 549, an unregistered, abandoned, scrap vehicle is an abandoned vehicle that is seven or more years old, is not currently registered in Michigan and does not display a valid current-year registration plate from another state, and is apparently inoperable or is extensively damaged to the extent that the cost of repairing the vehicle exceeds its fair market value. An unregistered, abandoned scrap vessel is an abandoned vessel that is apparently inoperable or is extensively damaged to the extent that the cost of repairing the vessel exceeds its fair market value and is not currently registered or titled in Michigan and does not display a current-year registration or decal from another state.

Within 24 hours, excluding Saturday, Sunday, and legal holidays, after taking the scrap vehicle into custody, the law enforcement agency will release the scrap vehicle to a towing service, used vehicle parts dealer, or scrap metal processor by completing the Certificate of Scrapping form. A scrap vessel will be released to a towing service by completing the Certificate of Scrapping form.

Owner Copy - back                                    Ex B Pg 2                          TR-52e-b (Rev. 01/2019)



Michigan Department of State

## NOTICE OF ABANDONED VEHICLE/VESSEL

*Please note: Vehicle includes motor vehicles, ORVs, and snowmobiles. Vessel includes watercraft.*

**PROOF OF NOTICE CERTIFICATE**

I certify that I am eighteen years of age or older, and that on this date the Department served a copy of this original Notice of Abandoned Vehicle and Petition for Hearing on Abandoned Vehicle/Vessel to each party of record by United States mail from Lansing, Michigan, as provided in Section 212 of the Michigan Vehicle Code (MCL 257.212).

T. Bradley

| | |
|---|---|
| Date of Notice | 05/01/2020 |
| Complaint Number | 20-18750 |

ELIZABETH LUISE NELSON
7568 HUDSON AVE
WARREN MI 48091-5912

Court Name: 37TH DISTRICT COURT
Court Address: 8300 COMMON RD
WARREN MI 48093

Our records indicate that you are the titled or registered owner of the vehicle/vessel listed below. This is to notify you and any secured party on record that this vehicle/vessel was taken into custody as an abandoned vehicle/vessel by the law enforcement agency listed below.

Unless this is an unregistered, abandoned, scrap vehicle/vessel, you have 20 days from the date of this notice to redeem it by paying the fees and accrued charges to the custodian of the vehicle/vessel. If you do not redeem the vehicle within 10 days from the date of this notice, the secured party may redeem the vehicle/vessel by paying the applicable fees and accrued charges to the custodian of the vehicle/vessel. The vehicle/vessel may be sold at public auction after 20 days. **However, if the proceeds from the sale of the vehicle/vessel do not satisfy the towing fees and accrued daily storage fees, the custodian of the vehicle/vessel may collect the balance of those unpaid fees from the last titled or registered owner, subject to MCL 257.252i or Sections 80130m, 81151, and 82161 2014 PA 549.**

The owner may contest that this vehicle/vessel was properly deemed abandoned or removed by completing the enclosed petition to request a hearing with the court listed above. The owner and secured party may contest the reasonableness of the towing and daily storage fees by completing and submitting the petition. The petition must be filed with the court by mail or in person within 20 days of the date of this notice. Please refer to the back of this form and the enclosed petition for more information.

**WARNING:** If you or the secured party do not redeem an abandoned vehicle/vessel or request a hearing within 20 days of the date of this notice, the law enforcement agency may transfer ownership of the vehicle/vessel and terminate all rights of the owner and any secured parties to the vehicle/vessel or to the proceeds of the vehicle/vessel sale.

**Vehicle/Vessel**

| Year | Make | VIN/HIN/Serial Number | Model and Body Style |
|---|---|---|---|
| 2012 | MAZDA | JM1CW2BLXC0125056 | SW |

**Owner Name and Address:**
ELIZABETH LUISE NELSON
7568 HUDSON AVE
WARREN MI 48091-5912

**First Secured Party Name and Address:**

**Second Secured Party Name and Address:**

**Law Enforcement Agency Name and Address:**
WARREN POLICE DEPARTMENT
29900 CIVIC CENTER DR
WARREN MI 48093

**Date Vehicle/Vessel Taken Into Custody and Approximate Location From Which it was Taken Into Custody:**

05/01/2020   7528 HUDSON       WARREN

**Custodian-Location Where Vehicle/Vessel is Held:**
ABLE TOWING AND SERVICE TOWING
6006 RINKE AVE
WARREN MI 48091

002311931900090102



Owner Copy

TR-52e-f (Rev. 01/2019)

