

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Nelson
PO Box 1422
WARREN MI 48090

Case No. 2:22-cv-10918

FILED USDC - CLRK DET
2022 JUN 29 PM 3:27

ALBERT THROWER
PO BOX 602637
CLEVELAND, OH 44102

Judge: MATTHEW LEITMAN

Plaintiffs(s)

-vs-

Magistrate: Anthony P. Patti
Jury Trial Demanded

AMENDED Complaint
42 USC Section 1983
Michigan state law
Trespassing, theft of vehicles,
Theft, Extortion

$50 Million USD

SERVICE TOWING INC
6006 Rinke Ave
Warren MI  48091

ABLE TOWING LLC
6006 Rinke Ave
Warren MI 48091

EDWARD D. HERTZ President
4418 Bayberry Ct
Warren, MI 48092

DENNIS HERTZ Treasurer
4782 Brockham Way
Sterling Hts, MI 48310

BRUCE HERTZ Secretary

1

6006 Rinke Ave
Warren, MI 48091


Sandra A Hertz Registered Agent of SERVICE TOWING INC.
6006 Rinke Ave Warren MI 48091

BRUCE (JOHN DOE Driver Truck 210
6006 Rinke Ave Warren MI 48091

RANDY (JOHN DOE) Driver Truck 226
6006 Rinke Ave, Warren MI 48091

DENNIS (JOHN DOE) Driver Truck 162
6006 Rinke Ave., Warren MI 48091

ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION
SUPERVISOR ID'd) rscott@cityofwarren.org.
SUITE 315. ONE CITY SQUARE, WARREN, MI, 48093

2 JOHN DOE CITY OF WARREN MI PROPERTY MAINTENTENCE
DIVISION EMPLOYEES,
1 City Square, Warren, MI 48093

2 CITY OF WARREN MI ZONING DEPT EMPLOYEES
1 City Square, Warren, MI 48093

3 JOHN DOES

4 JOHN DOE WARREN POLICE DEPT POLICEMEN
29900 CIVIC CENTER DR
WARREN MI 48093

CITY OF WARREN
1 City Square, Warren, MI 48093

JOHN DOE WARREN CHIEF OF POLICE
29900 CIVIC CENTER DR
WARREN, MI 48093

Mayor James Fouts
1 City Square, Warren, MI 48093

2

MICHIGAN DEPARTMENT OF STATE
7064 Crowner Dr LANSING MI 48918

## VERIFIED COMPLAINT

1. This action seeks money damages because of a CITY OF WARREN EMPLOYEES' participation, conspiring, acting in concert in private parties' wrongful deprivation of Plaintiffs' (P) property and state crimes of falsification, extortion, trespassing et al crimes in the process

2. Plaintiff alleges that all the Defendants acted "under color of state law" and violated Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Michigan Constitution Due Process Cl Art 1 Sec 17, Art 1, Sec 11

3. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

4. At all times Private parties named "conspired", acted in concert, tandem, with state actors in the deprivation of (P) US Constitutional rights

5. (D) JOHN DOE is the City of Warren policy maker in

### Jurisdiction

6. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

7. The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367. 3.

8. Venue in the United States District Court for the EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION is proper pursuant to 28 U.S.C. § 1391.

9. For a discussion of civil rights violations and constitutional remedies, see § 13.7, supra. Information regarding state action can be found at §§ 6.3.6 and 6.4.8, supra. Sections 13.6.2 and 6.4, supra, cover conversion and breach of peace, respectively.
   Plaintiff ELIZABETH NELSON is a MICHIGAN RESIDENT
   Plaintiff 2 JOHN DOE IS AN OHIO RESIDENT AND IDENTIFIED AS ALBERT THROWER

10. DefendantS SERVICE TOWING INC., ABLE TOWING AND SERVICE TOWING ARE a company principally engaged in the business of towing motor vehicles and has its principal place of business in WARREN MICHIGAN. (D) EDWARD HERTZ IS President, (D) DENNIS HERTZ Treasurer, (D) BRUCE HERTZ Secretary, (D) Sandra Hertz Resident Agent of SERVICE TOWING INC. DOES 1-4 are employees of SERVICE TOWING INC.

All of these private parties acted "under color of state law" acted "in concert" and in a "conspiracy" with state actors acting under "color of state law" Defendants in the wrongful taking of Plaintiff ELIZABETH NELSON vehicles and personal property of (P) ALBERT THROWER.

Defendant 4 John DOES are employees of Service Towing Inc. AKA ABLE TOWING LLC. At all times mentioned herein, these DOE employees acted both on their own and at the direction via "agency law" of Defendant EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ hereafter (D) HERTZ BROS. & SANDRA HERTZ and in concert and conspiracy with the other Defendants, CITY OF WARREN PROPERTY AND MAINTENANCE JOHN DOE DEFENDANTS, (D) ROBERT SCOTT PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd), (D) CITY OF WARREN ZONING DIVISION JOHN DOE  EMPLOYEE DEFENDANTS AND CITY OF WARREN POLICE DEPARTMENT JOHN DOE EMPLOYEE DEFENDANTS

11.  DEFENDANT (DOES)  CITY OF WARREN ZONING DIVISION EMPLOYEES , CITY OF WARREN POLICE DEPT.  JOHN DOE DEFENDANTS, CITY OF WARREN PROPERTY AND MAINTENANCE DIVISION DEFENDANTS WILL BE AMENDED AFTER DISCOVERY

12. Defendants' other DOES are employed by CITY OF WARREN MICHIGAN, AND WILL BE IDENTIFIED AFTER DISCOVERY INCLUDING CITY OF WARREN POLICYMAKER

13. DEFENDANT ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) IS THE SUPERVISOR OF CITY OF WARREN MI PROPERTY AND MAINTENANCE DIVISION AND HAS BEEN IDENTIFIED

14. . At all times relevant hereto all defendants named, and JOHN DOES, (D) ROBERT SCOTT acted in concert, CONSPIRED with other Defendants INCLUDING SERVICE TOWING INC.,  ABLE TOWING LLC (Ds') EDWARD HERTZ, BRUCE HERTZ, SANDRA HERTZ, DENNIS HERTZ, AND DOE HERTZ EMPLOYEES and "under color of state law" acting officially and in their individual capacity. Named defendants and JOHN DOES are sued both in their official and individual capacity.

