UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

        Plaintiffs,

v.

SERVICE TOWING INC., *et al.*,

        Defendants.
_____/

Case No. 2:22-cv-10918
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF No. 10), DENYING PLANTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 25) AND PLAINTIFF NELSON'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (ECF No. 27), AND STRIKING ECF Nos. 11 and 28; MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANT MICHIGAN DEPARTMENT OF STATE'S MOTION TO DISMISS (ECF No. 21), THE MOTION TO DISMISS FILED BY DEFENDANTS THE CITY OF WARREN, FOUTS, CUMMINS, GHANAM, SCOTT, AND DWYER (ECF No. 23), AND THE MOTION TO DISMISS FILED BY DEFENDANTS GAUSS, MICHAELS, REICHLING, AND DWYER (ECF No. 38)</u>**

**I.    SUMMARY OF NON-DISPOSITIVE ORDERS**: Plaintiffs' motion for leave to file a second amended complaint (ECF No. 10) is **DENIED AS MOOT**. Further, the Court **DENIES** Plaintiff's motion for entry of default judgment (ECF No. 25), and Plaintiff Nelson's motion for leave to file a third amended complaint (ECF No. 27).

## II.     RECOMMENDATION ON DISPOSITIVE MOTIONS

As a result of the above-summarized orders, the Court should **DENY WITHOUT PREJUDICE** Defendant Michigan Department of State's motion to dismiss (ECF No. 21), the motion to dismiss filed by Defendants the City of Warren, James Fouts, James Cummins, Gus Ghanam,[1] Robert Scott, and William Dwyer (ECF No. 23), and the motion to dismiss filed by Defendants Curtis Gauss, Mary Michaels, William Reichling, and William Dwyer[2] (ECF No. 38). Additionally, for reasons that will be discussed in greater detail below, the following Defendants identified for the first time in the proposed second and third amended complaints (ECF Nos. 11, 28) should be **TERMINATED**: Curtis Gauss, James Cummins; Gus Ghanam; William Reichling; William Dwyer; and Mary Michaels.

---

[1] Defendant Ghanam's name appears to be misspelled on the docket as Graham. The spelling Ghanam will be used throughout this report.

[2] Defendants provide the following explanation for Defendant Dwyer's appearance in both motions to dismiss: "Plaintiff named John Doe Warren Police Chief in the Second Amended Complaint.  The City of Warren Police Department's equivalent to a police chief is the Police Commissioner.  The City of Warren's Police Commissioner is William Dwyer.  As such, and for efficiency, counsel for Defendants included William Dwyer in its original Motion to Dismiss (ECF No. 23)."  (ECF No. 38, PageID.384 n.1.)

### III. REPORT

#### A. Factual and Procedural Background

Proceeding *in pro per*, Plaintiffs Elizabeth Nelson and "John Doe" filed this lawsuit on April 29, 2022, under 42 U.S.C. § 1983, asserting constitutional and state law claims arising from the alleged illegal towing of four vehicles against: Service Towing Inc.; Able Towing LLC; Edward D. Hertz; Dennis Hertz; Bruce Hertz; Sandra A. Hertz; three John Doe truck drivers; three John Doe City of Warren property and maintenance employees; two City of Warren zoning department employees; three John Does; four John Doe Warren Police Department policemen; the City of Warren; the John Doe Warren Chief of Police; Mayor James Fouts; and the Michigan Department of State. (ECF No. 1.) Curiously, the complaint states that the second Plaintiff had yet to be identified (ECF No. 1, PageID.3, ¶ 9), but was signed by both Plaintiff Nelson and "John Doe" (ECF No. 1, PageID.16).

On June 29, 2022, the newly identified John Doe Plaintiff, Albert Thrower, and Plaintiff Nelson (collectively Plaintiffs) filed a motion to file a first amended complaint (ECF No. 5) and proposed amended complaint (ECF No. 6), which identifies Thrower as the second Plaintiff and Robert Scott as one of the John Doe City of Warren property and maintenance employees (ECF No. 5, PageID.42; ECF No. 6, PageID.45-46). The Court subsequently granted the motion (ECF No. 8),

3

and the first amended complaint (FAC) at ECF No. 6 became and remains the operative pleading in the case. Judge Leitman then referred the case to me for all pretrial matters. (ECF No. 9.)

