UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

              Plaintiffs,

v.

SERVICE TOWING INC., *et al*.,

              Defendants.

_____/

Case No. 2:22-cv-10918
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## INITIAL SCHEDULING ORDER AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT AND HAVE EXHIBITS ON THE RECORD (ECF No. 56), AND GRANTING PLAINTIFFS' REQUEST TO VOLUNTARILY DISMISS DEFENDANT MICHIGAN DEPARTMENT OF STATE

This matter came before the Court for a status conference and for

consideration of Plaintiffs' motion for leave to file summary judgment with both

Plaintiffs' signatures and to have exhibits on the record support the same.  (ECF

No. 56.)  Judge Leitman referred this case to me for all pretrial matters.  (ECF No.

9.)  On April 3, 2023, the Court held a joint status conference and motion hearing

at which Plaintiffs and counsel for the various Defendants appeared, and the Court

heard from Plaintiffs regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of

the reasons stated on the record by the Court, which are hereby incorporated by

reference as though fully restated herein, Plaintiffs' motion for leave to file

summary judgment and to have exhibits on the record (ECF No. 56) is **DENIED**,

as unnecessary.  Future dispositive motions will be governed by the schedule set

forth herein, and any exhibits needed to support such motions or responses thereto

should be attached to the motions/responses themselves, unless the material is

already contained in the record and docketed, in which case reference must be

made to the ECF docket number and "PageID" number, as seen in the electronic

docket or at the header of pages printed therefrom. (*e.g.*, ECF No. 1, PageID.2).

*See* Fed. R. Civ. P 56(c).  Material that has been stricken from the record may not

be cited.

Further, at the joint status conference and hearing, Plaintiffs orally moved

to voluntarily dismiss Defendant Michigan Department of State.  A Magistrate

Judge has the authority to issue an order on a Fed. R. Civ. P.

41(a) motion.  *See Ramirez v. Borders*, No. CV 18-5276 VAP (SS), 2018 WL

6118603, at *2 (C.D. Cal. July 17, 2018) ("The Magistrate Judge has authority to

grant a voluntary dismissal of claims....") (referencing *Bastidas v. Chappell*, 791

F.3d 1155, 1165 (9th Cir. 2015) (magistrate judge has authority to grant petitioner's

voluntary dismissal of claims)).  Interpreting this as an oral motion under Fed. R.

Civ. P. 41(a)(2) for Voluntary Dismissal, it is hereby **GRANTED**.  Accordingly,

Michigan Department of State is hereby **DISMISSED FROM THIS CASE** and shall be terminated as a party.

It is now appropriate to enter a scheduling order in this case, as follows:

| YOU MAY RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| EVENT/ITEM | DEADLINE |
| Fed. R. Civ. P. 26(a)(1) ("Required [Initial] Disclosures.") | **Wednesday, May 3, 2023** |
| Answers to Plaintiffs' amended complaint (ECF No. 6) | **Wednesday, May 3, 2023** |
| Deadline for motions to amend the pleadings (Fed. R. Civ. P. 15) | **Tuesday, June 6, 2023** |
| Deadline for dispositive motions based on the defense of qualified immunity or for dismissal under Rule 12 | **Friday, August 18, 2023** |
| Discovery Cut-off (completion) | **Wednesday, September 13, 2023** |
| Deadline for all other summary judgment motions, if any | **Friday, November 17, 2023** |
| Final Pretrial Conference | To be determined |
| Trial Date | To be determined |

The parties are also advised of the following:

I.      All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

II.   Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

III.   DISCOVERY.  Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery.  Parties may agree to extend the deadlines by submitting a joint motion with a proposed order to the Court for consideration. The extension should not affect the other scheduled dates.

IV.   DISPOSITIVE MOTIONS.  No party may file more than one motion for summary judgment without obtaining leave of court.

In motions filed under Rule 56, the moving party shall serve and file: 1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1.  The motion must begin with a "Statement of Material Facts" consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment.  Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.[1]

The full text of any source cited should be filed with the Court in a Fact Appendix.  The Fact Appendix shall contain an index, followed by the tabbed exhibits.  Chambers' copies of Fact Appendices of more than 20 pages must be separately bound and include a cover

---

[1] Examples of movant's separate material factual statements:

1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005.  (ECF No. 34-7, PageID.10.)

25. ABC Forp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness.  (ECF No. 34-9, PageID.32.)

sheet identifying the motion to which they are appended. All pages from the same deposition or document should be at the same tab. The Statement of Material Facts counts against the page limit for the brief. No separate narrative facts section shall be permitted.

Likewise, a party opposing a Rule 56 Motion shall serve and file: 1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1. The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which facts are admitted and which are contested. The paragraph numbering must correspond to moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence.[2] Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.

Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passages highlighted and tabbed. Where unpublished

---

[2] Examples of non-movant's corresponding factual statements:

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. (ECF No. 34-7, PageID.12.)

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." (ECF No. 34-9, PageID.14.)

opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

V.      ORAL ARGUMENT ON MOTIONS. Parties who do not respond to motions in a timely fashion may not be permitted to argue before the Court during oral argument.

VI.      ADDITIONAL INFORMATION FOR *PRO SE* LITIGANTS.

a.      There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

b.      Neither party is allowed to engage in *ex parte* communication with Judge Patti or his staff. This means that every time the parties engage with Judge Patti or his staff, it must be done by filing documents in the ECF system or by submitting the documents to the Clerk's Office. <u>Judge Patti will not accept letters or other documents that have not either been filed in the ECF system or submitted to the Clerk's Office</u>.

c.      Along the same lines, parties should generally not call chambers, unless the other party is also on the line.

d.      Parties should ONLY come to Judge Patti's chambers when there is a scheduled event. You will receive notice of scheduled events in the ECF system or through regular mail. Judge Patti will not hold unscheduled meetings or conferences.

e.      No one in the courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney. If you need the assistance of an attorney, you must retain one on your own.

f.      You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout the litigation process. The rules, and additional help for *pro se*

6

litigants, can be accessed online via
https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe
.

**IT IS SO ORDERED**.

Dated:  April 4, 2023

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

7