UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER, Case No. 2:22-cv-10918

Hon. Matthew F. Leitman

Plaintiffs,                                      Hon. Mag. Anthony P. Patti

-v-

SERVICE TOWING, INC., *et al.*,
        Defendants.

_____/

Elizabeth Nelson
P.O. Box 1422
Warren, MI 48090
In Pro Per

Albert Thrower
P.O. Box 602637
Cleveland, OH 44102

Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
Attorney for Service Towing, Inc.
Defendants
meadjenn@hotmail.com

Thomas Stidham (P56504)
1401 W. Fort St., #44-1815
Detroit, MI 48244
(248) 303-0306
Tsstidham@hotmail.com
Co-Counsel for Service Towing, Inc.
Defendants

Rachel C. Selina (P85430)
255 E. Brown Street, Ste. 320

Birmingham, MI 48009-6209

(248) 645-9680
rselina@berrymoorman.com

_____/

**SERVICE TOWING, INC. DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**NOW COME** Defendants SERVICE TOWING, INC., ABLE TOWING, LLC, EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ, SANDRA A. HERTZ, REGISTERED AGENT, BRUCE (JOHN DOE DRIVER TRUCK 210), RANDY SULLIVAN (JOHN DOE DRIVER TRUCK 226), DENNIS (JOHN DOE DRIVER TRUCK 162)(collectively herein the "Service Towing Defendants" or "STI" unless specifically identified otherwise), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 56, and hereby move for an order granting summary judgment for the reasons set forth in the attached Brief In Support.

On November 14, 2023, the undersigned conferred by telephone with Plaintiff Albert Thrower, explained the nature of the relief requested but concurrence was expressly denied. Likewise, in a November 15, 2023 phone call with Plaintiff Elizabeth Nelson, concurrence in the relief requested was also denied.

The undersigned certifies that this document complies with LR 5.1(a) including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; each page is numbered consecutively; and the type size of all text and footnotes is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14-point (for proportional fonts). I also certify that it is the appropriate length. LR 7.1(d)(3).

**WHEREFORE**, the Service Towing, Inc. Defendants respectfully request the Court grant their Motion For Summary Judgment on each Cause Of Action within Plaintiffs' Amended Complaint—ECF No. 74, PageID.1161, enter judgment dismissing each Cause Of Action of each Plaintiff in favor of each Service Towing, Inc. Defendant and against Plaintiffs Elizabeth Nelson and Albert Thrower, award Defendants costs and expenses, including attorney fees in defending this action and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jennifer Mead
Jennifer E. Mead (P57106)
Thomas Stidham (P56504)
Co-Counsel for Service Towing, Inc.
Defendants

Dated:  November 17, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER, Case No. 2:22-cv-10918

                                              Hon. Matthew F. Leitman

        Plaintiffs,                            Hon. Mag. Anthony P. Patti

-v-

SERVICE TOWING, INC., *et al.*,
     Defendants.

_____/

| | |
|---|---|
| Elizabeth Nelson | Jennifer Mead (P57106) |
| P.O. Box 1422 | P.O. Box 806042 |
| Warren, MI 48090 | St. Clair Shores, MI 48080 |
| In Pro Per | (313) 485-1250 |
| | Attorney for Service Towing, Inc. |
| Albert Thrower | Defendants |
| P.O. Box 602637 | meadjenn@hotmail.com |
| Cleveland, OH 44102 | |
| | Thomas Stidham (P56504) |
| | 1401 W. Fort St., #44-1815 |
| | Detroit, MI 48244 |
| | (248) 303-0306 |
| | Tsstidham@hotmail.com |
| | Co-Counsel for Service Towing, Inc. |
| | Defendants |
| | |
| | Rachel C. Selina (P85430) |
| | 255 E. Brown Street, Ste. 320 |
| | Birmingham, MI 48009-6209 |
| | (248) 645-9680 |
| | rselina@berrymoorman.com |

_____/

**DEFENDANTS' BRIEF IN SUPPORT OF**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED…………………………………iv

CONTROLLING AUTHORITY…………………………………………v

INDEX OF AUTHORITIES………………………………………..vi

I.  STATEMENT OF MATERIAL FACTS…………………………..1

II. LEGAL STANDARD…………………………………………...8

III.  ARGUMENT …………………………………………………..8

A.  None Of STI Defendants Are State Actors And Cannot Be Held Liable….8
For Alleged, Unsupported Constitutional Violations

B.  Plaintiffs Admit They Have No Evidence That The STI Defendants……...11
Conspired With Warren Officials To Violate Their Constitutional Rights

C.  STI Defendants Had No Policy Or Custom………………………..13

D.  ECF No. 74 Does Not Contain A Second Claim…………………..14

E.  STI Defendants Are Entitled To Summary Judgment On Putatively ………14
Illegal Action

F.   STI Defendants Are Entitled To Summary Judgment On Fourth Cause Of..15
Action

G.   STI Defendants Are Entitled To Summary Judgment On Fifth Cause Of…15
Action

H.  STI Defendants Are Entitled To Summary Judgment On Sixth Cause Of…17
Action

I.  STI Defendants Are Not Liable For Alleged Due Process Claim And………18
Alleged 4th, 5th and 14th Amendment Violations

J.  Summary Judgment Must Be Granted On Plaintiffs State-Created Danger….21
Theory

K.  STI Defendants Are Not Parties To Plaintiffs July 2021 Claim Against…….22
City Of Warren Concerning Refusal To Take Police Report

L.  STI Defendants Are Entitled To Summary Judgment On State Law Claims…23

IV.  CONCLUSION……………………………………………………………24

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.     Whether the Service Towing Defendants are state actors for purposes of

Plaintiffs' constitutional claims?