**586-756-9500**

**HERTZ BROS.**

# SERVICE TOWING, INC.

**24 Hour Towing and Road Service**
**Heavy Duty Truck Towing**

**6006 RINKE**

**WARREN, MICHIGAN 48091**

Date _____

Name _____

Address _____

City _____

MPC-1      Called by

MAKE OF CAR _____ INS. CO. _____

LICENSE NO. _____ STOCK NO. _____

TROUBLE _____ CLAIM NO. _____

VIN# [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

| TOWED FROM | | | | | TOW CHG. | |
|---|---|---|---|---|---|---|
| TOWED TO | | | | | SERVICE CHG. | |
| MILEAGE | | | COLOR | | LABOR CHG. | |
| | YES | NO | | YES | NO | STORAGE | |
| KEYS | | | CASSETTE | | | STORAGE | |
| PLATES | | | WHEELS | | | PAID OUT | |
| VIN GOOD | | | SPARE | | | DOLLEY USE | |
| AM-FM | | | WHEEL COVERS | | | STATE FEE | |
| CB | | | | | | CITY FEE | |
| REMARKS | | | | | | | |

| DRIVER | TRUCK NO. | YARD LOCATION | Total | |
|---|---|---|---|---|

| R.O. | P.O. |
|---|---|

AUTHORIZED BY _____



**586-756-9500**                                                    **HERTZ BROS.**

# SERVICE TOWING, INC.

### 24 Hour Towing and Road Service
### Heavy Duty Truck Towing

**6006 RINKE**                                          **WARREN, MICHIGAN 48091**

Date _____

Name _____

Address_____

City_____

MPC-1              Called by

MAKE OF CAR _____ INS. CO. _____

LICENSE NO._____ STOCK NO. _____

TROUBLE_____ CLAIM NO. _____

VIN# [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

| TOWED FROM | | | | TOW CHG. | | |
|---|---|---|---|---|---|---|
| TOWED TO | | | | SERVICE CHG. | | |
| MILEAGE | | COLOR | | LABOR CHG. | | |
| | YES | NO | | YES | NO | STORAGE |
| KEYS | | | CASSETTE | | | PAID OUT |
| PLATES | | | WHEELS | | | |
| VIN GOOD | | | SPARE | | | DOLLEY USE |
| AM-FM | | | WHEEL COVERS | | | STATE FEE |
| CB | | | | | | CITY FEE |
| REMARKS | | | | | | |

| DRIVER | TRUCK NO. | YARD LOCATION | Total |
|---|---|---|---|

| R.O. | P.O. |
|---|---|

_____
                    AUTHORIZED BY



CONSOLIDATED DOCUMENT SOLUTIONS LLC - FRASER, MI 48026 - (586) 293-8100     4233286

**586-756-9500**

**HERTZ BROS.**

# SERVICE TOWING, INC.

### 24 Hour Towing and Road Service
### Heavy Duty Truck Towing

**6006 RINKE**

**WARREN, MICHIGAN 48091**

Date _____

Name _____

Address _____

City _____

MPC-1                Called by

MAKE OF CAR _____     INS. CO. _____

LICENSE NO. _____     STOCK NO. _____

TROUBLE _____     CLAIM NO. _____

VIN# [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

| | | | YES | NO | | | YES | NO | | |
|---|---|---|---|---|---|---|---|---|---|---|
| TOWED FROM | | | | | | | | | TOW CHG. | |
| TOWED TO | | | | | | | | | SERVICE CHG. | |
| MILEAGE | | | | COLOR | | | | | LABOR CHG. | |
| | | YES | NO | | | YES | NO | STORAGE | | |
| KEYS | | | | CASSETTE | | | | PAID OUT | | |
| PLATES | | | | WHEELS | | | | DOLLEY USE | | |
| VIN GOOD | | | | SPARE | | | | | | |
| AM-FM | | | | WHEEL COVERS | | | | STATE FEE | | |
| CB | | | | | | | | CITY FEE | | |
| REMARKS | | | | | | | | | | |