15. Defendant City of Warren MI is the local governmental unit for which Defendant DOES work

FACTS

1) On or about 5/1/2020, the defendants (hereinafter Ds') entered the property at 7568 Hudson Ave Warren MI 48091 and the adjacent lot owned by the same entity combined into 1 lot and towed 4 vehicles *infra* WHEN COURTS WERE CLOSED AND COVID 19 WAS RAGING. NO COURT ORDER WAS ENTERED TO ENTER PROPERTY

2) A) 2009 Silverado LT VIN 1GCEK29J09Z214969

3) B) 2012 MAZDA VIN JM1CW2BLXC0125056

4) C) 2012 MAZDA VIN JM1CW2CL0C0101363

5) D) 2012 NISSAN SENTRA SILVER. VIN 1N4AL2AP9CN516387

6) Cars towed by (D) SERVICE TOWING INC, (D) ABLE TOWING LLC (D)EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ AKA HERTZ BROS., DOE AGENT OF tow company, being called by (D) JOHN DOES CITY OF WARREN PROPERTY AND MAINTENANCE DIVISION, ZONING DIVISION (DS') BEING CALLED BY (D) ROBERT SCOTT,(JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) ACCORDING TO EMPLOYEES OF SERVICE TOWING INC.

7) All these cars were owned by the Plaintiff (P) ELIZABETH NELSON who had lawful authority to park vehicles at the *supra* address  7568 HUDSON AVE., WARREN MI 48091 AND THE ADJACENT VACANT LOT OWNED BY THE SAME ENTITY

8) Ex A is a picture dated 5/1/20 of two (2) of the vehicles parked in 7568 Hudson Ave Warren MI 48091 property before towing

9) Michigan law does not allow City OF WARREN MI Property & Maintenance DIVISION employees, PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd ROBERT SCOTT), CITY OF WARREN MI Zoning DIVISION EMPLOYEES, CITY OF Warren Police EMPLOYEES DOES,  to enter private property to inspect vehicles VIN or to tow vehicles or to allow CALL, CONSPIRE WITH (D) SERVICE TOWING INC, (D) ABLE TOWING LLC owners, (D) HERTZ BROS or employees &/or management to tow vehicles off private property without court order or take personal property.

10) There was no "probable cause" as deFINED by the 4th Amendment of the United States Constitution, MICHIGAN CONSTITUTION Due Process Cl Art 1 Sec 17, Art 1, Sec 11 and no search warrant was issued. THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION IS applicable to the states via the 14th Amendment UNITED

STATES CONSTITUTION and no court order WAS ISSUED to tow 4 cars and take personal property, COURTS BEING CLOSED DUE TO COVID 19 PANDEMIC. THE 4th AMENDMENT TO THE UNITED STATES CONSTITUTION STATES:

"THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS ..."

16. City of Warren DOE EMPLOYEES, Mayor Fouts, City of Warren Property & Maintenance DIVISION, ROBERT SCOTT PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd., (D) DOE WARREN ZONING DIVISION EMPLOYEES, WARREN POLICE JOHN DOE EMPLOYEES know or should have known had they been properly trained "lack of training" that entering private property to tow $30000 blue book value vehicles was illegally and contrary to law, code, Michigan Constitution, Due Process Cl Art 1 Sec 17, Art 1, Sec 11

    United States Constitution 4,5,14TH and take CARS & personal property OFF PREMISES.

11) No warning was given that said vehicles were to be towed to (P)s' or court. Or take personal property off the 7568 Hudson Ave WARREN MI 48091 premises OR ADJACENT LOT AS GOVERNMENT OFFICES WERE CLOSED DUE TO COVID 19 PANDEMIC, HENCE NO LAWFUL COURT ORDER WAS ISSUED

12) Plaintiffs NELSON, THROWER aver that (D) JOHN DOE City of Warren Property and Maintenance DIVISION employees, (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) (D) JOHN DOE WARREN ZONING DIVISION, CITY OF WARREN MI JOHN DOE POLICE OFFICERS employees have a "special relationship" and entered into a 'conspiracy" with PRIVATE ENTITY (D) SERVICE TOWING INC., ABLE TOWING LLC (D) Hertz Bros. (D) EDWARD HERTZ, (D) DENNIS HERTZ, (D) BRUCE HERTZ, (D) SANDRA HERTZ to "tow cars off private property" in WARREN MICHIGAN to obtain Towing fees, storage fees DURING THE COVID 19 pandemic when courts were shut down and PLAINTIFFS "self-isolation" (P)s' were self-isolating" being "at risk category" generating cash for (D) SERVICE TOWING

INC., (D) ABLE TOWING LLC, (D) HERTZ BROS, EDWARD, BRUCE, DENNIS et al and take personal property off premises REWARDING SERVICE TOWING INC., (D) HERTZ BROS., FOR CITY OF WARREN TOWING CONTRACT.

13) (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION
SUPERVISOR ID'd). BEING AWARE THAT THE COURTS        WERE CLOSED
AND COVID 19 PANDEMIC WAS RAGING USED THE OPPORTUNITY TO TOW $30,000
USD BOOK VALUE CARS TO (D) HERTZ BROS., SERVICE TOWING INC., ABLE
TOWING LLC AND THAT (D) TOWING COMPANY, (D) HERTZ BROS., COULD INCUR
EXORBIDANT TOWING FEES, AND QUICKLY OBTAIN TITLE TO SAID VEHICLES
AND AUCTION SAME OFF FOR PERSONAL GAIN UNDER ALLEGED MICHIGAN LAW
BENEFITTING (Ds') SERVICE TOWING INC., ABLE TOWING LLC, HERTZ BROS., AND
CITY OF WARREN PROPERTY AND MAINTENANCE DIVISION DOE EMPLOYEES,
INCLUDING ID'D DOE ROBERT SCOTT SUPERVISOR, CITY OF WARREN ZONING
DIVISION EMPLOYEES, WARREN POLICE DEPARTMENT JOHN DOE EMPLOYEES

14) DEFENDANTS ROBERT SCOTT, DOES WERE ON THE PROWL FOR VEHICLES
THEY THOUGHT THEY COULD TOW "WITHOUT PROTEST" IN CONSPIRACY
WITH (D) SERVICE TOWING INC., (D) ABLE TOWING, (D) HERTZ BROS., ET AL.
DUE TO THE THEN RAGING COVID-19 PANDEMIC WHEN COURTS WERE
CLOSED

15)(P) THROWER, NELSON AVER THAT THERE WAS ABSOLUTELY NO LEGAL,
COMMON SENSE, PRACTICAL REASON FOR DEFENDANTS ROBERT SCOTT-
SUPERVISOR CITY OF WARREN PROPERTY AND MAINTENANCE DIVISION,
JOHN DOE CITY OF WARREN ZONING DIVISION EMPLOYEES, CITY OF WARREN
POLICE DEPARTMENT EMPLOYEES TO ENTER PRIVATE PROPERTY AND TOW
LEGALLY REGISTERED VEHICLES DURING THE COVID 19 PANDEMIC

16) Part of the conspiracy is for ID'D DOE ROBERT SCOTT SUPERVISOR CITY OF
WARREN PROPERTY AND MAINTENANCE DIVISION, JOHN DOE WARREN
PROPERTY AND MAINTENANCE employees, JOHN DOE CITY OF WARREN ZONING
DIVISION EMPLOYEES, JOHN DOE WARREN POLICE DEPARTMENT EMPLOYEES,
DOES, SERVICE TOWING INC DEFENDANTS EDWARD HERTZ, DENNIS HERTZ,
BRUCE HERTZ, SANDRA HERTZ WAS to falsify the address from which the cars are taken

to make it appear as if cars were towed in accordance with Michigan law AS ABANDONED VEHICLES when said cars were not towed in accordance with Michigan law AND NOT ABANDONED due to the falsified paperwork AT THE DIRECTION OR IN CONCERT WITH ROBERT SCOTT SUPERVISOR (JOHN DOE PROPERTY MAINTENANCE DIVISION, DOE CITY OF WARREN ZONING DIVISION SUPERVISOR AND/OR DOE LEGAL DIVISION SUPERVISOR FOR THE CITY OF WARREN MICHIGAN, WARREN POLICE DEPT JOHN DOES, (D) HERTZ BROS.