On July 22, 2022, Plaintiffs filed – and both signed – a motion for leave to file a second amended complaint (ECF No. 10) and proposed second amended complaint (SAC) (ECF No. 11), to "add[] more articulate claims" and to identify James Cummins and Gus Ghanam as two of the John Doe Defendants (ECF No. 10, PageID.75; ECF No. 11, PageID.78-79).[3] Although the Court had not yet ruled on the motion, which remains pending, the Clerk's Office mistakenly issued summonses for service of the proposed SAC (ECF No. 12), which was improvidently served upon Defendants, including Cummins and Ghanam (ECF No. 13). As a result of the error, Defendants the Michigan Department of State and the City of Warren, Fouts, Cummins, Ghanam, Scott, and Dwyer filed now-pending motions to dismiss the proposed SAC at ECF No. 11 (ECF Nos. 21, 23), *which is not the operative pleading*. Further, Plaintiffs filed a motion for default judgment against certain Defendants asserting failure to answer that proposed SAC, though leave had not been granted to file it. (ECF No. 25.)

---

[3] Plaintiffs' motions at times appear to lose count of how many amendments they have sought, consequently mislabeling their references to the first, second and third amended complaints. But for the sake of clarity and accuracy, the Court has ignored Plaintiffs' nomenclature where it miscounts or mislabels.

4

The same Clerk's Office mistake was again made when *Plaintiff Nelson* alone filed a motion for leave to file a third amended complaint (ECF No. 27) and proposed third amended complaint (TAC) (ECF No. 28) on August 23, 2022, which seeks to allow her to identify Curtis Gauss, William Reichling, William Dwyer, and Mary Michaels as John Doe Defendants and to add allegations regarding an additional incident of towing, and which states: "One of the plaintiff[s] ALBERT THROWER has exited the action.  There is just one plaintiff ELIZABETH NELSON now."  (ECF No. 27, PageID.324; ECF No. 28, PageID.327-329.)  <u>The motion was not signed by Plaintiff Thrower, although it purports to withdraw him as a party</u>.  Again, although the Court had not yet ruled on the motion, which remains pending, the Clerk's Office mistakenly issued summonses for service of the proposed third amended complaint upon Gauss, Reichling, Dwyer, and Michaels.  (ECF Nos. 29-32.)  As a result of the error, these four Defendants filed a motion to dismiss the proposed third amended complaint (ECF No. 38), which is not the operative pleading.

    **B.**    **Order on Motions for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court.  The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a).  "Nevertheless, leave to amend 'should be denied

5

if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

        1.    **Motion for leave to file SAC/Second motion to amend (ECF No. 10)**

As Plaintiff Nelson filed yet another motion for leave to amend after both Plaintiffs filed their motion for leave to file a SAC, and the proposed TAC would substantively supplant the proposed SAC, the Court **DENIES AS MOOT** Plaintiffs' motion for leave to file a SAC (ECF No. 10) and **STRIKES** the proposed SAC (ECF No. 11) from the record. *See Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014) ("An amended pleading that is complete in itself and does not refer to or adopt a former pleading as a part of it supersedes or supplants the former pleading.") (citation and quotations omitted).

        2.    **Motion for leave to file TAC/third motion to amend (ECF. 27)**

In turn, the Court also **DENIES** Plaintiff Nelson's motion for leave to file a TAC (ECF No. 27) and **STRIKES** the proposed TAC (ECF No. 28) from the record. "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, federal statutory law

6

provides that: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, the statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). The current operative pleading, ECF No. 6, lists both Plaintiffs Nelson and Thrower in the caption and is signed by both (ECF No. 6, PageID.45, 67), while only Plaintiff Nelson has signed the motion for leave to file a TAC (ECF No. 27, PageID.326) and the proposed TAC (ECF No. 28, PageID.360). Plaintiff Nelson does not appear to be admitted to practice law before this Court, as far as the Court can tell,[4] and she has not and apparently may not file an appearance or advocate on Plaintiff Thrower's behalf. "[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause." *Shepherd*, 313 F.3d at 970 (citation and quotations omitted). Likewise, Nelson cannot unilaterally *dismiss* Plaintiff Thrower from the lawsuit and, thus, her motion for leave to file a TAC amounts to unauthorized practice before this Court. Indeed, the very reason for such a prohibition is to "'protect[] the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to

---

[4] *See* http://www.mied.uscourts.gov/index.cfm?pagefunction=AdmissionCheck.

represent." *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).