Plaintiffs Answer:          Yes.

Defendants Answer:      No.

II.     Whether Defendants City of Warren and the Service Towing Defendants

entered into a conspiracy to tow Plaintiffs' four vehicles?

Plaintiffs Answer:          Yes.

Defendants Answer:      No.

III.     Whether the STI Defendants are entitled to summary judgment pursuant to

Fed.R.Civ.P. 56 as to all of Plaintiffs' Causes Of Action?

Plaintiffs Answer:          No.

Defendants Answer:      Yes.

IV.     Whether the STI Defendants are entitled to summary judgment pursuant to

Fed.R.Civ.P. 56 as to all state law claims asserted by Plaintiffs?

Plaintiffs Answer:          No.

Defendants Answer:      Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed.R.Civ.P. 56

MCL 257.252a and MCL 257.252d

*Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, 73 LEd2d 482 (1983).

*Mathews v Eldridge*, 424 US 319, 333 (1976)


*Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009),

*Olivia Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich. Case No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867 (Most Appropriate Authority re: state actor)

*Savoie v Martin*, 673 F3d 488, 494 (6th Cir. 2012).

# INDEX OF AUTHORITIES

## Cases

*Brentwood Acad v Tenn Secondary School Athletic Ass'n*,………………………10
531 US 288, 294, 121 SCt 924, 148 LEd2d 807 (2001).

*Carmen v City of Detroit*, 2018 WL 1326295, at *7-8……………………………..9

*Carthan v Snyder*, 329 FSupp 3d 369, 392 (E.D. Mich. 2018)…………………...21

*Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 195 (1995)……23

*Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 486 NW2d 600 (1992)………24

*Hooks v Hooks*, 771 F2d 935, 943 (6th Cir. 1985)………………………………..12

*Kallstrom v City of Columbus*, 136 F3d 1055, 1066 (6th Cir1998)………………22

*Lansing v City of Memphis*, 202 F3d 821, 831-832 (6th Cir. 2000)………………11

*Linda RS v Richard D*, 410 US 614, 617 (1973)…………………………………..14

*Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744,…………………8
73 LEd2d 482 (1983).

*Mathews v Eldridge*, 424 US 319, 333 (1976)……………………………………18

*McQueen v Beecher Comm Sch*, 433 F3d 460, 465 (6th Cir. 2006)……………...22

*Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009)………………9, 10

*Moore v City of Paducah*, 890 F2d 832, 834 (6th Cir. 1989)…………………….12

*Morrissey v Brewer*, 408 US 471, 481 (1972)……………………………………18

*Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-140 (6th Cir. 2023).……10

*Olivia Robertson v Breakthrough Towing*, LLC, USD.C………………………..8

E.D. Mich. Case No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867

*Savoie v Martin*, 673 F3d 488, 494 (6th Cir. 2012)………………………………13

*Standley v Vining*, 602 F3d 767, 769 (6th Cir. 2010)……………………………..17

*Tahfs v Proctor*, 316 F3d 584, 590 (6th Cir. 2003)………………………………..8

*Thomas v Shipka*, 848 F2d 496, 499 (6th Cir. 1987)……………………………16
vacated on other grounds, 488 US 1036 (1989)

*US v Morgan*, 744 F2d 1215, 1218 (6th Cir. 1984)………………………………17

*Viet v Le*, 951 F3d 818, 823 (6th Cir. 2020)………………………………………7

## Statutes

42 U.S.C. § 1983……………………………………………………………………10

MCL 257.252a *et seq*……………………………………………………………20, 21

MCL 257.252d……………………………………………………………………...20

## Court Rules

Fed.R.Civ.P. 56………………………………………………………………………7

## Ordinances

City of Warren Ordinance Sec. 2.5-1……………………………………………20

## I. <u>STATEMENT OF MATERIAL FACTS</u>

1.      On May 1, 2020, the real property at 7568 Hudson in the City of Warren,

Michigan (herein "7568 Hudson") was owned by St. Anthony the Great Romanian

Orthodox Monastery.  **ECF No. 74, PageID.1167 at ¶28**.  The property contains a

house, which has four units which are leased to residential tenants.  **Exhibit 1,**

**Thrower Dep. Transcript at p.11, Line 17.**

2.      Plaintiff Thrower, a resident of Cleveland, Ohio, acted as the manager of

7568 Hudson and sometimes stayed at the property in whatever unit was vacant.

**Exhibit 1, p. 6, Lines 17-18.**

3.      Plaintiff Thrower has a history of receiving blight violations issued from the

City of Warren.  **Exhibit 3.** Thrower admits that he did receive tickets or blight

notices related to 7568 Hudson and they would most likely be posted on the door.

**Exhibit 1 at 14, Lines 5-12.**

4.      On January 22, 2020, the City of Warren issued Plaintiff Thrower (St.

Anthony the Great Monastery Romanian) a Citation (No. Y025638) relative to the

property at 7568 Hudson.  **Exhibit 4, Warren Citation No. Y025638.**

5.      Pursuant to Warren Ordinance Chapter 2.5, Administrative Hearings Bureau,

Sec. 2.5-7(a)(1) and (2) empowers the administrative hearings officer to impose on

a violator civil fines and costs and may also order the violator to i) take corrective

action to remedy the blight violation; ii) reimburse the city for documented enforcement costs; and iii) take any other appropriate legal or equitable action. **Exhibit 5.**

6.     On March 4, 2020, the City of Warren Administrative Hearings Bureau issued a Default Decision And Order for the property at 7568 Hudson, requiring Plaintiff Thrower correct the violation within 30 days and pay fines and costs in the amount of $1,000.  The Order further provides that "if respondent fails to correct the violation(s) within 30 days, the City may correct the violation and request enforcement costs."  **Exhibit 6: Default Decision And Order of 3/4/20.**

7.     On March 13, 2020, the City of Warren conducted a rental field inspection of 7568 Hudson, finding, among other things, that the "[r]ear yard full of junk, debris, and four (4) vehicles unknown if properly plated or operable," that the "structure illegally converted to 3 unit apartment," and that the "[h]ouse not safe to occupy".  **Exhibit 7, Field Inspection dated March 13, 2020.**

8.     Plaintiff Nelson lived in one unit at 7568 Hudson on May 1, 2020 pursuant to a rental agreement, although neither she nor Thrower were at the property on May 1, 2020; instead both were staying in Ohio. **Exhibit 2**, **Nelson Deposition Tr. at p. 9, p. 18, Lines 17-19.**

9.     Plaintiff Nelson owned four vehicles and each vehicle was in her name on May 1, 2020.  **Exhibit 2 Pg. 29, Lines 11-12; Pg. 24, Lines 16-18.**  Nelson testifies that Thrower "told me to buy them, it would be a good investment." **Exhibit 2 at p. 10.**

10.    All four vehicles were titled in the name of Plaintiff Nelson and were located at 7568 Hudson on May 1, 2020.  **Exhibit 2 at p.29, Lines 11-12.**

11.    Service Towing, Inc. and Able Towing, LLC are towing companies having a principal place of business in Warren, MI.  **ECF No.74, PageID.1162.**

12.    On May 1, 2020, Service Towing, Inc. and Able Towing, LLC were requested by Defendant City of Warren representatives to tow and remove 4 vehicles from 7568 Hudson.  **ECF No.74, PageID.1167.**

13.    Plaintiffs admit that Warren Police Department personnel appeared to assist with the towing or were sent to the location of the towing.  **ECF No. 74, PageID.1168 at ₱31.**

14.    The four vehicles towed were:  1) a 2009 Chevrolet Silverado having a Vehicle Identification Number (last six) of 214969; 2) a 2012 Mazda 5, 4-Door Wagon Silver having a VIN 125056; 3)  a 2012 Mazda 5, 4-Door Wagon Black having a VIN 101363; and 4) a 2012 Nissan Sentra, 4-Door Sedan Silver having a VIN 706413.  **ECF No. 74; PageID.1166 at ₱26.**

15.     Service Towing, Inc., although denying as untrue that any address or location was falsified, acknowledges that a single number (a "2" instead of a "6") was mistakenly transposed on the Invoices. **ECF No. 78, PageID.1233.** Plaintiff Thrower states that he does not admit that this could be a simple error "because—I don't want to admit it." **Exhibit 1 at 49, Line 25;** *Id*. **at 50, Lines 1-2.**

16.     On May 1, 2020, the City of Warren issued one of the tenants of 7568 Hudson (Kim Branson), an ordinance violation for the illegal occupation of a posted vacant home. **Exhibit 8.**

17.      On May 2, 2020, Plaintiffs Nelson and Thrower arrived at Service Towing, Inc. Thrower paid $275.00 to redeem the 2009 Chevrolet Silverado (VIN 214969) and $275.00 to redeem the 2012 Nissan Sentra, 4-Door Sedan Silver (VIN 706413). Nelson confirms that Thrower paid the fees to retrieve the cars. **Exhibit 2, Pg. 16, Lines 13-15; see Exhibit 9-**

18.     On May 4, 2020, Plaintiff Thrower returned to Service Towing, Inc. and paid $315.00 to redeem the 2012 Mazda 5, 4-Door Wagon Silver (VIN 125056) and $315.00 to redeem the 2012 Mazda5, 4-Door Wagon Black (VIN 101363). **Exhibit 9.**

19.     Plaintiff Thrower admits that each of the cars towed he was able to retrieve **Exhibit 1 at 31**, that Nelson did not lose title to the vehicles *Id.*, that the cars were

not damaged *Id.* and that he did not contract COVID on the trips to Service

Towing *Id.*  **Exhibit 1 at 31.**

20.     Likewise, Plaintiff Nelson admits that "I didn't contract Covid at all"

**Exhibit 2 Pg. 11, Line 24** and not after May 1, 2020 *Id. at* **23, Line 4**.

21.     Plaintiff Thrower admits that he never filed a petition to contest the towing

of the 4 vehicles on May 1, 2020 by Service Towing. **Exhibit 1. Pg. 38, Lines 12-**

**25; Pg. 39, Lines 1-3**.  Thrower acknowledges that the "letter" [Petition For

Hearing On Abandoned Vehicle/Vessel form] was sent to the address at 7568

Hudson. **Exhibit 1.**

22.     Plaintiff Thrower admits that he never filed a petition to contest the towing

of the 4 vehicles by Able Towing, LLC. **Exhibit 1 at 39-40, Lines 1-2**.

23.     Plaintiff Thrower admits that Plaintiffs are not seeking damages from the

returnables (bags of cans), bumper wrap, grill, dog house, 2 bags salt, wood or any

of the personal property (bags of cans, bumper wrap, 2 bags salt, dog house, grill,

wood, aluminum gutter, etc.) from Service Towing or Able Towing, LLC

defendants.  **Exhibit 1 at pp. 40-41, 45; Personal property detailed at ECF No.**

**74, PageID.1170.**

24.     Plaintiff Thrower admits that as to Sandra Hertz, he has no personal

knowledge that she spoke with any of the Warren defendants and no documents

that show she acted in concert with defendants.  **Exhibit 1 at 43, Lines 18-25; p.**
**44, Line 1.**

25.     When questioned regarding facts in support of the conspiracy (as to Bruce
Hertz), Plaintiff Thrower admits that "I mean, I don't have any facts other than the
fact that cars were towed by the towing company." **Exhibit 1 at 45, Lines 14-19**.

26.     As to Edward Hertz, Plaintiff Thrower admits that he has no evidence of
conversations between Edward and the Warren defendants.  **Exhibit 1 at 45, Lines**
**5-13** and no documents *Id.* **at p. 44.**

27.     As to Dennis Hertz, Plaintiff Thrower admits that he has no evidence that
Dennis Hertz entered into a conspiracy with the Warren defendants.  **Exhibit 1 at**
**46, Lines 13-14.**  Thrower states that he has evidence of falsified address by
defendants but he can't say who did it.   **Exhibit 1 at 47, Lines 8-13.**

28.     With respect to Defendant Sandra Hertz, Plaintiff Nelson admits that she has
no facts that Sandra Hertz entered into any conspiracy. **Exhibit 2at 44,Lines 22-**
**25.**

29.     With respect to Defendant Edward Hertz, Plaintiff Nelson admits "we just
talk.  There are no facts."  **Exhibit 2 at 45, Lines 3-9**. 30.As to all of the remaining
Service Towing defendants (Bruce, Dennis and Randy), Plaintiff Nelson admits

that "No", she has no facts they entered into conspiracy.**Exhibit 2 at45,Lines12-19.**

31.     On July 7, 2021, 37th District Court Judge John M. Chmura entered an Order To Clean Up Property in three actions entitled City of Warren v Albert Dudley Thrower relative to 7568 Hudson, including Case/Ticket No. Y025638, the violation issued on January 22, 2020. **Exhibit 11, Order To Clean Up Property dated 7/7/21**, requiring property to be cleared of inoperable vehicles.

32.     It was Nelson's idea to file suit against the City of Warren and Service Towing and "[w]ell, I'm pretty broke, yes.  My sister stole 90% of my money…" **Exhibit 2 at p. 45, Lines 13-15**.

## II.  LEGAL STANDARD

A district court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "The party must identify specific facts, as opposed to general allegations, establishing the element.  Just as a plaintiff may not rely on conclusory allegations to proceed past the pleading stage, so too a plaintiff may not rely on conclusory evidence to proceed past the summary judgment stage."  *Viet v Le*, 951 F3d 818, 823 (6th Cir. 2020).

## III.  ARGUMENT

7

A.    **NONE OF THE SERVICE TOWING, INC. DEFENDANTS ARE "STATE ACTORS" AND CANNOT BE HELD LIABLE FOR ALLEGED, UNSUPPORTED CONSTITUTIONAL VIOLATIONS.**

In Plaintiffs' latest Amended Complaint—ECF No. 74, Plaintiffs allege a series of constitutional violations of the 4th Amendment, 5th Amendment and 14th Amendment against "All Defendants" involving the towing of Nelson's four vehicles on May 1, 2020.  Thrower clarified in his deposition that he is not seeking recovery for any personal property from the STI Defendants. Ex. 1 at pp. 40-41.  It is elementary that a private business does not act under color of state law, and thus is not a "state actor," unless its conduct is "fairly attributable to the state."  *Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, 73 LEd2d 482 (1983).  "A plaintiff may not proceed under Section 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.  *See Tahfs v Proctor*, 316 F3d 584, 590 (6th Cir. 2003).

The District Court's review of authority involving whether towing companies are state actors in this circuit in the case of *Olivia Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich. Case No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867, at PageID.2844-2845 is instructive, noting that "[t]he fact that towing occurs does not make every entity that has some connection to the tow a representative of the state.  In fact, case law in this circuit indicates that towing companies are generally <u>not </u>state actors under the nexus and

8

state compulsion theories—both at the summary judgment stage7 and on the face

of the pleadings8—even when those companies tow vehicles pursuant to

government contracts or at the express request of the police." Indeed, the District

Court cited *Carmen v City of Detroit*, 2018 WL 1326295, at *7-8 (finding that two

private towing companies called by Detroit police officers to impound certain

vehicles were not state actors liable under Section 1983, explaining that plaintiffs

had failed to establish "pervasive entwinement" considering factors including (i)

the companies were only "two of about twenty companies with a towing contract

with Detroit," and (ii) "the private towing companies did nothing more than fulfill

their contractual obligations") in footnote 7 of the opinion in support of the

conclusion that towing companies are generally not considered state actors within

the Sixth Circuit.

In *Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009), the Sixth

Circuit stated that it recognized three tests for determining whether private conduct

is fairly attributable to the state: the public function test, the state compulsion test,

and the nexus test.

> The public function test "requires that the private entity exercise
> powers which are traditionally exclusively reserved to the state…"
> The typical examples are running elections or eminent domain. The
> state compulsion test requires proof that the state significantly
> encouraged or somehow coerced the private party, either overtly or
> covertly, to take a particular action so that the choice is really that
> of the state. Finally, the nexus test requires a sufficiently close
> relationship ( *i.e.* through state regulation or contract) between the

state and the private actor so that the action may be attributed to
the state.
*Moldowan v City of Warren*, *Id*. at 399.

The Sixth Circuit in *Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-
140 (6th Cir. 2023) recognized that several tests have been employed to determine
when a private entity may qualify as a state actor, including the entwinement test.
This test requires Plaintiffs to show that the private entity is "entwined with
governmental policies" or that the government is "entwined in [the private entity's]
management or control. *Brentwood Acad v Tenn Secondary School Athletic Ass'n*,
531 US 288, 294, 121 SCt 924, 148 LEd2d 807 (2001).

On these facts and employing any of the four tests, Plaintiffs cannot
establish that any of the Service Towing Defendants conduct is fairly attributable
to the state. Indeed, the public function test fails as the private entities are not
exercising powers traditionally reserved to the state such as running an election or
eminent domain. Moreover, the public function test has been narrowly interpreted
and Plaintiffs bear the burden of establishing a historical showing, which cannot be
done on these facts. Next, the state compulsion test also is inapplicable, as there is
no proof that the towing companies were coerced by the state to take any action.
Likewise, the nexus test requirement of a sufficiently close relationship so that the
towing companies conduct may be attributed to the state is not borne out by the
proofs. "[M]ere cooperation simply does not rise to the level of merger required

for a finding of state action." *Lansing v City of Memphis*, 202 F3d 821, 831-832

(6th Cir. 2000).

At best, Defendants submit the analysis in *Carmen v City of Detroit* is most

closely aligned with these facts, where two companies were requested by the City

of Warren representatives, they were 2 of a small number of companies on the

Warren Police towing list and both Service Towing, Inc. and Able Towing, LLC

did nothing more than perform their contractual obligations.  Thus, there is no

showing that Defendant City of Warren is entwined in the management or control

of either Service Towing or Able Towing or that either entity is entwined within

governmental policies and therefore, Defendants conduct in towing 4 vehicles on

behalf of the Defendant City is not fairly attributable to the state nor does it

constitute an unreasonable and warrantless seizure of Nelson's property.  Once

again, the entwinement test fails miserably.

Finally, there has been absolutely no facts established by Plaintiffs that the

conduct of any individual Service Towing Defendant is fairly attributable to the

state and therefore, the individual Service Towing Defendants are not subject to

suit under Section 1983.   Therefore, summary judgment ought to be entered in

favor of all Service Towing Defendants.

**B.    PLAINTFFS ADMIT THEY HAVE NO EVIDENCE THAT THE
STI DEFENDANTS CONSPIRED WITH CITY OF WARREN**

**OFFICIALS TO VIOLATE THEIR CONSTITUTIONAL RIGHTS. THEREFORE, SUMMARY JUDGMENT OUGHT TO BE GRANTED IN FAVOR OF DEFENDANTS AND AGAINST EACH PLAINTIFF.**

A private party that has conspired with state officials to violate constitutional rights also qualifies as a state actor and may be held liable under Section 1983. *Moore v City of Paducah*, 890 F2d 832, 834 (6th Cir. 1989); *Hooks v Hooks*, 771 F2d 935, 943 (6th Cir. 1985).   "All that must be shown is that there was a single plan, that the alleged conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."

Yet here, the evidence establishes that there was no unlawful action taken or a conspiratorial objective of Defendants nor do Plaintiffs have facts that support such a conspiracy as alleged by Plaintiffs.  ECF No. 74, PageID.1186. Specifically, Plaintiff Thrower admits that "No, I don't have any evidence of that." Ex. 1 at  24.

> Q.    So you stated that there's a conspiracy between the City of Warren and various towing companies to steal people's cars during COVID.  Do you have any evidence of that?
> **A.    No.  I mean you got my under oath deal, right?**
> Q.    Sure, but I'm just asking the factual basis.
> **A.    No, I don't have any evidence of that.**
> Q.    So it's just your opinion?
> **A.    That's my opinion.**
> **Ex. 1 at Pg. 24, Lines 12-20**.

12

Likewise, Plaintiff Nelson admits that she has no facts that Sandra Hertz entered into a conspiracy.  Ex. 2 at 44, Lines 22-25.  As to Edward Hertz, Nelson admits that she has no facts:

A.      No, we just talk.  There are no facts.  **Ex. 2 at 45, Lines 3-9**.

As to all of the remaining Service Towing Defendants, Plaintiff Nelson admits that she has no facts that they entered into a conspiracy.  **Ex. 2 at 45, Lines 12-19.**  Likewise, Plaintiff Thrower also admits that "I don't have any facts other than the fact that cars were towed by the towing company."  Ex. 1 at 45. Thrower argues the towing of the cars is the overt act.  Ex. 1 at 24, Lines 22-23.

## C.    THE STI DEFENDANTS HAD NO POLICY OR CUSTOM THAT WAS THE MOVING FORCE BEHIND THE ALLEGED DEPRIVATION OF THE RIGHTS OF PLAINTIFFS. THROWER ADMITS IT IS JUST HIS OPINION.

Even if an entity is a state actor, a private employer is liable under Section 1983 only if it maintained a "policy or custom" that "was the moving force behind the deprivation of the plaintiff's rights."  *Savoie v Martin*, 673 F3d 488, 494 (6th Cir. 2012) (punctuation modified, citation omitted).  Plaintiffs' Amended Complaint—ECF No. 74 is devoid of any allegations that the STI Defendants maintained a policy or custom that caused any of Plaintiffs alleged damages. There are no allegations that STI or Able Towing, LLC utilized a policy of towing vehicles improperly and that policy was the moving force behind the alleged

deprivation of the plaintiffs' rights.  Instead, Plaintiffs allege that the Defendant

City of Warren's policy or custom—not the STI Defendants-- was a direct cause of

its constitutional deprivations.  ECF No. 74, PageID.1186 at ¶56.  Instead, Thrower

admits that the existence of conspiracy between Warren and towing companies is

just his opinion for which he has no evidence. **Ex. 1 at 24, Lines 12-20**.

Therefore, the STI Defendants cannot be held liable under Section 1983 based

upon the actions of the individual STI employee and agent Defendants.

**D.    ECF NO. 74 DOES NOT CONTAIN A SECOND CLAIM
        AND PAGE 29 OF THE AMENDED COMPLAINT IS DELETED
        AND  NONEXISTENT.**

        ECF No. 74, PageID.1186 contains a phrase ".  Second Claim PER FACTS

SUPRA REWRITTEN HEREIN" but there is no Second Claim on the next page at

ECF No. 74, PageID.1187, which is page 30 in Plaintiffs' page numbering.

**E.    STI DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT
        ON PUTATIVELY ILLEGAL ACTION ALLEGATION.**

        Again, ECF No. 74,PageID.1187 contains a partial quotation of an

"threatened…injury resulting from putatively illegal action," referencing *Linda

R.S. v Richard D* without citation and alleging violations of due process and the 5th

and 14th Amendments.  A review of *Linda RS v Richard D*, 410 US 614, 617

(1973) reveals that it is a standing case in which the Supreme Court noted in part

that "in the absence of a statute expressly conferring standing, federal plaintiffs

must allege some threatened or actual injury resulting from the putatively illegal

action before a federal court may assume jurisdiction."   This case has no

application to the claims against the STI Defendants and Plaintiffs reliance upon it

is misplaced.

**F.    STI DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT
        ON PLAINTIFFS' FOURTH CAUSE OF ACTION TO THE
        EXTENT THEY SEEK TO INVOLVE STI DEFENDANTS.**

Plaintiffs allege the City of Warren violated Plaintiffs' rights by not allowing

Plaintiffs to file a police report after showing Warren Police an Notice of

Abandoned Vehicle containing an address of 7528 Hudson rather than 7568

Hudson.  Plaintiffs do not state a claim against the STI Defendants.

**G.    SUMMARY JUDGMENT OUGHT TO BE GRANTED
        IN FAVOR OF STI DEFENDANTS ON THE FIFTH
        CAUSE OF ACTION, AS PLAINTIFFS MISCONSTRUE
        AUTHORITY TO TOW THE VEHICLES.**

According to Plaintiffs, their 4th, 5th and 14th Amendment rights were

violated as a result of an "address falsified on tow sheets, submitted to MI SOS" to

give defendants authority to tow vehicles off of private property without court

order when courts were open on May 1, 2020, which is flatly nonsensical.  The

analysis is straightforward:  Service Towing, Inc., although denying as untrue that

any address or location was falsified, acknowledges that a single number (a "2"

instead of a "6") was mistakenly transposed on the Invoices.  ECF No. 78,

PageID.1233.  Procedurally, the address is then entered into the LEIN system by the law enforcement agency from which the Secretary Of State then generates a Petition For Hearing Of Abandoned Vehicle (Ex. 12), which are then issued to the last-titled owner and which Thrower admits they received. **Ex. 1 at 50, Lines 17-19**.  Contrary to Plaintiffs misguided argument, it is not the Secretary Of State that give defendants authority to tow vehicles from private property.  Rather, on these facts, on May 1, 2020, the authority to tow and remove the four vehicles was the result of varying sources, including but not limited to (see discussion in I), a Default Decision And Order based on a persistent failure to comply or correct a blight condition as permitted by city ordinance.  Plaintiffs simply ignore the Default Decision And Order for the property at 7568 Hudson, requiring Plaintiff Thrower correct the blight violation within 30 days and pay fines and which further provided that "if respondent fails to correct the violation(s) within 30 days, the City may correct the violation and request enforcement costs."  Thus, there was no warrantless seizure under the 4th Amendment.

Likewise, there was no taking without just compensation under the Fifth Amendment.  The law is well established that Section 1983 is the exclusive remedy for alleged constitutional violations.  *Thomas v Shipka*, 848 F2d 496, 499 (6th Cir. 1987), vacated on other grounds, 488 US 1036 (1989) (holding that Section 1983 is the exclusive remedy for alleged violations of a plaintiff's

16

constitutional rights).  Nor was the towing of the vehicles for "public use" and as

such, there could be no Fifth Amendment violation.  Lastly, the STI Defendants

are not state actors and therefore, are not entities or individuals subject to an action

under Section 1983.  Also, the Sixth Circuit has held that even a wrongful search

or seizure by a private party does not violate the Fourth Amendment.  *US v*

*Morgan*, 744 F2d 1215, 1218 (6th Cir. 1984).  Thus, the foregoing reasons,

summary judgment in favor of the STI Defendants ought to be entered on Plaintiffs

Fifth cause of action.

## H.   STI DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' SIXTH CAUSE OF ACTION OF TRESPASS AND CONVERSION.

Here, Plaintiffs nakedly allege that defendants violated Michigan law by

committing trespass and conversion although it is unclear whether Plaintiffs are

alleging violations of criminal law or a tort or another form of an alleged violation

of constitutional rights.  Violations of state law are not cognizable under Section

1983.  See *Standley v Vining*, 602 F3d 767, 769 (6th Cir. 2010) ("It has long been

established that the violation of a state statute or regulation is insufficient alone to

make a claim cognizable under Section 1983).  And although the STI Defendants

recognize the Court has the discretion to decline to exercise supplemental

jurisdiction over these claims pursuant to Section 1367, the STI Defendants submit

the prudent approach is to dismiss these claims for the reasons and discussion set

forth in the Tenth Cause of Action, which repeats these two very same claims. The

analysis contained within that section is necessarily specifically incorporated

herein by this reference.

## I.     THE STI DEFENDANTS ARE NOT LIABLE FOR ALLEGED DUE PROCESS CLAIM, AS PLAINTIFFS WERE PROVIDED A MEANINGFUL OPPORTUNITY TO RESPOND BUT FAILED TO DO SO.  SUMMARY JUDGMENT OUGHT TO BE GRANTED TO STI DEFENDANTS ON 4TH, 5TH AND 14TH AMENDMENT CLAIMS.

In the Seventh Cause of Action, Plaintiffs allege that Defendants violated the

due process clause of the Fourteenth Amendment.  Although "[t]he fundamental

requirement of due process is the opportunity to be heard 'at a meaningful time and

in a meaningful manner[,]' " *Mathews v Eldridge*, 424 US 319, 333 (1976)

(citation omitted), courts must look at the particular situation to determine what

level of due process is required.  See *Morrissey v Brewer*, 408 US 471, 481 (1972)

("due process is flexible and calls for such procedural protections as the particular

situation demands.").  Yet the proofs demonstrate that Thrower was issued a

citation on January 22, 2020 for the illegal occupation at 7568 Hudson which was

mailed to him.  **Ex. 4**. Therefore, Plaintiff Thrower had a meaningful opportunity

to contest the citation and present a defense at a hearing, which he simply failed to

do.  As a result, on March 4, 2020, the City Administrative Hearings Bureau issued

a Default Decision And Order (**Ex. 6**) for the property at 7568 Hudson, requiring

Plaintiff Thrower correct the blight violation within 30 days and pay fines and

costs in the amount of $1,000.  The Order specifically provides that "if respondent fails to correct the violation(s) within 30 days, the City may correct the violation and request enforcement costs."  On March 13, 2020, Warren City officials conducted a field inspection of 7568 Hudson (**Ex. 7**).  Undeterred, Thrower voluntarily refused to comply with the Order and pursuant to both the Order and Sec. 2.5-1 of the blight Ordinance, on May 1, 2020, the City of Warren through its property maintenance and Police Department, finally undertook efforts to correct the blight, by towing the four vehicles and removing various items of personal property.  Importantly, Plaintiffs were not permanently deprived of the four vehicles and as a result of the blight administrative court process coupled with the fact that Warren blight ordinance, Ordinance Sec. 2.5-1, permits abatement of the blight, the risk of an erroneous deprivation was extremely slight.

Moreover, once the vehicles were impounded, the Secretary of State issued Petitions For Hearing On Abandoned Vehicle to Plaintiff Nelson (**Exhibit 12**) which expressly provides the procedure to contest in the state district court both 1) whether the impoundment of the vehicle was proper and 2) whether the fees were reasonable.  Plaintiff Thrower admits that he never filed a petition to contest the towing of the 4 vehicles on May 1, 2020 by Service Towing and Able Towing. Ex. 1 at 38, Lines 12-25; Pg. 39, Lines 1-3.  Thrower acknowledges that the "letter" [Petition For Hearing On Abandoned Vehicle **Exhibit 12**] was sent to the address

at 7568 Hudson. In light of these facts, one cannot reasonably conclude that Plaintiffs were not furnished various opportunities to be heard at meaningful times and in a meaningful manner with respect to contesting the blight violation (to prevent any correction action) and to object to the impoundment of the vehicles and the reasonableness of the fees. Accordingly, summary judgment on a purported violation of due process must be granted in favor of all Defendants and against Plaintiffs.

Also, in the Seventh Cause of Action, Plaintiffs repeat their 4th Amendment, 5th Amendment and 14th Amendment allegations, also contending that if a vehicle is properly registered, insured and titled, a vehicle cannot be deemed abandoned. The folly of this argument is that Plaintiffs ignore that most vehicles that are towed, whether at the request of the law enforcement agency or a private property owner, are governed, administered and ultimately required to be processed as "abandoned vehicles" pursuant to MCL 257.252a *et seq*. This is as true for vehicles towed from private property as it is for an accident, arrest, illegal parking, if necessary in the interest of public safety or scrap vehicle; the commonality of all types of non-commercial towing is that the Legislature intended each be processed through the abandoned vehicle provisions of Michigan law. MCL 257.252a *et seq.* Significantly, Plaintiffs also ignore that Michigan's statutory scheme provides that a vehicle may be <u>impounded</u> for a variety of reasons (and at the time of impound, it

is *not* considered abandoned), and then if not redeemed within seven (7) days, the towing agency must notify the law enforcement agency which must deem the vehicle an abandoned vehicle and enter the vehicle into the LEIN system. See MCL 257.252d(1) and (3)(b). Indeed, another applicable and often used source of authority is MCL 257.252d(1)(f) where in the interest of public safety as a result of an emergency (or storm, etc.), vehicles are often ordered impounded to prevent further damage (such as secondary crashes or eradicate a threat to safety such as violence or even an illegal occupation of a place). Thus, contrary to Plaintiffs' argument, a vehicle does not have to be meet the definition of an "abandoned vehicle" in MCL 257.252a at the time of impound in order for it to be ordered impounded. Therefore, the mere fact that a vehicle may be plated, insured and validly registered in Michigan does not prevent any vehicle from being impounded and ultimately processed as an abandoned vehicle.

## J.  SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF THE STI DEFENDANTS ON PLAINTIFFS' STATE-CREATED DANGER THEORY.

In their Eighth Cause Of Action, Plaintiffs allege that all defendants violated their Fourteenth Amendment right to be free of a state-created danger and are therefore, liable for the damages that resulted. In their Amended Complaint, ECF No. 74, PageID.1190-91, Plaintiffs do state the proper legal test, which mirrors the test set forth in *Carthan v Snyder*, 329 FSupp 3d 369, 392 (E.D. Mich. 2018). As

applied to the STI Defendants, summary judgment must enter in favor of all

defendants for three reasons.  First, the STI Defendants are not state actors and

thus, they cannot be determined to have created a "state-created danger".  Next, the

Sixth Circuit has explained that a state-created danger claim is traditionally

rejected where the act "did not create or increase the risk of private violence to the

plaintiff."  *McQueen v Beecher Comm Sch*, 433 F3d 460, 465 (6th Cir. 2006).

Third, the danger may not be one that "affects the public at large."  *Kallstrom v*

*City of Columbus*, 136 F3d 1055, 1066 (6th Cir. 1998). Here, there is nothing in

the record that evidences any increased risk of private violence to Plaintiffs.

Moreover, no specific danger was created by the City of Warren, even with an

executive order in effect on May 1, 2020; rather, the purported danger was Covid-

19, which clearly affected the public at large and not just Plaintiffs.  Lastly, it must

be reiterated that Plaintiffs did not suffer any injuries or suffer acts of private

violence.  For all of these reasons, summary judgment ought to be entered in favor

of the STI Defendants and against Plaintiffs.

**K.    STI DEFENDANTS ARE NOT PARTIES TO PLAINTIFFS'**
**JULY 2021 CLAIM AGAINST WARREN POLICE DEPARTMENT**
**FOR ALLEGED REFUSAL TO TAKE POLICE REPORT.**
In their Ninth Cause Of Action, Plaintiffs allege that in July 2021 they

attempted to make a police report to the Warren Police Department concerning the

"falsification" of the 7568 Hudson address and that a Warren Police Department

officer refused to file the report. Plaintiffs allege such conduct constitutes a

"failure to report a crime" of the address involved in the May 1, 2020 towing of the

four vehicles. ECF No. 74, PageID.1191. The STI Defendants admit that it is

difficult to unravel the precise cause of action being alleged by Plaintiffs, as

contrary to its argument, there is no federal authority establishing a constitutional

right to make a police report.

**L. STI DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON STATE LAW CLAIMS.**

In Plaintiffs' Tenth Cause Of Action, Plaintiffs simply allege that defendants

violated Michigan law, including conversion, misprision of felony, failure to report

a crime, trespassing and a tort of breach of the peace. First, misprision of felony

fails miserably as there are not even any allegations that any Defendant knew of a

felony and concealed same on these facts. Next, the failure to report a crime is,

without more, a truly naked allegation that does not constitute a 4th, 5th or 14th

Amendment violation (even assuming *arguendo* one could establish the failure to

report a crime). Likewise, "[a] trespass is an unauthorized invasion upon the

private property of another." *Cloverleaf Car Co v Phillips Petroleum Co*, 213

Mich App 186, 195 (1995). Here, the STI Defendants were privileged to enter the

Hudson property as a result of public necessity and an implied consent to permit

them to perform their job, similar to mail carriers. Nevertheless, Plaintiffs' claim

for trespass must fail for lack of standing and a real party in interest, as Plaintiffs

23

are not the owner of 7568 Hudson from where the vehicles were towed; rather, the

Monastery was the legal owner on May 1, 2020.   Lastly, Plaintiffs allege

conversion.  Under the common law, "conversion is defined as any distinct act of

domain wrongfully exerted over another's personal property in denial of or

inconsistent with the rights therein.  *Foremost Ins Co v Allstate Ins Co*, 439 Mich

378, 391, 486 NW2d 600 (1992).  Here, the STI Defendants were privileged to

remove the vehicles.  Nor did a breach of peace occur as the tow was without

incident. Summary judgment is warranted.

## IV. CONCLUSION

The Service Towing, Inc. Defendants respectfully request the Court grant

their Motion For Summary Judgment on each Cause Of Action, enter judgment

dismissing each claim of each Plaintiff in favor of each Service Towing, Inc.

Defendant and against Plaintiffs, award attorney fees and costs, and grant such

other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Jennifer Mead_____
Jennifer Mead (P57106
Attorney for Service Towing, Inc.
Defendants
_/s/ Thomas Stidham_____
Thomas H. Stidham (P56504)
Co-Counsel for Service Towing, Inc.
November 17, 2023                        Defendants

24