| DRIVER | TRUCK NO. | YARD LOCATION | Total |
|---|---|---|---|
| | | | |

| R.O. | P.O. | AUTHORIZED BY |
|---|---|---|
| | | |



**586-756-9500**                                    **HERTZ BROS.**

# SERVICE TOWING, INC.

### 24 Hour Towing and Road Service
### Heavy Duty Truck Towing

**6006 RINKE**                          **WARREN, MICHIGAN 48091**

Date _____

Name _____

Address_____

City_____

MPC-1                    Called by

MAKE OF CAR _____ INS. CO. _____

LICENSE NO._____ STOCK NO. _____

TROUBLE _____ CLAIM NO. _____

VIN# [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

| TOWED FROM | | | TOW CHG. | | |
|---|---|---|---|---|---|
| TOWED TO | | | SERVICE CHG. | | |
| MILEAGE | | COLOR | LABOR CHG. | | |
| | YES | NO | | YES | NO | STORAGE | | |
| KEYS | | | CASSETTE | | | | | |
| PLATES | | | WHEELS | | | PAID OUT | | |
| VIN GOOD | | | SPARE | | | DOLLEY USE | | |
| AM-FM | | | WHEEL COVERS | | | STATE FEE | | |
| CB | | | | | | CITY FEE | | |
| REMARKS | | | | | | | | |
| DRIVER | TRUCK NO. | YARD LOCATION | | | | Total | | |

← 315

R.O. | P.O. | _____

AUTHORIZED BY

Ex 6 p 4

Plate: EFB9391    Expires: 12/10/2020

ORIGINAL REGISTRATION

2009    CHEVROLET    PICKUP

Vehicle No.: 1GCEK29J09Z214969    Fee Cat. or Wt.:    31001

N 425 210 560 939    County:    MACOMB

ELIZABETH LUISE NELSON    EFB9391
8075 PACKARD AVE APT 2
WARREN MI 48089

License Fee: 124.00

03182020  158  23567521  124.00

# 2020

A "P" WILL
PRINT ON
THE TOP AND
BOTTOM OF YOUR
TAB IF YOU
PURCHASED A
RECREATION
PASSPORT.

YOUR PLATE
NUMBER IS
PRINTED ON YOUR
TAB. MATCH YOUR
TAB TO THE
CORRECT PLATE.

↑ **IMPORTANT** ↑

BEND AT DOTTED LINE AND CAREFULLY PEEL
UNTIL TAB IS FULLY REMOVED.

1. Do not remove this tab until ready to place it on your license plate.

2. Your new license plate tab shows both the month and year of expiration.

3. Be sure your license plate is clean and dry, then apply your tab as follows:
   a. plates **except** motorcycle: upper right corner.
   Motorcycle plates: lower right corner.



*Ex D*



**STATE OF MICHIGAN**

**DEPARTMENT OF STATE**
LANSING

| | |
|---|---|
| Issued: | 10-Feb-2020 |
| Letter ID: | L0021979514 |

## Thank you for visiting the SOS Office!
### Transaction Receipt

Office: Branch 158 - Warren

Cashier Interaction: R6270791

Date: 10-Feb-2020

Total Fees: $317.54

## Accounts

| Name | Customer / Vehicle | Account |
|---|---|---|
| ELIZABETH LUISE NELSON | JM1CW2BLXC0125056 (VIN) | 8MUE50 (License Plate) |
| ELIZABETH LUISE NELSON | JM1CW2CL0C0101363 (VIN) | CZR603 (License Plate) |
| ELIZABETH LUISE NELSON | KMHDU46D98U506000 (VIN) | EEK5807 (License Plate) ← *2008 Hyundai* |

## Fee Details

| Account | Fee Type | Amount |
|---|---|---|
| 8MUE50 | Graphic Plate Fee | $5.00 |
| | MSRP Based Reg Fee | $86.00 |
| CZR603 | MSRP Based Reg Fee | $94.00 |
| | Graphic Plate Fee | $5.00 |
| EEK5807 | MSRP Based Reg Fee | $123.00 |
| Payment Fees | Credit Card Fee | $4.54 |
| | | **$317.54** |

## Payments

| Payment Type | Payment Information | Tendered | Change |
|---|---|---|---|
| Credit Card | Discover 7611 | $317.54 | $0.00 |
| | | **$317.54** | **$0.00** |

No returns or cancellations unless authorized under Michigan law.

*Ex E*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ELIZABETH NELSON et al.,

## DEFENDANTS

SERVICE TOWING INC,

**(b)** County of Residence of First Listed Plaintiff **Macomb**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **MACOMB**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
NA

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander — Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' — ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability — Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle — ☐ 371 Truth in Lending | ☐ 720 Labor/Management | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability — ☐ 380 Other Personal | Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury — ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - Product Liability | Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights — **Habeas Corpus:** | Income Security Act | | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations — ☐ 530 General | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - — ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | Employment — **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - — ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other — ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education — ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 United States Code Section 1983

Brief description of cause:
US Const 4th Amemdment Claim, Due Process Claim, Civil Rights-towing 4 cars off personal property wo court order w WARREN employees

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
50,000,000.00 USD

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
4/28/2022

SIGNATURE OF ATTORNEY OF RECORD
*Elizabeth Nelson* pro'se

FOR OFFICE USE ONLY