16) This FALSIFICATION of address, from correct address of 7568 Hudson Ave Warren MI 48091 AND THE ADJACENT LOT to incorrect address 7528 Hudson Ave Warren MI 48091 See Ex B: Michigan Department of State PETITION FOR HEARING ON ABANDONED VEHICLE caused (D) DEPARTMENT OF STATE to issue Ex B fraudulent paperwork as to where the vehicles were towed from, See Ex C pg. 1-4 (D) SERVICE TOWING INC., ABLE TOWING RECEIPTS showing same "falsified address".

(D) JOHN DOES WARREN PROPERTY AND MAINTENCNE, ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd), JOHN DOE CITY OF WARREN MI ZONING DIVISION, CITY OF WARREN POLICE DEPT JOHN DOE EMPLOYEES being aware of the fact and law MCL 257.252 ABANDONDED VEHICLE that they cannot enter private property to tow properly registered vehicles to ELIZABETH NELSON 7568 Hudson Ave Warren MI 48091 registration Ex D: 2009 Silverado VIN, Ex E MICHIGAN SECRETARY OF STATE RECEIPT FOR TAGS, PLATES

17) JOHN DOES  City of Warren Property & Maintenance DIVISION ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) City of Warren ZONING DEPT.,  DOE employees falsified the location of the (P) ELIZABETH NELSON 4 vehicles to aver that said vehicles were taken from 7528 Hudson Ave, Warren MI 48091, a house with a 15 ft front yard and whose residence stated the *supra* vehicles were never parked there and same was FALSIFIED on Ex C RECEIPT from (D) SERVICE TOWING INC pg. 1-4 showing the falsified address.

18) DOE WARREN POLICE DEFENDANTS should have reviewed said falsification being on the scene 5/1/20 when the 4 vehicles were towed and reviewed paperwork and should have informed (D) WARREN PROPERTY AND MAINTENANCE DIVISION DOES, ROBERT

SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) (D)
WARREN ZONING DIVISION DOES, DOE LEGAL DEPARTMENT FOR CITY OF
WARREN after running VIN #'s that said 4 vehicles were properly titled, had legitimate
MICHIGAN plates issued Ex D: REGISTRATION 2009 Silverado, Ex E showing owner (P)
ELIZABETH NELSON, a Michigan resident. DOE POLICE OFFICERS DOING THEIR
STATUTORY DUTY RUNNING THE VIN #'S BEFORE TOWING WOULD SHOW THE
OWNER PLAINTIFF NELSON AGE 51+ WOMAN THAT WOULD BE CONSIDERED "AT
RISK' DURING THE COVID 19 PANDEMIC

Indeed, per Ex B PETITION FOR HEARING ON ABANDONED VEHICLE pg. 2 MCL
257.252 same states "Before determining that vehicle ... is abandoned, the police check to see if
it is reported as stolen". It can be assumed per the FACTS that police did this per Ex B
"Complaint Number 20-18750" yet still allowed the 4 vehicles to be towed either by "failure to
train" or entering the conspiracy with (D) s' ABLE TOWING LLC, (D) SERVICE TOWING
INC., (D) HERTZ BROS, MAYOR JIM FOUTS, CITY OF WARREN, DOE WARREN
POLICE DEPT EMPLOYEES, DOE CITY OF WARREN PROPERTY & MAINTENANCE
DIVISION, DOE CITY OF WARREN ZONING DIVISION, ROBERT SCOTT (JOHN DOE
PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) to generate cash flow during
the COVID 19 crisis when court were shut down and citizens were scared.

17) Per FACTS *supra* and *infra* set out a claim of extortion under MICHIGAN law &/or Federal
law. 750.462f. ... blackmail or threat of financial harm; prohibition; ..."

"(1) A person shall not knowingly subject or attempt to subject another person to forced labor or
services by using blackmail, using or threatening to cause financial harm to, or exerting or
threatening to exert financial control over another person."

18) On or about 7/30/21 (P) THROWER attempted to make a police report with WARREN
POLICE DEPT. concerning the "falsification" of the address on paperwork where the 4
vehicles were towed from. DOE CITY OF WARREN MI police refused to file the police
report. During the course of the attempt to file a police report the DOE WARREN POLICE
officer ran the Complaint Number 20-18750 on Ex B PETITION FOR HEARING ON
ABANDONED VEHICLE and said same was COMPLAINT NUMBER that (P) avers
shows DOE WARREN POLICE WERE involved in the towing scheme entering the

9

conspiracy with SERVICE TOWING INC., ABLE TOWING LLC and (D) HERTZ BROS., DOE WARREN PROPERTY AND MAINTENANCE DIVISION, ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd), DOE DEFENDANTS CITY OF WARREN ZONING DIVISION, CITY OF WARREN, MAYOR FOUTS policy maker and or DOE POLICE MAKER due to "failure to train" & did not inform (D) CITY OF WARREN DOES PROPERTY AND MAINENANCE DIVISION, (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) WARREN ZONING DIVISION DEFENDANTS, JOHN DOE CITY OF WARREN POLICE OFFICERS that 4 vehicles were legitimately titled, had valid plates issues, registration Ex D, E and insured. (P)s' had a US Constitutional right to make a police report since physical paperwork shown to the DOE WARREN POLICE OFFICER exposed the address was falsified to fit the "statutory definition" of "abandoned vehicle" under Michigan law. One of the officers was going to file the police report but was overridden by another officer. (P)s' aver that since per the paperwork DOE WARREN POLICE engaged in the initial towing 5/1/20 that DOE WARREN POLICE supervisor did not want the report made. This is "failure to report a crime" 5/1/20 when initial cars were towed and again on or about 7/20/21 when the attempt to file the police report was made IN RE THE FALSIFICATION OF THE ADDRESS THE 4 VEHICLES WERE TOWED FROM.

19) (P) NELSON, (P) THROWER AVER THAT EVEN IF DOE POLICE OFFICERS HAD INFORMED DOE CITY OF WARREN ZONING DIVISION DEFENDANTS, DOE PROPERTY AND MAINTENANCE DIVISION (DS'), (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) THAT SAID DEFENDANTS DECIDED TO TOW THE 4 LEGITIMATELY TITLED VEHICLES ANYWAY W DEFENDANT HERTZ BROS.

20) DEFENDANTS took (P) NELSON vehicles, (P) THROWER personal property in violation of the 4th, 5TH, 14TH Amendment UNITED STATES CONSTITUTION, MICHIGAN CONSTITUTION Due Process Cl Art 1 Sec 17, Art 1, Sec 11

21) See *Monroe v. Pape*, 365 U.S. 167, 174-76 (1961). The Supreme Court has consistently held that non-state actors can, under certain circumstances, engage in conduct under "color of State law," and may be subject to liability under section 1983 where they "act jointly" or conspire with state government officials. See, e.g., *Brentwood Acad. v. Tenn. Secondary Sch.*

10

*Ath. Ass'n,* 531 U.S. 288, 296 (2001*); Tower v. Glover, 467 U.S. 914, 919 (1984); Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v. Price, 383 U.S. 787, 794 (1966)* (holding that, for purposes of finding liability under the criminal law analogue of section 1983, 18 U.S.C. § 242, private individuals acting jointly with state officers engage in conduct "under color" of state law). All private defendants ABLE TOWING LLC, SERVICE TOWING INC., owners (D) EDWARD Hertz, DENNIS HERTZ. BRUCE HERTZ, SANDRA HERTZ and their JOHN DOE employees VIA AGENCY LAW "act jointly" and / or "conspire with state government officials" *Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra* with City of Warren MI Property & Maintenance DIVISION, (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) DOE ZONING DIVISION. (DS') CITY OF Warren Police DOES, ALL ACTING IN THEIR 'INDIVIDUAL CAPACITIES" at all times per the facts of this complaint

24) A conversation between (P) THROWER with residents at 7528 Hudson Ave address falsified on the paperwork to tow the 4 vehicles, had no knowledge of the vehicles towed or the facts stated herein THEIR FRONT YARD BEING ONLY 15 FT BEFORE HOUSE FROM THE SIDEWALK AND NO SIDE LOT

25) Per FACTS *supra*, address ON THE PAPERWORK was falsified to give the "air of legitimacy" as an "abandoned vehicle" per Michigan Code MCL 257.252 when in fact said vehicles were towed off private property, vehicles registered to address where vehicles parked, had current license plates and registration, towed from behind a fence 7568 Hudson Ave Warren MI 48091 and the adjacent vacant lot owned by the same entity that (P) had permission and legal authority to park and taking (P) THROWER "personal property" off premises at the same time.

26) Per PETITION FOR HEARING ON ABANDONED VEHICLE issued to (P) Ex B owner of vehicles giving timeline when WARREN COURTS were closed due to COVID-19, by (D) MICHIGAN DEPARTMENT OF STATE

27) (P) NELSON AND THROWER EVER THAT SINCE THE COURTS WERE CLOSED DUE TO COVID 19 THAT SAID PLAINTIFFS COULD NOT AVAIL THEMSELVES OF THE STATE COURT PROCESS

28) (P) avers that alleged Petition for hearing on abandoned Vehicle Ex B is void, *void ab initio* since caused to issue via falsified paperwork, falsified address committing a crime

under Michigan law and there is no mandate that (P) exhaust state remedies from a court closed due to COVID-19 to obtain redress in federal court.

29) Said address was "falsified" as 7528 Hudson Ave to submit paperwork to (D) Michigan Department of State who then was caused to issue false Ex B PETITION FOR HEARING ON ABANDONED VEHICLE when said vehicles were NOT ABANDONED UNDER MICHIGAN LAW.

30)  Michigan Code definition of Abandoned Vehicle: Ex B pg. 2

"MICHIGAN VEHICLE CODE   Act 300 of 1949

257.252a Abandoned vehicle; presumption of responsibility; violation; penalty; "abandoned vehicle" defined; notice; duties of police agency; contest by owner; hearing; request; fee; towing and storage charges; secured party; obtaining release of vehicle; inspection; public sale; inability to determine ownership of abandoned vehicle; entry into law enforcement information network.

Sec. 252a.      (1) A person shall not abandon a vehicle in this state. It is presumed that the last titled owner of the vehicle is responsible for abandoning the vehicle unless the person provides a record of the sale as that term is defined in section 240. A person who violates this subsection and who fails to redeem the vehicle before disposition of the vehicle under section 252g is responsible for a civil infraction and shall be ordered to pay a civil fine of $50.00.

 (2) *As used in this section and sections 252b through 252l, "abandoned vehicle" means any of the following:*

 *(a) A vehicle that has remained on private property without the consent of the owner.*

 *(b) A vehicle that has remained on public property for a period of not less than 48 hours, or on a state trunk line highway as described in section 1 of 1951 PA 51, MCL 247.651, as follows..."*
 *18 USC 873*

"The statute prohibits a person (1) from obtaining someone else's property or "an official act of a public officer;" (2) by wrongfully using force against the person, instilling fear of harm in the person, or acting "under color of official right."".

31) It can be assumed that 5/1/20 DOE WARREN POLICE OFFICERS ran Vin #'s and determined that MICHIGAN resident (P) ELIZABETH NELSON was the owner and

should have followed the law and told DOE WARREN PROPERTY AND MAINTENANCE DIVISION  EMPLOYEES, SUPERVISOR ROBERT SCOTT, CITY OF WARREN ZONING DIVISION DOES,  that cars could not be lawfully removed Ex D, E REGISTRATION and purchase of plates from Michigan Secretary of State. HAD THEY BEEN PROPERLY TRAINED

32) Doe WARREN POLICE OFFICERS, DOE City of Warren employees INCLUDING DOE ZONING DIVISION, DOES EMPLOYEES OF WARREN PROPERTY AND MAINTENANCE DIVISION, (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) and DOE (D) SERVICE TOWING INC., ABLE TOWING LLC  ON LOCATION DEFENDANTS EDWARD HERTZ, BRUCE HERTZ, DENNIS HERTZ & DOE agents did not wear gloves or mask when entering vehicles AND/OR towing CARS and forcing (P NELSON) & (P THROWER) to sanitize same exposing (P NELSON), (P) THROWER to POSSIBLE COVID 19 viruses

33) (P) NESLON a cancer survivor was SELF ISOLATING in OHIO a "low covid 19" state at the time of the 5/1/20 towing

34) (P) Dr told (P) ELIZABETH NELSON "do not come to MI", a high COVID state because of COVID 19 saying that saMe was "going crazy in Michigan BECAUSE OF COVID 19". ELIZABETH NELSON PLACED IN A HIGHER RISK SITUATION per the facts-being forced to travel to WARREN MICHIGAN, coming out of self-isolation in OHIO per her Doctor's orders AND HER LIFE WAS PLACED IN JEOPARDY HAVING TO TRAVEL FROM OHIO A THEN, LOW RISK STATE, TO MICHIGAN, A THEN HIGH RISK STATE FROM COVID 19 TO RETRIEVE HER WRONGFULLY TOWED VEHICLES ENDANGERING HER LIFE

35) CITY OF WARREN MICHIGAN WEBSITE STATES IN RE COVID 19 "THE HEALTH AND SAFETY OF OUR RESIDENTS IS OUR PRIORITY. IT IS OF UTMOST IMPORTANCE TO US THAT WE KEEP OUR RESIDENTS INFORMED AND CONTINUE TO CONDUCT CITY BUSINESS DURING THESE UNPRECEDENTED TIMES.
PLEASE VISIT THE CITY OF WARREN COVID-19 PAGE FOR INFORMATION AND RESOURCES." *EMPHASIS THEIRS*

36) (P) NESLON/THROWER wERE forced to drive from OH to MI to retrieve cars incurring expenses

37) (P) NELSON contacted (P) THROWER who was getting treated 5 days a week @ CLEVELAND METROHEALTH for cancer with radiation to accompany her from OH to MI Saturday 5/2/20 to retrieve vehicles incurring expenses and exposing (P) THROWER to COVID 19 who at the time was "self-isolating".

38) BECAUSE OF THE ACTIONS OF THE DEFENDANTS SET FORTH *SUPRA*, (P) NELSON, (P) THROWER LIVES WERE ENDANGERED BY STATE ACTORS DOES BY FORCING (PS') TO TRAVEL FROM A LOW COVID 19 RISK STATE TO A HIGH COVID 19 RISK STATE TO ASSIST RETRIEVING (P) NELSON VEHICLES, TO ENTER SERVICE TOWING INC., 6 FT x 6 FT CUSTOMER AREA OFFICE AND INTERACT WITH (D) SERVICE TOWING INC. EMPLOYEES, AND ENTER VEHICLES TO DRIVE BACK TO 7568 HUDSON AVE WARREN MI 48091, EXPOSING PLAINTIFFS TO COVID 19

39) (D) Service Towing Inc, (D) ABLE TOWING LLC, (D) HERTZ BROS. had a 6 in x 4 inch sign on their door window "only 1 person in the office at a time" but (D) SERVICE TOWING INC, ABLE TOWING LLC, (D) HERTZ Bros or their DOE employees were not enforcing the sign and allowing anyone to come into the 7 ft x 7 ft waiting room. When (P) THROWER was retrieving vehicles there being 2 people in 7 ft x 7 ft area exposing (P) THROWER to INCREASED RISK TO EXPOSURE TO COVID 19, ENDANGERING THE LIFE OF HIGH RISK (P) ALBERT THROWER WITH "STATE CREATED RISK" DUE TO ILLEGAL CAR TOWING CONSPIRACY.

40) (D) SERVICE TOWING Inc., (D) ABLE TOWING LLC, (D) OWNERS Hertz Brothers knew or should have known that their actions were illegal, I.E., taking cars off private property even if directed by WARREN Maintenance DIVISION employees, (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) DOE WARREN ZONING DIVISION EMPLOYEES &/or Warren DOE police OFFICERS that knew or should have known that their actions were illegal and in violation of the Michigan and United States Constitution i.e., entering private property to tow vehicles without court order &/OR determining that same were not stolen but same were seeing $30G book value cars, tow fees, storage fees, sell cars cash during COVID 19 pandemic, WHEN WARREN COURTS WERE CLOSED

41) (D) MICHIGAN DEPARTMENT OF STATE Lansing Mi issued an "abandoned vehicle" letter based on false address, false allegations by DOE CITY OF WARREN Maintenance DIVISION employees, ROBERT SCOTT, ID DOE PROPERTY AND MAINTENANCE SUPERVISOR, DOE CITY OF WARREN ZONING DIVISION, DOE EMPLOYEE CITY OF WARREN LEGAL DIVISION EMPLOYEES and DOE Warren Police Dept EMPLOYEES, that said vehicles fit the definition of MI ABANDONED VEHICLE when same did not fit the definition Ex B pg. 1-2 letter containing "falsified address".

42) 5/1/20 under the allegation of "cleaning up the property" @ 7568 Hudson Ave Warren (P) THROWER bumper wrap 200 DODGE Intrepid SELLING ON EBAY, Drainage System Attached to house, cans to be recycled since recycle centers closed due to Covid 19, four 4 x 4 x 8 LUMBER, grill.  and by (D) DOE WARREN PROPERTY AND MAINTENCE DIVISION (D)s' ZONING DIVISION, DOE WARREN POLICE OFFICERS,  (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION  SUPERVISOR ID'd) See Ex F

CLAIMS

Per the facts *supra* same as if rewritten herein the (D) violated the (P)'s:

43) First Claim 42 U.S.C. § 1983--Against All Defendants 4,5,14 AMENDMENT VIOLATION UNITED STATES CONSTITUTIUON AND MICHIGAN CONSTITUTION,  Due Process Cl Art 1 Sec 17, Art 1, Sec 11


44) Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

45) Defendants at all times relevant to this action were acting under color of state law.

46) Defendants Service Towing Inc., Hertz Bros, 4 John Doe Service Towing employees, DOE Building and Maintenance DIVISION employees, Warren POLICE DEPARTMENT OFFICERS DOES, WARREN ZONING DIVISION EMPLOYEES DOES, ROBERT SCOTT, SUPERVISOR PROPERTY AND MAINTENANCE DIVISION, CITY OF WARREN DOE POLICE OFFICERS, CITY OF WARREN DOE LEGAL DIVISION unlawfully deprived Plaintiff ELIZABETH NELSON of her 4 VEHICLES, AND (P) THROWER OF PERSONAL property without due process of law in violation of the FOURTH,  FIFTH, Fourteenth Amendment to the Constitution of the

United States and MICHIGAN CONSTITUTION DUE PROCESS CLAUSE. Due
Process Cl Art 1 Sec 17, Art 1, Sec 11

47) Defendants SERVICE TOWING INC, 4 SERVICE TOWING INC. John Does, EDWARD
HERTZ, DENNIS HERTZ, BRUCE HERTZ, SANDRA HERTZ, DOE Warren Property
Maintenance DIVISION employees, (D) ROBERT SCOTT SUPERVISOR PROPERTY
MAINTENANCE DIVISION, (D) DOE CITY OF WARREN ZONING DIVISION
EMPLOYEES, DOE CITY OF WARREN POLICE OFFICERS, DOE LEGAL DIVISION OF
CITY OF WARREN MI made an unreasonable and warrantless seizure of Plaintiff's
NELSON/THROWER property, SEIZING 4 vehicles, PERSONAL PROPERTY in violation of
the Fourth Amendment to the Constitution of the United States, as incorporated and applied to
the states by way of the Fourteenth Amendment to the Constitution of the United States AND
MICHIGAN CONSTITUTION.

48. At all times relevant hereto, Defendant DOES, CITY OF WARREN MI DOE POLICE
OFFICERS, CITY OF WARREN MI PROPERTY AND MAINTENCE DIVISION, CITY OF
WARREN MICHIGAN ZONING DIVISION DOES, CITY OF WARREN MI PROPERTY
AND MAINTENANCE DIVISION SUPERVISOR ROBERT SCOTT, DOE CITY OF
WARREN MI LEGAL DIVISION acted pursuant to a policy or custom of Defendant CITY OF
WARREN, MAYOR FOUTS, CITY OF WARREN POLICYMAKER of assisting SERVIVE
TOWING INC. in depriving VEHICLE OWNERS of personal property without court order and
without providing an opportunity for the OWNER to be heard. ACTING IN THEIR
INDIVIDUAL CAPACITIES IN A CONSPIRACY &/OR IN CONCERT WITH PRIVATE
PARTIES HERTZ BROS. DEFENDANTS

49. Defendant CITY OF WARREN MICHIGAN failed to adopt clear policies and failed to
properly train its CITY OF WARREN MI PROPERTY AND MAINTENANCE DIVISION
EMPLOYEES, ZONING DIVISION EMPLOYEES, POLICE EMPLOYEES as to the proper
role of officers in private disputes such as REMOVING LEGITIMATELY TITLED VEHICLES
FROM PRIVATE PROPERTY DURING COVID 19 EMERGENCY WHEN THE WARREN
COURTS WERE CLOSED.

50. Defendant CITY OF WARREN's policy or custom, and its failure to adopt clear policies
and failure to properly train its(D) PROPERTY AND MAINTENANCE DIVISION

EMPLOYEES, (D) ROBERT SCOTT PROPERTY AND MAINTENANCE DIVISION
SUPERVISOR, (D) CITY OF WARREN MI ZONING DIVISION EMPLOYEES, CITY OF
WARREN POLICE OFFICER DOE EMPLOYEES, CITY OF WARREN LEGAL
DIVISION DOE EMPLOYEES were a direct and proximate cause of the UNITED STATES
constitutional deprivation 4, 5, 14TH AMENDMENT suffered by Plaintiff NELSON,
THROWER & MICHIGAN CONSTITUTION Due Process Cl Art 1 Sec 17, Art 1, Sec 11

.

Second Claim

B) Conversion--Against Defendants SERVICE TOWING INC, ABLE TOWING LLC,
EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ, SANDRA HERTZ, agent John DOES,
ROBERT SCOTT, DOE CITY OF WARREN POLICE OFFICERS, CITY OF WARREN
ZONING DIVISION DOE EMPLOYEES FOR TAKING 4 VEHICLES OFF PRIVATE
PROPERTY AND TAKING PERSONAL PROPERTY FROM (P)

51. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

52. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of his rightful
possession of the 4 vehicles. AND PERSONAL PROPERTY

53. At all times relevant hereto, these Defendants acted with malice, recklessness and total and
deliberate disregard for the personal rights of Plaintiff.

54. Defendant taking the 4 vehicles was a breach of the peace in violation of [state codification
of U.C.C. § 9-609].

55. Defendant DOE's actions were the proximate cause of the damages alleged by Plaintiff in the
preceding paragraphs.

THIRD CLAIM

56. PER FACTS SAME AS IF REWRITTEN HEREIN, (Ds') taking (P) NELSON vehicles
forced (P) NELSON, (P) THROWER an "at risk personS" to come into HIGH COVID 19
STATE AND EXIT "SELF ISOLATION" to retrieve vehicles ENDANGERED (P) NELSON
AND (P) THROWER & further violates 42 USC Sec 1983

"A plaintiff can only invoke federal court jurisdiction if he or she has suffered
"some *threatened* or actual injury resulting from the putatively illegal action." *Linda R.S. v.
Richard D.,* 410 U.S. 614, 617, 93 S. Ct. 1146, 1148, 35 L. Ed. 2d 536 (1973) (emphasis added).

(D)s' SERVICE TOWING INC., ABLE TOWING LLC, HERTZ BROS, (D) DOE TOWING EMPLOYEES, (D) DOE CITY OF WARREN EMPLOYEES, ROBERT SCOTT, DOE WARREN POLICE OFFICERS, WARREN ZONING DIVISION DOES completely ignored state and federal emergency due to COVID 19 and used EMERGENCY to tow vehicles from private property for monetary gain without court order WITH "THREATENED ..INJURY RESULTING FROM PUTATIVELY ILLEGAL ACTION" *Linda RS Id.,*

57. ISSUE AN ORDER DEFENDANTS PER FACTS VIOLATED 750.413 Motor vehicle; taking possession and driving away. **Per the facts the (D)'s violated Michigan state laws of trespass, conversion, extortion as defined in 750.213 Malicious threats to extort money. Sec. 213.** "Malicious threats to extort money—Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication *maliciously threaten any injury to the person or property* or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony,..."

**750.414 Motor vehicle; use without authority but without intent to steal.**

"Taking a motor vehicle without the owner's permission even if it is not your intent to steal the vehicle is a high court misdemeanor offense often referred to as joyriding. Under Michigan law, any individual who is even a party to driving or taking a motor vehicle without the permission of the owner may be prosecuted. Unlike the unlawful driving away of an automobile, intent to steal is not an element that must be proven by prosecutors in order to prove guilt in a joyriding case. Auto theft or taking possession and driving away a vehicle with the intention to deprive the owner of his or her property, is a felony offense..." **Related Crimes: Larceny; property; penalties; total value of property stolen; Larceny; motor vehicles or trailers; aggregate value.**

58) Per Ex C pg. 1-4 receipt to return vehicles state of Michigan $40 per vehicle = $160, City Fee $50 per vehicle = $200, these entities are sued in official capacity and for declaratory judgment to remit these monies to (P) ELIZABETH NELSON

**Prayer for Relief**

Per facts *supra* same as if rewritten herein the PLAINTIFFS ASK FOR AN ORDER (Ds')
violated the (P) ELIZABETH NELSON, (P) THROWER United States Constitutional rights of:

**I. Due Process:** The due process clause of the Fourteenth Amendment ensures that no party will
be deprived of property without notice and an opportunity to be heard at a meaningful time and
in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d
556 (1971); *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62
(1965). The Fourteenth Amendment protection of property has been broadly extended to "any
significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L.
Ed. 2d 113 (1971). It is undisputed that the uninterrupted use of one's vehicle is a substantial
property interest, and that before the "local government may so interrupt its use, the owner is
entitled to due process." *Graff v. Nicholl,* 370 F. Supp. 974, 981 (N.D.Ill.1974); *see also Bell v.
Burson,* 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971);

Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON &
(P) THROWER

**II. US Constitution** *Fourth Amendment rights applicable to (P)'s via the 14th Amendment US
Constitution*

Plaintiffs NELSON, THROWER allege that the taking of 4 vehicles off private property
PROPERLY REGISTERED, TITLED, PLATES ISSUED, INSURED without notice, when
courts were closed due to Covid 19, without court order is an improper seizure & taking personal
property from behind house stated *supra* of (P) THROWER prohibited by the Fourth
Amendment. The goals of the Fourth Amendment include the protection of privacy against
arbitrary invasion ... *United States v. Ortiz,* 422 U.S. 891, 95 S. Ct. 2585, 45 L. Ed. 2d 623
(1975); *Chimel v. California,* 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969); *Berger v.
State of New York,* 388 U.S. 41, 87 S. Ct. 1873, 18 L. Ed. 2d 1040 (1967). This much was made
clear in *Jacobsen, supra,* where we explained that the first clause of the Fourth Amendment

"Protects two types of expectations, one involving `searches,' the other `seizures.' A `search'
occurs when an expectation of privacy that society is prepared to consider reasonable is
infringed. A `seizure' of property occurs where there is some meaningful interference with
an individual's possessory interests in that property." 466 U. S., at 113.

See also *id.*, at 120; *Horton* v. *California*, <u>496 U.S. 128</u>, 133 (1990); *Arizona* v. *Hicks*, <u>480 U.S. 321</u>, 328 (1987); *Maryland* v. *Macon*, <u>472 U.S. 463</u>, 469 (1985); *Texas* v.*Brown*, <u>460 U.S. 730</u>, 747-748 (1983) (Stevens, J., concurring in judgment); *United States* v. *Salvucci*, <u>448 U.S. 83</u>, 91, n. 6 (1980). THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION IS APPLICABLE TO THE PLAINTIFFS VIA THE 14th AMENDMENTS DUE PROCESS CLAUSE

59) Per facts *supra* same as if rewritten herein ISSUE AND ORDER THAT the (D)'s violated the (P) ELIZABETH NELSON, (P) THROWER United States Constitutional RIGHTS TO DUE PROCESS and/or EQUAL PROTECTIONS OF THE LAWS 4,5,14TH AMENDMENT AND VIOLATIONS OF THE MICHIGAN CONSTITUTION Due Process Cl Art 1 Sec 17, Art 1, Sec 11.

WHEN per facts when Warren Courts were closed due to COVID 19, AND THERE WAS A PANDEMIC EMERGENCY the taking of the (P) NELSON 4 vehicles, THROWER PERSONAL PROPERTY and forcing (P) NELSON & (P) THROWER TO END SELF ISOLATION travel from THEN low covid state OHIO to high covid state MICHIGAN against Dr orders, PLAINTIFFS being defined as an "at risk individual" self-quarantining" in OHIO exposing PLAINTIFFS TO A higher incident/ RISK OF COVID 19 when 4 vehicles were titled, registered, plated, insured to the address on her driver's license is "outrageous conduct" by private towing company (D) Able Towing LLC, (D) Service Towing Inc, (D) EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ, SANDRA HERTZ acting in concert &/or conspiracy with JOHN DOES, ROBERT SCOTT SUPERVISOR CITY OF WARREN PROPERTY AND MAINTENANCE DIVISION, DOE City of Warren Property and Maintenance employees, City of Warren Zoning DIVISION John Does, City of Warren Police JOHN DOES, CITY OF WARREN DOE LEGAL DIVISION breaking numerous Michigan laws including falsifying address on paperwork for the location 4 vehicles towed from to meet MICHIGAN VEHICLE CODE Act 300 of 1949 257.252a Abandoned vehicle; violates the Due Process Clause and Equal Protection Clause of the 5 Amendment applicable to (P) via the 14th Amendment US Constitution

"SECTION 1983 IMPOSES CIVIL LIABILITY ON A PERSON ACTING UNDER COLOR OF STATE LAW WHO DEPRIVES ANOTHER OF THE 'RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS.'" *KALLSTROM V. CITY OF COLUMBUS*, 136 F.3D 1055, 1060 (6TH CIR. 1998) (QUOTING 42 U.S.C. § 1983). "[W]HILE THE STATE GENERALLY DOES NOT SHOULDER AN AFFIRMATIVE DUTY TO PROTECT ITS CITIZENS FROM PRIVATE ACTS OF VIOLENCE, IT MAY NOT CAUSE OR GREATLY INCREASE THE RISK OF HARM TO ITS CITIZENS WITHOUT DUE PROCESS OF LAW THROUGH ITS OWN AFFIRMATIVE ACTS." ID. AT 1066. (P) NELSON, (P) THROWER CLAIMS THAT JOHN DOE WARREN PROPERTY AND MAINTENANCE DIVISION EMPLOYEES, ROBERT SCOTT WARREN MI PROPERTY AND MAINTENANCE DIVISION SUPERVISOR, CITY OF WARREN DOE ZONING EMPLOYEES, DOE CITY OF WARREN MI POLICE OFFICERS ACTIONS WERE LIABLE FOR PLAINTIFFS INCREASED "STATE CREATED DANGER" THEORY OF LIABILITY. "LIABILITY UNDER THE STATE-CREATED-DANGER THEORY IS PREDICATED UPON AFFIRMATIVE ACTS BY THE STATE WHICH EITHER CREATE OR INCREASE THE RISK THAT AN INDIVIDUAL WILL BE EXPOSED TO PRIVATE ACTS OF (DANGER)." ID. TO BRING A 'STATE CREATED DANGER' CLAIM, THE INDIVIDUAL MUST SHOW: '(1) AN AFFIRMATIVE ACT BY THE STATE WHICH EITHER CREATED OR INCREASED THE RISK THAT THE [PLAINTIFFS] WOULD BE EXPOSED TO AN ACT OF VIOLENCE BY A THIRD PARTY; (2) A SPECIAL DANGER TO THE [PLAINTIFFS] WHEREIN THE STATE'S ACTIONS PLACED THE [PLAINTIFSS] SPECIFICALLY AT RISK, AS DISTINGUISHED FROM A RISK THAT AFFECTS THE PUBLIC AT LARGE; AND (3) THE STATE KNEW OR SHOULD HAVE KNOWN THAT ITS ACTIONS SPECIFICALLY ENDANGERED THE [PLAINTIFFS].' JONES V. REYNOLDS, 438 F.3D 685, 690 (6TH CIR. 2006) (QUOTING CARTWRIGHT V. CITY OF MARINE CITY, 336 F.3D 487, 493 (6TH CIR. 2003)).

POE V. HAYDON, 853 F.2D 418, 423 (6TH CIR. 1988) (CITING HARLOW, 457 U.S. AT 818). IN KALLSTROM, THIS COURT STATED THAT "AN INDIVIDUAL'S 'INTEREST IN PRESERVING HER LIFE IS ONE OF CONSTITUTIONAL DIMENSION.'" KALLSTROM, 136 F.3D AT 1063 (QUOTING NISHIYAMA V. DICKSON CTY., 814 F.2D 277, 280 (6TH CIR. 1987)).

IV. Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON, (P) ALBERT THROWER United States Constitutional RIGHTS TO DUE PROCESS and/or EQUAL PROTECTIONS OF THE LAWS when per para 21 supra:

"On or about 7/30/21 (P) NELSON, THROWER attempted to make a police report with WARREN POLICE DEPT. concerning the "falsification" of the address on the paperwork where the 4 vehicles were towed from. DOE WARREN police OFFICER refused to file the police report. During the course of the attempt to file a police report the WARREN POLICE officer ran the Complaint Number 20-18750 on Ex B PETITION FOR HEARING ON ABANDONED VEHICLE and said same was A WARREN POLICE COMPLAINT NUMBER that (P) avers shows DOE WARREN POLICE OFFICERS were involved in the towing scheme entering the conspiracy with (Ds') SERVICE TOWING INC., ABLE TOWING LLC and (D) HERTZ BROS. and or due to "failure to train" did not inform (D) WARREN DOES PROPERTY AND MAINENANCE, WARREN ZONING DEFENDANTS, JOHN DOE CITY OF WARREN POLICE OFFICERS that the 4 vehicles were legitimately titled, had valid plates issues, registration Ex D 2009 SILIVERADO REGISTRATION and insured."

(P)s' had a US Constitutional right to make a police report since physical paperwork shown to DOE WARREN POLICE OFFICERS exposed the address was falsified to fit the "statutory definition" of "abandoned vehicle" under Michigan law. One of the officers was going to file the police report but was overridden by another officer. (P)s' aver that since per the paperwork DOE WARREN POLICE engaged in the initial towing 5/1/20 that DOE WARREN POLICE supervisor did not want the report made. This is "failure to report a crime" 5/1/20 when initial cars were towed and again on or about 7/20/21 when the attempt to file the police report was made.

V. Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON, (P) ALBERT THROWER Michigan state law including but not limited to:

 With regard to the government / private defendants, the plaintiff asserts a conversion, extortion, theft of vehicle, misprison of felony, failure to report a crime, trespassing, breach of the peace claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the (P)'s will have to exercise judgment about how many state claims to include.

A. On his first claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants.

B. On his second claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, against Defendants Service Towing Inc., Able Towing DOE employees of Service Towing Inc. EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ, SANDRA HERTZ, CITY OF WARREN MI PROPERTY AND MAINTENCE DIVISION DOES, ROBERT SCOTT, ID'd SUPERVISOR WARREN PROPERTY AND MAINTENANCE DIVISION, CITY OF WARREN MI ZONING DIVISION, CITY OF WARREN MI LEGAL DIVISION CITY OF WARREN MI John DOES Police Officers, CITY OF WARREN MI

C. On his third claim, a judgment for compensatory damages, with a minimum amount pursuant to MICHIGAN codification

(P) NELSON, THROWER sue all Defendants jointly and severally

D. Refund all towing fees plus interest

E. All expenses travelling from OHIO to MICHIGAN to retrieve vehicles

F. Covid 19 cleaning fee to sanitize 4 VEHICLES

G. All filing fees, postage, expenses, attorneys' fees associated with action *sub judice*.

D. A jury trial on all appropriate issues.

60) E. CERTIFY SAME AS A CLASS ACTION and examine all vehicles towed during the WARREN COURT COVID 19 SHUT DOWN by (D) SERVICE TOWING INC., ABLE TOWING LLC, JOHN DOE WARREN PROPERTY AND MAINTENCE DIVISION (D) ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION SUPERVISOR ID'd) JOHN DOES City of Warren Zoning DIVISION EMPLOYEES,

DOE WARREN POLICE DEPT EMPLOYEES et al., if (P) files a separate motion being represented by counsel.

G. An award of costs and expenses against the Defendants jointly and severally

H. Any and all other relief this Court may deem appropriate

TOTAL AMOUNT DEMANDED $50,000,000 USD

Plaintiff ELIZABETH NELSON pro'se

ALBERT THROWER PLAINTIFF pro'se

23



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Nelson
PO Box 1422
WARREN MI 48090                                    Case No. 2:22-cv-10918

ALBERT THROWER
PO BOX 602637
CLEVELAND, OH 44102

                                                   Judge: MATTHEW LEITMAN

        Plaintiffs(s)
-vs-                                               Magistrate: Anthony P. Patti

SERVICE TOWING INC
Et al.,


   AFFIDAVIT IN SUPPORT OF DISCOVERY FED. RULE CIVIL PROCEDURE 56(d)

Now comes the plaintiffs and "file an affidavit with the [c]ourt pursuant to Rule 56(d)"
describing in detail what discovery is needed and why."

   Fed.R.Civ.P. Rule 26 permits discovery of matters "relevant to the subject matter involved in
the pending action ...".  In the discovery stage, relevance  is construed broadly to encompass any
matter that bears on, or that reasonably could lead to other matter that could bear on, any issue
that is or may be in the case" *Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351

any issue that may or may not be allowed

1)  Plaintiffs (Ps') need to identify JOHN DOES involved in this action.
2)  Police Officers were identified as JOHN DOES. There was a complaint filed
3)  CITY OF WARREN police were summoned to 7568 Hudson Ave Warren Mi 48091 to tow
    vehicles annexed to complaint as Ex A picture dated 5/1/20
4)  A photo of 2 vehicles before they were towed shows they were on the 7568 Hudson Ave
    Warren MI 48091 "5/1/20"-annexed to complaint Ex A

5) Plaintiffs need DISCOVERY to see who took 5/1/20 photo and who PHOTO was showed to ascertain liable parties

6) Affiants aver that JOHN DOES from the City of Warren Zoning DIVISION were involved in the meeting on the property and the towing of the vehicles as set forth in the complaint same as if rewritten herein.

7) Plaintiffs went to the WARREN POLICE Department on or about 8/1/21 and attempted to file a complaint in re the wrong address placed on the paperwork when towing the vehicles

8) Ps' need all City of Warren employees, that were involved in the 5/1/20 towing of the 4 vehicles as alleged in the complaint and all paperwork and photos in re same.

9) Plaintiffs need DISCOVERY to see which towing drivers were involved in towing vehicles from SERVICE TOWING INC

10) Other relevant matters that support the plaintiffs complaint

28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury

Executed in the United States: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 6/29/2022

Affiant  Albert Thrower pro'se

Affiant Elizabeth Nelson   pro'se

CERTIFICATE OF SERVICE

A copy of the above motion will be served on all defendants when service is perfected

Respectfully submitted,

Elizabeth Nelson pro'se

Albert Thrower pro'se