Accordingly, as it stands now, Plaintiff Thrower remains a part of the case, and will until he files a notice or stipulation of voluntary withdrawal pursuant to Fed. R. Civ. P. 41(a), or the Court otherwise orders his dismissal.

### C. Order on Plaintiffs' Motion for Entry of Default Judgment

As mentioned above, on August 18, 2022, Plaintiffs filed a motion for entry of default judgment against Defendants Fouts, Scott, Cummins, Ghanam, and the City of Warren, asserting that these Defendants failed to file a timely answer to the proposed second amended complaint. (ECF No. 25.) In so doing, Plaintiffs argue that the summonses and complaint were served on July 28, 2022, and per the court, Defendants were required to answer the complaint by August 18, 2022, but failed to do so. (ECF No. 25, PageID.301.)

The motion (ECF No. 25) is **DENIED**. The Court can think of several reasons for denial but most simply, the motion is based upon a proposed amended complaint that was not then, and is not now, per the rulings above, the operative pleading in the case. Parties can hardly be defaulted based on their failure to answer amended pleadings for which the Court has not granted leave. Further, as Defendants argue in their response brief (ECF No. 26, PageID.310, 317), the

motion was premature regardless because they did timely file a motion to dismiss the proposed second amended complaint (ECF No. 23) in accordance with Fed. R. Civ. P. 12(b)(6).  Nevertheless, the Court will also deny Defendants' request for costs and attorney fees associated with responding to the motion for entry of default judgment (ECF No. 26, PageID.318), as it is undeniable that the Court Clerk's error, at least to some degree, precipitated the motion.

### D. Discussion of Dispositive Motions

On the basis of the above, the Court should **DENY WITHOUT PREJUDICE** the following dispositive motions filed in response to the improvidently-served proposed second and third amended complaints: Defendant Michigan Department of State's motion to dismiss (ECF No. 21); the motion to dismiss filed by Defendants the City of Warren, James Fouts, James Cummins, Gus Ghanam, Robert Scott, and William Dwyer (ECF No. 23); and the motion to dismiss filed by Defendants Curtis Gauss, Mary Michaels, William Reichling, and William Dwyer (ECF No. 38).  The Undersigned recognizes the internal errors that led to these motions, as well as the work conducted by the parties to brief these motions, but believes a clean slate with ECF No. 6 as the operative pleading is both prudent and necessitated by the rulings made herein.  Additionally, the Court should terminate the following Defendants, who were identified only in the proposed second and third amended complaints which have now been stricken

from the record: Curtis Gauss, James Cummins; Gus Ghanam; William Reichling; William Dwyer; and Mary Michaels.

Should one or both Plaintiffs again seek leave to amend, the more efficient course would be for the then-existing Defendants to oppose the motion if they believe the proposed amendment is improper under Fed. R. Civ. P. 15(a). I will notice a status conference to speak with the parties, including **both Plaintiffs**, after Judge Leitman has acted upon this report and recommendation.

### E. Conclusion

#### 1. Summary of orders on non-dispositive motions

Plaintiffs' motion for leave to file a second amended complaint (ECF No. 10) is **DENIED AS MOOT**. Further, the Court **DENIES** both Plaintiff's motion for entry of default judgment (ECF No. 25) and Plaintiff Nelson's motion for leave to file a third amended complaint (ECF No. 27). Both proposed amended pleadings are **STRICKEN**. (ECF Nos. 11 & 28.)

#### 2. Recommendation on dispositive orders

As a result of the above-summarized orders, the Court should **DENY WITHOUT PREJUDICE** Defendant Michigan Department of State's motion to dismiss (ECF No. 21), the motion to dismiss filed by Defendants the City of Warren, James Fouts, James Cummins, Gus Ghanam, Robert Scott, and William Dwyer (ECF No. 23), and the motion to dismiss filed by Defendants Curtis Gauss,

10

Mary Michaels, William Reichling, and William Dwyer (ECF No. 38). Additionally, the following Defendants identified for the first time in the proposed second and third amended complaints (ECF Nos. 11, 28) should be **TERMINATED**: Curtis Gauss; James Cummins; Gus Ghanam; William Reichling; William Dwyer; and Mary Michaels.

## IV.   PROCEDURE ON OBJECTIONS

### A.   Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchr's, Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and

11

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B.     Order**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: January 25, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE