

DEC 20 2023

CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POOR QUALITY ORIGINAL

Elizabeth Nelson
PO Box 1422
WARREN MI 48090

ALBERT THROWER

      Plaintiffs(s)

-vs-

Case No. 2:22-cv-10918

Judge: MATTHEW LEITMAN

Magistrate: Anthony P. Patti
Jury Trial Demanded

3rd AMENDED Complaint
42 USC Section 1983
Michigan state law
Trespassing, theft of vehicles,
Theft,

$50 Million USD

SERVICE TOWING INC
6006 Rinke Ave
Warren MI  48091

ABLE TOWING LLC   et al.,

## RESPONSE TO DEFENDANT SERVICE TOWING, HERTZ BROTHERS MOTION TO DISMISS
## CONSOLIDATED  INSTANTER  MAILED 12/16/23 WITH NOTICE OF LATE IMPEACHING DISCOVERY OF TAPE RECORDED CONVERSATION OF (D) ROBERT SCOTT MADE ON OR ABOUT 4/15/20 FROM ROBERT SCOTT CALLING (P) THROWER TAPE MADE IN OHIO Ex 10 AFFIDAVIT

  Service Towing Inc., = STI, Able Towing LLC= AT LLC,  Hertz Brothers= Bruce

Hertz, DENNIS HERTZ, SANDRA HERTZ  , Randy Sullivan defendants filed a

MOTION TO DISMISS.

This is (Ps') response.   STI cites case *Robertson et al., v Breakthrough Towing LLC et al.*, as grounds to dismiss.

1) This case has to do with private property commercial establishments, CVS, McDonald's Inc employees acting in a scheme with tow companies to tow customer vehicles. There was minimal police or "state actor" involvement. The Court still found a claim against "state actor" police departments to survive plaintiffs' motion to dismiss in that case.

2) The 4th Amendment in the United States Constitution delineates "homes" as quoted *infra*

Fourth Amendment

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The language of same delineates "right of the people to be secure in their persons, homes, papers, effects, against unreasonable searches and seizures, shall not be violated…", by "state actors", "government officials" or private parties acting "in concert", "conspiracy" with same. (PN) 4 vehicles were at her

"home". (PT) had "personal property" removed from his MI "home" by "state actors" (D) Scott, Does

A) 7568 Hudson Ave Warren per Ex 1, PN lease, Ex 2 PT lease is 7568 Hudson Ave Warren MI., Ex 3 PN driver's license, Ex 4 PN mail. Ex 25, 26 (PN) tax returns showing 7568 Hudson Ave address, Ex 27 Summer Tax Bill-shows ownership Ex 13- 4 pg deed, Ex 14 Adjacent lot ownership, Ex 10 (PN) PNC Online Banking form, Ex 11: DTE Energy Bill "7568 Hudson Ave Warren", Ex 12 Consumer's Energy Bill same time, same address, Ex 17 Insurance papers pg 1-4, Ex 21 Michigan SOS LARA statement for ownership "Saint Anthony the Great ..Monastery". See

Ex 22; 2011 NILI et al v City of Warren et al, consent decree @ para 12 where (D) city of Warren agrees to obtain administrative warrant if denied entry, yet per Ex 37 Warren Receipt, (D) Scott repeatedly enters (Ps') property 3/25/20, 5/19/20 durking covid fining (Ps) almost $1000 cutting grass that per Ex 30 Gov Whitmer & (D) Fouts order was ordered NOT to be cut for other "overt acts". Per Ex 35 (PT) 3/30/20 letter "prostate cancer"- getting ready to be treated with radiation for 40 straight days, "at risk" person as defined by Ex 30 Covid 2/23/20 (D) Fouts order. (PT) also had a heart attack @ 7568 Hudson Ave 2018 & had three stents put in @ Beaumont Hospital Ex 8. (Ds') STI Towing, Hertz Bros worked with "state actors" (D) SCOTT, Doe-Kijewski (ex

warren police officer making $105,000 in 2017) and others to cause a "state created risk" SCR towing cars during covid lock down. (Ps') agree that (Ds') did not cause covid, but their actions created a SCR taken as a whole where "(Ps) were placed in a more risky situation, they thinking that there cars were "stolen", as (Ps') were told by MICH resident, "there cars were gone". Even the tape recorded conversations, referenced infra, (PT) was led to believe that (D) Scott would NOT tow his cars, because of covid and (PT) told (D) Scott he was "diagnosed with prostate cancer and had be treated with radiation for 40 straight days". Ex 31 Affidavit. See Ex 28 (Ds') Fouts, city Warren finally closing city hall 11/20 because of covid.

*Robertson et al., v Breakthrough Towing et al., infra* has to do with private towing company towing from business parking lot with minimal police involvement. The judge in *Robertson et al., v Breakthrough Towing et al.* analyzed the facts and still found that sued police departments allegation of a conspiracy survived a motion to dismiss with limited alleged involvement including claim of failing enter cars into LEINS computer database after tow company reported same. The 4th Amendment applies to "state actors" involvement, private parties cannot violate the 4th 14th Amendment unless acting in concert, tandem, conspiracy with state actors. (Ps') case is differentiated because "state actors", (D) Scott, Doe Kijewski et al., with (Ds') STI, AT LLC, Hertz

4

Bros., (D) Sullivan entered (Ps') private property curtilage and towed 4 cars. (Ds') STI, Hertz Bros falsified the address the cars were towed from as set forth *infra*-an "overt act" and submitted falsified paperwork to Warren Police Department, who in turn submitted to Michigan Secretary of State, Ex 32 pages 1-2, which generated PETITION FOR HEARING ON ABANDONED VEHICLE, showing "falsified address", "05/01/2020 *7528 Hudson* Ave Warren"-toward bottom of Petition-which were then mailed 4x to (PN) another "overt acts" in the conspiracy.

As lawyer for tow company (Ds') STI Hertz Bros., pointed out, @ pg. 10 ""Sixth Circuit in *Nugent v Spectrum Juv Just Servs,* 72 F4th 135, 139-140..recognized that several tests have been employed to determine when a private entity may qualify as a state actor, including the entwinement test. The test requires Plaintiffs to show that PRIVATE ENTITY is 'entwined in the private entity's management or control." *Brentwood Acad v Tenn Secondary Scholl Athletic Ass'n,* 121 SCt 924. In this case (Ps') allege simple facts in complaint that tow company STI, Hertz Bros defendants were called to tow cars off private property by "state actors". See Ex    ADMISSIONS. As noted, (Ds') STI, AT LLC, HERTZ BROS tow company claims they have a contract with (D) city of Warren that mandates they comply with city of Warren employees requests. As noted, (Ds') STI towing company have not provided the contract. Further, a contract does not make them

immune from violating United States Constitutional rights 4, 5, 14th Amendment and state laws and in fact shows "as to the elements of these three theories..nexus test, state compulsion test, and conspiracy framework are all sufficient bases on which to find the private company defendants liable under 1983" *Memphis Tenn Local ... v City of Memphis, 361 F3d 898, 905.*

(Ds') STI, Hertz Bros appear confused and argue that since police are not involved in the illegal tow scheme, then they are not liable. (D) Scott, Doe - Kijewski, et al., are "state actors" for 42 USC Sec 1983 purposes. 1st, police or (D) Warren city workers (D) Scott is a "state actor" so it does matter if the police are involved or not. 2nd) Ex 19 pg 1-4 receipts from (D) STI say "Reqd By: WARREN POLICE DEPARTMENT", so if the under oath ADMISSIONS Ex 5-9 police were NOT involved, creates allegation of further "falsified STI receipt", to allege "Warren Police Dept" "Reqd" tow to CYA (Ds') STI, Hertz Bros. towing cars during covid pandemic.

Further, under the "Abandoned Vehicle" statute (Ds') STI, Hertz Bros tow company are not allowed to tow cars off private property unless called by the property owner or the police. (Ps') state that being aware of this (Ds') STI tow company, Hertz Bros "falsified the address" the cars were towed from correct address-where they were titled to 7568 Hudson Ave, to incorrect address of "7528

Hudson Ave". Like the tow companies in *Robertson v Breakthrough et al*, same

argue that state law has exclusive "subject matter jurisdiction", based in "Mich

Comp L Sec 257.252e(1), ..relies on *Gilbert-Rutter v Parkview Towers*..WL 2016

3913713 at 2 (ED MI).. however *Gilbert-Rutter*.. concerned a single plaintiff

challenging the one-time tow of a vehicle with expired plates". See Ex 23 *Gilbert-*

*Rutter v Parkview Towers et al., Case 16-11-10,* where Judge in this case

Honorable Judge Patti held correctly dismissing pro'se complaint @ p 3 para 1 "In

Plaintiff's amended complaint, all allegations and claims surround the legality of

the towing of her car from the private property of Defendant Parkview Towers.

Plaintiff admits that she was given 48 hours notice by Parkview towers prior to the

towing of her car. She admits that her car had expired plates, and that the car was

considered abandoned. Plaintiff also admits that the lease that she received from

Parkview states that a vehicle can be towed for expired plates. Plaintiff also admits

in her complaint that she could have retrieved her vehicle from the police but did

not pay the required fee. Per MCL §257.252a(2)(a), an abandoned vehicle is

defined as, inter alia, "[a] vehicle that has remained on private property without the

consent of the owner." Per Plaintiff's lease, Parkview could remove cars parked on

their property that had expired registration plates. Parkview had a contract with

Goch & Sons Towing..". Hence the owner of the property, Parkview Towers called

the contracted tow company to tow car with expired plates, after giving 48 hours

notice pursuant to renter Gilbert-Rutter's written lease, within the direct language of the Mich Comp L Sec 257.2523(1) Ex 16 MI Abandoned Vehicle Code."

Case *sub judice*, is differentiated because 4 cars were towed, b) towed during covid lockdown 5/1/20, c) state actors or STI tow company under Mi Abandoned vehicle code was not allowed on private property to tow cars d) cars had current plates, insured to same address as (PN) owner's driver's license e) Came on private property without warrant behind a privacy fence f) "falsified the address on the paperwork 4 cars were towed from and submitted falsified paperwork to Warren Police Dept which in turn submitted same LIENS computer, Michigan Secretary of State (SOS) Ex 32 pages 1-2 & Ex 33 MAZDA registration-same address 7568 Hudson Ave. g) "other acts" case 23-cv- 11508 *Nelson et al., v Scott et al.,* where same defendants and tow company towed different cars 7/7/21, and tow company (Ds') worked with (D) Scott to "set up" (PT) and kidnap, false imprisonment, assault & battery, citizens arrests (P) Thrower Ex 24 Warren 7/16/21 police report. "scheme... violated federal statutes and constitutional rights –all 'arise under the Constitution, laws, treaties of the United States.' 28 USCA Sec 1331. This Court has jurisdiction. *Carmen Auto Sales III Inc. v City of Detroit,* 2018 WL 1326295, @ 3-4", "explaining: 'Congress—not state a state legislature— controls federal court jurisdiction..nothing in Sec 257.252e(1).. limits a federal court's jurisdiction to hear federal claims...'" *Robertson et al v Breakthrough et*

al., pg. 11. Indeed, per the facts of the complaint, the Michigan Vehicle Code Sec

257.252e(1), does not even apply to the facts accepted as true, since only property

owner or police can authorize tows off private property, which "state actor" (D)

Scott states under oath  ADMISSION "police not involved" Ex  9 para "1) Who

contacted Service Towing Inc. … in re the 4 vehicles towed from 7568 Hudson

Ave., Warren MI 48091 and the adjacent lot 5/1/2020?  Response Brian Kijewski-

Area 33 Inspector", working under Supervisor of Property & Maintenance, (D)

Scott, per under oath response, Doe-Kijewski is not a police officer.  "7) Where

you present 5/1/20 @ 7568 Hudson Ave Warren Mi and the adjacent lot when the

4 vehicles were towed?..Response YES…9) Were the Warren police present for

the towing of the 4 vehicles from 7568 Hudson Ave Warren MI  48091 and the

adjacent lot… Response No.".

   Hence,  "*Breakthrough*'s authority to tow vehicles derives from Michigan

Vehicle Code, which allows for the towing of an 'abandoned vehicle'—that is 'a

vehicle that has remained on private property without consent of the owner' Mich

Code L, Sec 257.252a(2)(a). A towing agency may take custody of an abandoned

vehicle through one of two ways: (i) at the direction of a police agency, see Sec

257.252(a)(4), or (ii) at the request of the owner of the private property where the

abandoned vehicle is located, see Sec 257.252a(10)."  Hence tow company (Ds')

STI, Hertz Bros cannot rely on a state code to violate (Ps) US Constitutional rights that does not even apply per the facts accepted as true.

Ex 20 pg 1-2 = 4 cars parked on (Ps') private property. *Robertson et al., v Breakthrough Towing LLC et al*, at pg. 2 "Breakthrough's authority to tow vehicles derives from Michigan Vehicle Code, which allows for the towing of an 'abandoned vehicle'—that is 'a vehicle that has remained on private property without consent of the owner' Mich Code L, Sec 257.252a(2)(a). A towing agency may take custody of an abandoned vehicle through one of two ways: (i) at the direction of a police agency, see Sec 257.252(a)(4), or (ii) at the request of the owner of the private property where the abandoned vehicle is located, see Sec 257.252a(10)." The owner of the property, Saint Anthony the Great Orthodox Monastery, per Ex 21 LARA form Michigan SOS, Ex 13 Deed pages 1-4 includes 5 properties including 8075 Packard Ave Warren where (PN) lived before 7568 Hudson Ave-per Ex 36 expired driver's license, Ex 14 Adjacent lot. 3 of the cars were parked on the grass of adjacent lot owned by Saint Anthony the Great Orthodox Monastery. 1 of the cars 2012 NISSAN Sentra was parked on concrete as Ex 20 pg 2 clearly shows yet all ADMISSIONS claim cars were ALL parked on grass. Each car towed also-an "overt act". That leaves "(i) the direction of a police agency, see Sec 257.252(a)(4). Per Ex 9 Under Oath Admissions of (D) Robert Scott, para "1) Who contacted Service Towing Inc. … in re the 4 vehicles

towed from 7568 Hudson Ave., Warren MI 48091 and the adjacent lot 5/1/2020?

Response Brian Kijewski-Area 33 Inspector", working under Supervisor of

Property & Maintenance, (D) Scott, per under oath response, Doe-Kijewski is not a

police officer.  "7) Where you present 5/1/20 @ 7568 Hudson Ave Warren Mi and

the adjacent lot when the 4 vehicles were towed*?..Response YES...*9) Were the

Warren police present for the towing of the 4 vehicles from 7568 Hudson Ave

Warren MI  48091 and the adjacent lot...No.".

It is only the (PT) affidavit that states tenant said "police where involved" per questioning of a tenant that observed same. Police have not been identified or served in this action. "For Plaintiff's to state a claim for civil conspiracy, 'all that must be shown is that there is a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant", *Memphis*, 361 F3d 905. The "conspiracy" was to tow 4 licensed, , insured cars from (PN) home and take (PT) personal property during the covid pandemic when "citizens" not involved in fighting covid were not allowed on the street. It is well settled law that private parties can "conspired with state actors. (Ds') STI, AT LLC employees Hertz Bros., Randy Sullivan acted "in concert", "conspiracy" with state (Ds'), engage in conduct under "color of State law," and may be subject to liability under section 1983 where they "act jointly" or conspire with state government officials. See, e.g., *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001*); Tower v. Glover, 467 U.S. 914, 919 (*1984); *Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v. Price, 383 U.S. 787, 794 (1966*) (holding that, for purposes of finding liability under the criminal law analogue of section 1983, 18 U.S.C. § 242, private individuals acting jointly with state officers engage in conduct "under color" of state law). All private defendants ABLE TOWING LLC, SERVICE TOWING INC., owners (D) EDWARD Hertz (deceased), DENNIS

HERTZ. BRUCE HERTZ, SANDRA HERTZ and their JOHN DOE*

employees=Randy Sullivan via agency law "act jointly" and / or "conspire with

state government officials" i.e. (D) City of Warren Property & Maintenance

Supervisor Scott et al., *Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra*

with City of Warren MI Property & Maintenance division, (d) Robert Scott,

Cummins, Gus Ghanam, Warack, Kijewski, Does, (Ds') all acting in their

'individual capacities" at all times per facts of this complaint and conspired with

private towing company STI, AT LLC and Hertz Bros., Sullivan, employees.

(Ds') STI, AKA AT LLC, Hertz Bros claim that they were "just fulfilling a

contract", with (D) city of Warren, yet the existence of a "contract", "with state and

private actors, so that the action may be attributed to the state', 'to take a

particular action so that really that of the state'" *Robertson et al v Breakthrough* et

al @ 12. See *Memphis Tenn Area Loc Am Postal Workers Union AFL-CIO v*

*Memphis,* 361 F3d 898, 905, "that the nexus test, state compulsion test, and

conspiracy framework are all sufficient bases on which to find the private company

liable under Sec 1983..elements of these three theories: * 'The state compulsion

test requires proof that the state significantly encouraged or .. coerced either

overtly or covertly, to take a particular action so that the choice is really that of the

state.' *Moldowan,* 578 F3d at 399. The "particular action" i.e. illegally tow cars,

(Ds') STI, Hertz Bros., is mandated by their "contract", "so that the choice is really

that of the state' *Moldowan, Id.* " ".. that the nexus test requires a sufficient close

relationship (i.e. through state regulation *or contract)* between the state and the

private actor so that the action may be attributed to the state.'" *Robertson et al v*

*Breakthough Towing et al.*, at 12, i.e., "contract" (Ds') STI, Hertz Bros claim for

immunity, in the law shows liability, "contract) between the state and private actor

so that the action may be attributed to the state.'" *Robertson et al v Breakthrough*

*Towing et al.*,  Id.

\* 1983 civil conspiracy occurs where 'private party has conspired with state

officials to violate constitutional rights, and (3) an overt act was committed.' *Revis*

*v Meldrum*, 489 F3d 273, 290 CA6", *Robertson et al v Breakthrough Towing et al.*,

*supra @* p12    The fact that the 4 cars were illegally towed is "1983 civil

conspiracy occurs... violate constitutional rights..and (3) an overt act was

committed.'"   Overt Act: = Ex  9  (D) "state actor" Warren Property Maintenance

Supervisor Scott ADMISSION,  he was there, telephone call Ex  5  (D) Bruce

Hertz  ADMISSION, telephone call

Ex 19 (Ds') STI, Hetz Bros Falsified tow sheets, falsifying the address from

correct address, 7568 Hudson Ave Warren, to incorrect address "7528 Hudson Ave

Warren MI", that 4 cars were towed from- falsified data was given to Warren

Police Department enter into LIENS computer, See Ex 32 pg 1, 33 Michigan Dept

of State NOTICE OF ABANDONED VEHICLE, Ex 34 Registration all for same

address  two (2)   2012 MAZDAs #1   "Owner Name and Address:  2012 MAZDA

JM1CW2CL0C01363    SW

Elizabeth Luise Nelson   (see Ex 34 matching Registration for this MAZDA)
7568 Hudson Ave
Warren MI 48091
DATE VEHICLE … LOCATION
05/01/2020 *7528 Hudson* Ave Warren"

"overt act" MAZDA #2: "Owner Name and Address: 2012 MAZDA  -Ex 32 pg 2
Abandoned Vehicle Petition (VIN) JM1CW2BLXC0125056

Elizabeth Luise Nelson
7568 Hudson Ave
Warren MI 48091
Date Vehicle Location
05/01/2020 *7528 Hudson* Ave Warren…", again "falsifying address" submitting
same to Warren Police to enter into

LIENS computer causes falsified address to appear on PETITION FOR HEARING
ON ABANDONDED VEHICLE

1 of the cars towed was registered to 8075 Packard Ave Warren MI 48089 that was

on a (PN) earlier driver's license Ex 36-expired 12/19 & updated with 7568

Hudson Ave Warren MI address, a property (PN) lived at before moving to Hudson

Ave and also then owned by Saint Anthony the Great Orthodox Monastery per Ex

14 four page deed of listing 5 properties.

(D) STI, Hertz Bros., knowing it would look suspicious taking 2 MAZDAs -& 2

other cars from exact same address it's registered to, "falsified the address"="overt

act" to 7528 Hudson Ave Warren -submitting "overt act" same to Warren Police for

LIENS -who in turn notified Michigan Department of State with falsified address.

Ex 7 (D) Dennis Hertz admitting to towing 1 car, telephone call from "state actor"
to tow cars=overt act

state compulsion test, and conspiracy framework are all sufficient bases on which
to find the private company liable under

Sec 1983, I.e., private defendants STI, Hertz Bros state they have a "contract",

hence their "contract" with (D) city of Warren requires (D) STI, Hertz Bros to

violate (Ps') US Constitutional rights, enter private property-tow cars in violation

of the US Constitution, "so that the choice is really that of the state'" *Moldowan,*

*Id.*   and the "contract" claimed by (Ds') STI, Hertz Bros. to make them not liable

is in fact "*  .. that the nexus test requires a sufficient close relationship (i.e.

through state regulation *or contract)* between the state and the private actor so that

the action may be attributed to the state.' " *Robertson et al., v Breakthrough Towing*

*et al., supra*

**Due Process:** The due process clause of the Fourteenth Amendment ensures that no party will be deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin,* 92 S. Ct. 1983, .. Fourteenth Amendment protection of property has been broadly extended to "any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379,  It is undisputed .. Uninterrupted use of one's vehicle is a substantial property interest, and that before "local government may so interrupt its use, ..owner is entitled to due process." *Bell v. Burson,* 402 U.S. 535, 539. "state actors". Several of the "overt acts" are: 1) coming on the private property to tow the cars and take the personal property, 2) falsifying the address the cars were towed from.  3) Telephone call from City of Warren Property & Maintenance Doe Kijewski to STI, Hertz Bros Towing.

Hence, according to Michigan Code L Sec 257.252a(2)(a) statute Warren Property and Maintenance Supervisor, (D) ROBERT SCOTT, Doe- Kijewski has "no authority" to tow vehicles off "private property" as be definition they as "property and maintenance" employees for (D) City of Warren are not police officers. "Sec 257.252a(2)(a). A towing agency may take custody of an abandoned vehicle through one of two ways: (i) at the direction of a police agency, see Sec 257.252(a)(4),..".  Hence, (D) STI, Hertz Bros entered into a conspiracy, meeting of the minds, with "state actors" (D) Scott, Doe Kijewski  evidenced by  STI

17

admitted "mystery contract" to violate (Ps') US Constitutional rights acting in their "individual capacities". ".. that the nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between the state and the private actor so that the action may be attributed to the state.'" *Robertson et al v Breakthough Towing et al.*, at 12"

(D) Scott, per under oath ADMISSIONS Ex 9 swear police "were not involved" although he admits to being present. Perhaps this is why after towing, (Ds') Scott, STI, Hertz Bros Sullivan "overt act", "falsified the address" 4 vehicles were towed from to "coverup" that same were towed off a different address of private property, per Ex 20 pg 1-2, 4 cars pictured BEFORE Towing and further why (Ds') SCOTT, shifted reason to tow from "Abandoned Vehicles" to a non-existent alleged blight ticket as fully articulated in earlier filings.

(Ds') STI, Hertz Brothers cite a "contract" with the city of Warren that allows them to tow cars when called by Warren City employees. (Ds') STI, Hertz Brother's have not produced this contract, and (Ps') aver that it should not be allowed as a defense, said "mystery contract". Further, said contract would be illegal if interpreted to enter private property at the request of (D) city of Warren Property & Maintenance employees, supervisor (D) Scott to tow licensed, plated, insured vehicles registered to same address. "Private parties may also be liable

under Sec 1983 if they 'willfully participated in joint actions with state agents' by joining a civil conspiracy with state officials *Memphis Tenn Area Loc., Am Postal Workers Union, AFL CIO v City of Memphis*, 361 F3d 898, 905 CA 6. "knowingly allowed the seizure …in reckless disregard of statute requirements' …violated Plaintiffs clearly established Fourth Amendment rights to be free from unreasonable seizures' *Livingston*, 151 F.App'x at 476..for plaintiffs to state a claim for civil conspiracy 'all that must be shown is that there was a single plan,

(Ds') aver that "mystery contract" allows them to break the law, violate United States Constitutional rights, yet fails to produce same.  See (Ps') MOTION FOR DISCOVERY served on (Ds') STI, Hertz Brothers et al., and subpoena to produce same & " .. that the nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between the state and the private actor so that the action may be attributed to the state.'" *Robertson et al v Breakthough Towing et al.*, at 12", & at *Robertson et al., v Breakthrough Towing LLC et al.*, @ p 6 para 2, "Plaintiffs .. suggest that ..tows were effected without any request of the property owner, a circumstance not authorized by Mich. Code L Sec. 257.252a", as again to why (Ds') STI, Hertz Bros., Sullivan would "falsify the address" from the actual towed from property 7568 Hudson Ave to "manufactured for the occasion" address of 7528 Hudson Ave Warren Mi-to boot strap Mich Abandoned Vehicle Code. "Before removing the vehicle from private property, the towing agency shall

provide notice by telephone, or otherwise, to a police agency having jurisdiction

over the vehicle that the vehicle is being removed'. Mich Comp. L. Sec

257.252a(11)."

A "mystery contract" not produced in discovery cannot be relied upon to break

the law, violate the constitution. "Falsifying the address" that the cars were towed

from can be interpreted by a jury of "consciousness of guilt", evidence of a "guilty

state of mind", and "cover-up" of crime since the address provided on the tow

receipts showed a different address cars towed from to support "abandoned

vehicle" theory under Michigan "Abandoned Vehicle" code.

*People v Leyra*, 1 NY2d 199, 208 "The assertion of false explanations or alibis as

well as the destruction or concealment of evidence comes within the broad

category of conduct evidencing a 'consciousness of guilt' and, therefore,

admissible, and relevant on the question of a defendant's guilt". "concealing"

correct address cars towed from, " comes within the broad category of conduct

evidencing a 'consciousness of guilt' and, therefore, admissible, and relevant on

the question of a defendant's guilt". See "other acts" of city of Warren, Ex 29

6/24/23 "Warren police officer caught on video punching jail inmate pg 1-5. See

Exhibit 24 Warren Police Report dated 7/16/21. "other act" (Ds' ) S 11. Hertz

Bros., working w "state actor" (D) Scott in re "citizens arrest" @ (Ds') STI tow

yard, Hertz Brother, Sullivan defendants

**NOTICE OF LATE/INSTANTER IMPEACHING DISCOVERY OF TAPE-RECORDED CONVERSATION OF (D) ROBERT SCOTT TELLING (P) ALBERT THROWER THAT "HE IS GOING TO TOW 4 CARS OFF THE PROPERTY AT 7568 HUDSON AVE.," WARREN MI 48091 made about 4/15/2020**

(Ps") have a tape recorded conversation where (D) Robert Scott called (P) Albert Thrower on 2168566626 #. (P)

Thrower was in Cleveland OH.

Per Ex 10 is a summary of a tape recorded conversation starting:

1) Identifying ROBERT SCOTT as the caller

2) (D) Scott states "*he ROBERT SCOTT is going to tow the 4 JUNK cars located at 7568 Hudson Ave*" Warren MI

3) Affiant told (D) Scott that the cars were "not junk" and had book value of $30,000 USD & that cars were insured, had valid license plates, and were on "private property"

4) Affiant tells (D) Scott, "you need a search warrant to come on that property and tow those cars, and I don't think there is a judge in Warren that will give you a search warrant"

5) Affiant told (D) Scott he was diagnosed with prostate cancer and will be starting radiation treatment for 40 straight days and asked (D) Scott for

"couple of months" for cancer treatment because of the radiation and then affiant would remove the 4 cars

6) Affiant (PT) told (D) Scott he will sue (D) Robert Scott for $10 million USD under 42 USC Section 1983 if he tows those cars

7) Affiant is in the process of having computer expert pull the tape-recorded conversation off the broken laptop hard drive

8) Under Ohio law, where the tape-recorded conversations were recorded, one party consent is all that is needed to admissible in any court of law

Affiant asserts that earlier it was opined that broken computer data could not be pulled off hard drive but now an expert is the opinion that said tape recorded conversation can be copied off hard drive.

9) Conversation was civil in nature, (D) Scott told (PT) that he had a cabin he goes to Northern Michigan

10) Phone call was made about 4/15/20.

(D) Scott although admits to being present Ex 9 ADMISSIONS para when the cars were towed appears to deny liability even though he is a supervisor and (D) Doe Kijewski works under him @ Warren Property & Maintenance

"Ohio recording law stipulates that it is a <u>one-party consent state</u>. In Ohio, it is a criminal offense to use any device to record or share communications, whether they are wire, oral or electronic, without the consent of at least one person taking part in the communication. This means that in Ohio, you are legally allowed to record a conversation if you are a contributor, or with prior consent from one of the involved parties, barring any criminal intentions. Ohio Rev. Code Ann. § 2933.52 (West 2012)."  Since the recording was made in Ohio, even though originating in Michigan, it will be admissible for case in chief, or impeaching material.

One theory that civil rights attorneys have used to establish § 1983 liability is a ratification theory. Under a ratification theory, the plaintiff argues, that because the municipality subsequently approved of conduct by its officials that deprived the plaintiff of his constitutional rights, the municipality should be liable under §1983. In City of St. Louis v. Praprotnik,4 a plurality in the United States Supreme Court accepted this theory: when a final policy maker "approve[d] a subordinate's decision and the basis for it, their See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (Ps') aver that (D) STI admission of "tow contract" with (D) city of Warren, "approved of the conduct by its officials that deprived the plaintiff(s) of (their) constitutional rights,...the municipality should be liable under Sec 1983" Id" .

Wherefore, (Ps') pray will Court will DENY (Ds') STI, AT LLC, Hertz

Bros., Randy Sullivan employee Motion to Dismiss

Respectfully submitted,

Albert Thrower pro'se          Elizabeth Nelson pro'se

## CERTIFICATE OF SERVICE

A copy of this motion has been served on the below defendants after

calling same to see if they agree with (Ps') position this 12/15/23

Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI

48009  tel  2486459680

mstraetmans@berrymoorman.com

rselina@berrymoorman.com

Jenifer Mead    PO Box 806042 St Clair Shores, MI 48080   tel
3134851250

meadjenn@hotmail.com

Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit,
MI 48233. Telephone: (248) 303-0306. Fax: (313) 832-7661.

Tsstidham@hotmail.com

Albert Thrower ,pro se    Elizabeth Nelson pro se

INDEX OF EXHIBITS

EXHIBIT 1    (PN)= Plaintiff Elizabeth Nelson lease

EXHIBIT 2    (PT)= Plaintiff Albert Thrower lease

EXHIBIT 3    (PN)=Driver's License

Exhibit 4     (PN) Mail  pages 1-2 delivered to home 7568 Hudson Ave

Exhibit 5       Admissions (D) Bruce Hertz

Exhibit 6       Admissions (D) Randy Sullivan- STI employee

Exhibit 7       Admissions (D) Dennis Hertz

Exhibit  8     Bill for (PT) Heart attack 2018,  2 stents, and 1 stent later Beaumont

Hospital "at risk person" for covid

Exhibit  9       Admissions (D) Supervisor Warren Property & Maintenance Scott

Exhibit 10      (PN) PNC online banking "7568 Hudson Ave Warren MI 48091"

Exhibit  11      DTE Energy Bill "7568 Hudson Ave Warren MI 48091", "utilities

included" per Ex 1, 2 leases

Exhibit  12       Consumer's Energy Bill "7568 Hudson Ave Warren MI 48091",

"utilities included" per Ex 1 lease"

Exhibit 13      DEED, 7568 Hudson Ave Warren MI 48091 pages 1-4-also includes 8075 Packard Ave Warren MI

Exhibit  14      Adjacent lot-ownership transfer from city of Warren-combined into one lot

Exhibit  15      Affidavit of Albert Thrower in re tape recorded conversation

Exhibit  16      Michigan Abandoned Vehicle Code Sec 257.252 et seq

Exhibit  17   Insurance papers in re vehicles towed-to supplement earlier filed papers pages 1-4

Exhibit   18  Case No. 23-cv-11597  "other acts", of (D) STI & Hertz Bros employees, in re towing, working w (D) Scott 'citizens arrest"

Exhibit  19  STI receipts showing "falsified address" cars towed from = "overt act", "Reqd by Warren Police Department" pages 1-4

Exhibit  20 pages 1-2 Picture of cars @ 7568 Hudson Ave & Adjacent lot per Ex 14 owned by Saint Anthony the Great Orthodox Monastery per Ex 21 LARA records

Exhibit   21  LARA= Saint Anthony the Great Orthodox Monastery, 7568 Hudson Ave Warren MI 48091

Exhibit   22  Consent Decree  *NILI 2011 et al., v City of Warren,*  See para 12

"Administrative Warrant", in re well settled 4th, 14th Amendment law

Exhibit   23 Gilbert-Rutter v Parkview Towers, Case No. 16-11010, Judge PATTI,

(EDMI) pages 1-8

Exhibit   24  Warren Police Report dated 7/16/21, "other act" (Ds') STI, Hertz

Bros., working w (D) Scott in re "citizens arrest" @ (Ds') STI tow yard

Exhibit   25  (PN) redacted Federal tax return 2019, "accepted" 2/2020      "7568

Hudson Ave Warren MI …"

Exhibit   26  (PN) redacted Michigan tax return 2019, "accepted" 2/2020   "7568

Hudson Ave. Warren MI.."

Exhibit   27   7568 Hudson Ave Warren MI "Summer Taxes" pg. 1-2

Exhibit   28    City of Warren Flyer, 11/2020, "City Hall,.. appointment only"

Exhibit   29    City of Warren MI punch "innocent till proven guilty" prisoner-

shows "pattern", "failure to train", "deliberate indifference" (D) Fouts, (D) Dwyer,

(D) City of Warren

Exhibit   30   2/23/20 32 pages (D) Mayor Fouts covid emergency plan, (D) STI

Towing (D) Hertz Bris. Not exempted

Exhibit   31   Affidavit (PT) in re tape recorded phone call, taped in OHIO= 1 party consent tape

Exhibit   32 pages 1-2  Michigan Department of State PETITION FOR HEARING ON ABANDONED VEHICLE 2 towed MAZDA 5s.

"owner name and address ELIZABETH LUISE NELSON 7568 HUDSON AVE WARREN MI 48091", same address car towed from yet "falsified address" on Ex 19, (D) STI as "7528 Hudson Ave" , in re "overt act" to trigger Abandoned Vehicle statute Ex 16: code erroneously

Exhibit  33  Registration for one of the 2012 MAZDAs showing 7568 Hudson Ave Address of owner (PN)

Exhibit  34   Registration for 2012 NISSAN towed-this car per Ex 20 pg. 2 picture was parked on concrete shows (PN) earlier address per Ex 36 expired license before renewed in 2019, "8075 Packard Ave" a property owned by Saint Anthony the Great ..Monastery per Ex 13 – 4 pg deed

Exhibit  35   3/30/20  Letter in re (PT), "prostate cancer" Cleveland MetroHealth

Exhibit  36   (PN) expired Driver's License, shows 8075 Packard Ave address- 12/19 which was updated to 7568 Hudson Ave when renewed

Exhibit  37   receipt showing (Ds') "state actor" Scott coming on (Ps') property

3/25/20 billing $472.64 ..5/19/20, billed $475 for grass cutting when grass cutting

was suspended by order of Gov Whitmer, shows "pattern" of coming on property

mowing grass, violating 4, 14th Amendment US Constitution



# RENTAL AGREEMENT

**THIS IS A LEGALLY BINDING CONTRACT.**
**IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.**

www.theLPA.com

The Tenant(s) known as **Elizabeth Nelson** hereby agree to rent the dwelling located at **7568 Hudson Ave Lower Warren MI 48091**
The premises are to be occupied by the above named tenants only. Tenant may not sublet premises.

**TERM** The term shall commence on **8-1-18**, at $ **600** per month payable on the **first** of each month in full.

**LATE FEES** In the event rent is not paid by the _____ (5th) day after due date, Tenant agrees to pay a late charge of $ **10**

**UTILITIES** Tenant shall be responsible for the payment of the following utilities: water, electric, gas, heating fuel, Telephone. _owner_ ®

**APPLIANCES** Appliances provided in this rental are: oven, refrigerator, dishwasher, washing machine, dryer, air conditioner(s). _____
Repairs will be born by said Tenants if damage is due to negligence of Tenants.

**SECURITY** Amount of security deposit is $ **NA** Security shall be held by Landlord until the time said Tenants have vacated the premises and Landlord has inspected it for damages. Tenant shall not have the right to apply Security Deposit in payment of any rent. Security deposits must be raised proportionately with rent increases.

**INSURANCE** Tenant is responsible for liability/fire insurance coverage on premises. Tenant agrees to obtain a "Renter's Insurance" policy and to provide Owner or agent with a copy of policy within seven (7) days of lease execution.

**NOTICES** Should tenant decide to vacate the premises, a **10** day written notice to the landlord is required. Should landlord decide to have tenants vacated, a **10** day written notice is required. Tenant agrees to allow premises to be shown at any and all reasonable times for re-rental.

**REAL ESTATE COMMISSION** (if applicable) In the event a commission was earned by a real estate broker, Tenant shall not take possession of the premises unless all fees due broker are paid in full as agreed. Commission is payable when this lease is signed by the Tenant(s). It is solely for locating the rental for the Tenant and is not refundable under any circumstances regardless of any disputes or conditions between the Landlord and Tenant before or after occupancy is taken.

**ACKNOWLEDGMENT** Tenants hereby acknowledges that they have read, understand and agree to all parts of this document, and have received a copy.

| | AMOUNT RECEIVED | BALANCE DUE |
|---|---|---|
| **RENT :** | 600 | |
| **SECURITY:** | | |
| **BROKER'S FEE:** | | |

_Ed 39_
_ExC_

THE UNDERSIGNED TENANT(S) ACKNOWLEDGES RECEIPT OF A COPY HEREOF.

DATE: **8-10-2018**

OWNER/AGENT: _____

ADDRESS **St Anthony the**

PHONE **Great Orthodox**

_Monroe_ ...

TENANT **Elizabeth Nelson**

TENANT **Elizabeth Nelson**

PHONE _____

_EX 1_

https://mail.google.com/mail/u/0/?ui=...

# RENTAL AGREEMENT

**THIS IS A LEGALLY BINDING CONTRACT.**
**IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.**

The Landlord Protection
LPA
AGENCY ™
www.theLPA.com

The Tenant(s) known as _Albert Thrower_ hereby agree to rent the dwelling located at _Any Available 1-4 Apartment Warren M.I_ _7568 Hudson_ _48091_
The premises are to be occupied by the above named tenants only. Tenant may not sublet premises.

**TERM** The term shall commence on _6-1-14_, at $ _100_ per month payable on the _1_ of each month in full.

**LATE FEES** In the event rent is not paid by the _NA_ (_5th_) day after due date, Tenant agrees to pay a late charge of $_____

**UTILITIES** _Owner_ Tenant shall be responsible for the payment of the following utilities: water, electric, gas, heating fuel, Telephone.

**APPLIANCES** Appliances provided in this rental are: stove, refrigerator, dishwasher, washing machine, dryer, ___air conditioner(s), _____.
Repairs will be born by said Tenants if damage is due to negligence of Tenants.

**SECURITY** Amount of security deposit is $_____. Security shall be held by Landlord until the time said Tenants have vacated the premises and Landlord has inspected it for damages. Tenant shall **not** have the right to apply Security Deposit in payment of any rent. Security deposits must be raised proportionately with rent increases.

**INSURANCE** Tenant is responsible for liability/fire insurance coverage on premises. Tenant agrees to obtain a "Renter's Insurance" policy and to provide Owner or agent with a copy of policy within seven (7) days of lease execution.

**NOTICES** Should tenant decide to vacate the premises, a _10_ day written notice to the landlord is required. Should landlord decide to have tenants vacated, a _10_ day written notice is required. Tenant agrees to allow premises to be shown at any and all reasonable times for re-rental.

**REAL ESTATE COMMISSION** (If applicable) In the event a commission was earned by a real estate broker, Tenant shall not take possession of the premises unless all fees due broker are paid in full as agreed. Commission is payable when this lease is signed by the Tenant(s). It is solely for locating the rental for the Tenant and is not refundable under any circumstances regardless of any disputes or conditions between the Landlord and Tenant before or after occupancy is taken.

**ACKNOWLEDGMENT** Tenants hereby acknowledge that they have read, understand and agree to all parts of this document, and have received a copy.

| | AMOUNT RECEIVED | BALANCE DUE |
|---|---|---|
| **RENT :** | _100_ | |
| **SECURITY:** | | |
| **BROKER'S FEE:** | | |

_+ Management Duties_
_* Albert Thrower * live in any Available Apartment_

**THE UNDERSIGNED TENANT(S) ACKNOWLEDGES RECEIPT OF A COPY HEREOF.**

DATE: _6-1-14_

OWNER/AGENT _Scott Anthony_
_the Great Monastery_
ADDRESS _____

PHONE _____

TENANT _[signature]_

TENANT _Albert Thrower_
PHONE _216 856.6626_
_216 254.3883_

EX 2



MOLINA HEALTHCARE
PO Box 298
Monticel, WI 53566-0298

MDE0000034
04342401
-A00164

ELIZABETH NELSON
7568 HUDSON AVE
WARREN, MI 48091-5912

104 LJILIP1 48091

Do Not Discard: Important Healthcare Information

PRESORTED
FIRST-CLASS
U.S. POSTAGE
PAID
LEHIGH VALLEY,
PA
PERMIT # 113

Ex 4 p 1

**HONDA**
AUTOMOBILE DIVISION
American Honda Motor Co., Inc.
1919 Torrance Blvd., - P.O. Box 2215
Torrance, CA 90509-9870

## SAFETY RECALL NOTICE

VEHICLE
IDENTIFICATION   2HGFA16928H334638
NUMBER

PLEASE DELIVER TO REGISTERED OWNER
KE1



0113237    01 A8 0.409 **AUTO   T0 0 0240 48091-591273   -C02-P1336041

ELIZABETH L NELSON
7568 HUDSON AVE APT A
WARREN MI 48091-5912

**ANYTIME FITNESS.** PO Box 6800
Sherwood, AR 72124-680

PRESORTED
FIRST CLASS



PITNEY BOWES
US POSTAGE
$00.38³
JAN 20 2020
ZIP   48195
000257
21 3008866

on the back.

Elizabeth NELSON2
7568 Hudson Ave
Warren Enhance, MI 48091-5912

Ex 4 p2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER,

     Plaintiffs,

-v-

SERVICE TOWING, INC., et al.,
     Defendants.

Case No. 2:22-cv-10918
Hon. Matthew F. Leitman
Mag. Judge Anthony P. Patti

_____/

Elizabeth Nelson
P.O. Box 1422
Warren, MI 48090
In Pro Per

Albert Thrower
P.O. Box 602637
Cleveland, OH 44102

Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
Attorney for Service Towing, Inc.
Defendants
meadjenn@hotmail.com

Rachel C. Selina (P85430)
255 E. Brown Street, Ste. 320

Birmingham, MI 48009-6209
(248) 645-9680 rselina@berrymoorman.com

_Sullivan_

## DEFENDANT RANDY'S [HERTZ; INCORRECT NAME]
## ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

    NOW COMES Defendant RANDY [HERTZ; INCORRECT NAME], _Sullivan_ by and through

undersigned counsel, pursuant to F.R.Civ.P. 36 and hereby responds to Plaintiffs' joint Requests

For Admissions as follows:

    17.    Admit that there was a privacy fence on the adjacent lot to the 7568 Hudson Ave

Warren MI address 5/1/20 when you towed the 4 cars.  ADMIT/DENY

RESPONSE:  Defendant cannot truthfully admit or deny this request as after a reasonable

inquiry, the information defendant knows or can readily obtain is insufficient to enable defendant

Ex 10 p 1

to admit or deny. As part of the inquiry, defendant reviewed plaintiff's Exhibit N, which is

plaintiff's picture of a wooden fence but plaintiff's photo is so blurred and light that one cannot

see precisely where the wooden fence is or on which property it is located.

18.    Admit that all 4 vehicles towed from the 7568 Hudson Ave Warren MI 48091

address and the adjacent lot had Michigan license plates attached to them ADMIT/DENY

RESPONSE:  Admit.

19.    ADMIT/DENY that a vehicle owner under Michigan law cannot obtain license

plates without showing proof of full coverage insurance

RESPONSE:  Denied, as a vehicle owner in Michigan can obtain license plates by showing

proof of no-fault insurance, which is less coverage than "full coverage insurance".

44.    Admit that ALBERT THROWER recovered 4 vehicles that were towed from

7568 Hudson Ave Warren MI 48091, 5/2/20, 5/3/20 ADMIT/DENY

RESPONSE:  Admit, after a review of the towing invoices.

45.    Admit that when ALBERT THROWER was in the SERVICE TOWING, INC.,

ABLE TOWING LLC office 5/2/20 that a black lady entered the office AFTER THROWER

ENTERED OFFICE and the black lady was not told to wait outside by you or anyone else

working in the office.  ADMIT/DENY

RESPONSE:   Defendant cannot truthfully admit or deny this request as after a reasonable

inquiry, there is no recording, video or document which supports plaintiff's request.  The

information known to defendant or that he can readily obtain is insufficient to enable defendant

to admit or deny.



Ex 10 6

P    2

71. ADMIT/DENY that ELIZABETH NESLON would need a "helper" to retrieve 4 vehicles that were towed by SERVICE TOWING, INC., ABLE TOWING LLC and or Hertz Bros defendants 5/1/20 FROM 7568 Hudson Ave Warren MI 48091

RESPONSE: Denied, as plaintiff Nelson could travel to Service/Able Towing and redeem the vehicles herself.

91. ADMIT/DENY that two of the vehicles towed 5/1/20 from 7568 Hudson Ave Warren MI 48091 were on the concrete drive.

RESPONSE: Denied, as to the best of defendant's knowledge, information and memory, the vehicles were left on the grass.

92. ADMIT/DENY two of the vehicles were taken from behind a privacy fence

RESPONSE: Defendant cannot truthfully admit or deny this request as after a reasonable inquiry, the information defendant knows or can readily obtain is insufficient to enable defendant to admit or deny. As part of the inquiry, defendant reviewed plaintiff's Exhibit N, which is plaintiff's picture of a wooden fence but plaintiff's photo is so blurred and light that one cannot see precisely where the wooden fence is (or on which property it is located) in order to refresh his memory as to the location of each vehicle. Defendant's best memory is that each vehicle was parked on the grass and is unable to recall if any vehicle was behind a privacy fence.

94. Admit/Deny that you entered the property 7568 Hudson Ave Warren MI 48091 5/1/20 and towed 4 vehicles without ever seeing a search warrant

RESPONSE: Defendant admits that on 5/1/20 he, on behalf of the company, did not tow all 4 vehicles and that he did not see a search warrant but in practice and custom, law enforcement does not normally show towing companies or their drivers search warrants.



Ex 10 6

P 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER,

      Plaintiffs,

-v-

SERVICE TOWING, INC., *et al.*,
      Defendants.

Case No. 2:22-cv-10918
Hon. Matthew F. Leitman
Mag. Judge Anthony P. Patti

_____/

Elizabeth Nelson
P.O. Box 1422
Warren, MI 48090
In Pro Per

Albert Thrower
P.O. Box 602637
Cleveland, OH 44102

Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
Attorney for Service Towing, Inc.
Defendants
meadjenn@hotmail.com

Rachel C. Selina (P85430)
255 E. Brown Street, Ste. 320
Birmingham, MI 48009-6209
(248) 645-9680 rselina@berrymoorman.com

## DEFENDANT DENNIS HERTZ'S
## ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

NOW COMES Defendant DENNIS HERTZ, by and through undersigned counsel,

pursuant to F.R.Civ.P. 36 and hereby responds to Plaintiffs' joint Requests For Admissions as

follows:

17.    Admit that there was a privacy fence on the adjacent lot to the 7568 Hudson Ave

Warren MI address 5/1/20 when you towed the 4 cars.  ADMIT/DENY

RESPONSE:  Defendant Dennis Hertz cannot truthfully admit or deny this request as after a

reasonable inquiry, the information defendant knows or can readily obtain is insufficient to



enable defendant to admit or deny. As part of the inquiry, defendant reviewed plaintiff's Exhibit N, which is plaintiff's picture of a wooden fence but plaintiff's photo is so blurred and light that one cannot see precisely where the wooden fence is or on which property it is located.

18. Admit that all 4 vehicles towed from the 7568 Hudson Ave Warren MI 48091 address and the adjacent lot had Michigan license plates attached to them ADMIT/DENY

RESPONSE: Admit.

19. ADMIT/DENY that a vehicle owner under Michigan law cannot obtain license plates without showing proof of full coverage insurance

RESPONSE: Denied, as a vehicle owner in Michigan can obtain license plates by showing proof of no-fault, which is less coverage than "full coverage insurance".

44. Admit that ALBERT THROWER recovered 4 vehicles that were towed from 7568 Hudson Ave Warren MI 48091, 5/2/20, 5/3/20 ADMIT/DENY

RESPONSE: Admit, after a review of the towing invoices.

45. Admit that when ALBERT THROWER was in the SERVICE TOWING, INC., ABLE TOWING LLC office 5/2/20 that a black lady entered the office AFTER THROWER ENTERED OFFICE and the black lady was not told to wait outside by you or anyone else working in the office. ADMIT/DENY

RESPONSE: Defendant cannot truthfully admit or deny this request as after a reasonable inquiry, there is no recording or document which supports plaintiff's request. The information known to defendant or that he can readily obtain is insufficient to enable defendant to admit or deny.



Ex 7
P. 2

71.   ADMIT/DENY that ELIZABETH NESLON would need a "helper" to retrieve 4 vehicles that were towed by SERVICE TOWING, INC., ABLE TOWING LLC and or Hertz Bros defendants 5/1/20 FROM 7568 Hudson Ave Warren MI 48091

RESPONSE:   Denied, as plaintiff Nelson could travel to Service/Able Towing and redeem the vehicles herself.

91.   ADMIT/DENY that two of the vehicles towed 5/1/20 from 7568 Hudson Ave Warren MI 48091 were on the concrete drive.

RESPONSE:   Denied, as to the best of defendant's knowledge, information and memory, the vehicles were left on the grass.

92.   ADMIT/DENY two of the vehicles were taken from behind a privacy fence

RESPONSE:   Defendant cannot truthfully admit or deny this request as after a reasonable inquiry, the information defendant knows or can readily obtain is insufficient to enable defendant to admit or deny.  As part of the inquiry, defendant reviewed plaintiff's Exhibit N, which is plaintiff's picture of a wooden fence but plaintiff's photo is so blurred and light that one cannot see precisely where the wooden fence is (or on which property it is located) in order to refresh his memory as to the location of each vehicle.  Defendant's best memory is that each vehicle was parked on the grass and is unable to recall if any vehicle was behind a privacy fence.

94.   Admit/Deny that you entered the property 7568 Hudson Ave Warren MI 48091 5/1/20 and towed 4 vehicles without ever seeing a search warrant

RESPONSE:   Defendant admits that on 5/1/20 he, on behalf of the company, only towed 1 of the 4 vehicles (and denies that he towed 4 vehicles) and that he did not see a search warrant but in practice and custom, law enforcement does not normally show towing companies search warrants.

EK9 7

P 3

# SERVICE HISTORY REPORT

Printed on 09/17/2018 Monday    11:25:59

Srv Dt 01/01/2017 - 09/17/2018 Clm Type: System Summary  Procedure Type System Summary Procedure Code Use OT Proc code

**ADVANCED CARDIOVASCULAR**
48050 SCHOENHERR RD., #108
SHELBY TOWNSHIP, MI 48315-3848
586-294-5336

**DR LUAY SAYED**
Tax ID: 263705373

**ALBERT THROWER**
1312 W 89TH
CLEVELAND, OH 44102

Account No:          488840
Cash Balance:        0.00
Ins Balance:         0.00

| Date | Dx | Procedure | Qty | Modifier | Fee |
|------|-----|-----------|-----|----------|-----|
| 09/26/17 | I25.10,I21.4 | 92928 ANGIOPLASTY INTRACORONARY | 1.000 | LC | 1,020.00 |
| 09/26/17 | I25.10,I21.4 | 93458 CATH PLACEMENT COR ANGIO W/LV | 1.000 | 26, XU | 525.00 |
| 09/26/17 | I25.10,I21.4 | 93571 FLOW WIRE MEASUREMENT | 1.000 | 26, LC | 165.00 |
| 09/26/17 | I25.10,I21.4 | 99152 MODERATE SEDATION INITIAL 15 | 1.000 | | 25.00 |
| 11/28/17 | I25.110 | 92928 ANGIOPLASTY INTRACORONARY | 1.000 | LD | 1,020.00 |
| 11/28/17 | I25.110 | 93458 CATH PLACEMENT COR ANGIO W/LV | 1.000 | 26, XU | 525.00 |
| 11/28/17 | I25.110 | 99152 MODERATE SEDATION INITIAL 15 | 1.000 | | 25.00 |
| 11/29/17 | I25.110,R07.9 | 99226 OBSERVATION SUBSEQUENT DAY | 1.000 | | 175.00 |

|  |  |
|---|---|
| Total Service Charges : | 3,480.00 |
| Total Patient Payments: | 0.00 |
| Total Insurance Payments: | 0.00 |
| Total Adjustments: | -3,480.00 |

Note: Total payments/adjustments is based on payments/adjustments made during the given date range including the payment made to procedures outside the range

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, and
ALBERT THROWER,

    Plaintiffs,

vs.

Civil Action No. 2:22-cv-10918
Hon. Matthew F. Leitman
Mag. Anthony P. Patti

SERVICE TOWING INC., ABLE TOWING LLC, EDWARD D. HERTZ, President, DENNIS HERTZ, Treasurer, BRUCE HERTZ, Secretary, SANDRA HERTZ, Resident Agent RANDY (JOHN DOE) Driver, Truck 210, BRUCE (JOHN DOE) Driver, Truck 210, DENNIS (JOHN DOE) Driver, Truck 162, JOHN DOES 1-3, City of Warren Property and Maintenance Employees, 2 ZONING DEPARTMENT EMPLOYEES, City of Warren, JOHN DOES 1-3, JOHN DOES 1-4, Warren Police Department Policemen, CITY OF WARREN, JOHN DOE, Warren Chief of Police, JAMES FOUTS, Mayor, ROBERT SCOTT, Supervisor Property and Maintenance Division,

    Defendants.

ELIZABETH NELSON
Plaintiff, In Pro Se
P.O. Box 1422
Warren, MI 44090
313-319-7370

ALBERT THROWER
Plaintiff In Pro Se
P.O. Box 6702
Cleveland, OH 44101
216-536-5626

BERRY MOORMAN P.C.
Attorneys for Named City of Warren Defendants
Mark E. Straetmans (P29158)
Randal C. Salina (P63420)
255 E. Brown St., Suite 320
Birmingham, MI 48009
(248) 645-9680
mstraetmans@berrymoorman.com
rsalina@berrymoorman.com

LAW OFFICES OF JENNIFER E. MEAD

Attorneys for towing Defendants
Jennifer E. Mead (P57106)
P.O. Box 806042
Saint Clair Shores, MI 48080-6042
(313) 445-1250
meadjenn@hotmail.com

**DEFENDANT ROBERT SCOTT'S OBJECTION AND RESPONSE TO PLAINTIFF' FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO DEFENDANT ROBERT SCOTT**

**GENERAL OBJECTIONS**

Defendant, Robert Scott, asserts the foregoing general objections as if fully set forth and stated in each response to Plaintiffs' First Set of Requests for Admissions and Interrogatories and Production of Documents to Robert Scott, whether or not such Objections are actually set forth therein. Any and all responses are made subject to and without waiving these objections.

1. Defendant objects to the Requests, as they are neither relevant nor likely to lead to the discovery of relevant evidence.

2. Defendant objects to the Requests to the extent that they are duplicative.

3. Defendant objects to the Requests as they are overly broad.

4. Defendant objects to the Requests to the extent that they are vague, not specific, compound in nature and ambiguous.

5. Defendant objects to the Requests to the extent that they seek information outside the scope of discovery.

Ex 9 1

6. Defendant objects to the Requests to the extent that they seek to impose obligations over and above those prescribed in the Federal Rules of Civil Procedure.

7. Defendant objects to the Requests to the extent that they seek information solely in the possession and control of third parties.

8. Defendant objects to the Requests to the extent that they seek information that is more or equally available to Plaintiff as it is to Defendants.

9. Defendant reserve the right to add to or amend its response to the Requests if additional information becomes known or for any other reason.

## REQUEST FOR ADMISSION

1. Admit that there was a privacy fence on the adjacent lot to the 7568 Hudson Ave Warren MI 48091 when you towed the 4 cars.

Response: Defendant objects to this request because "privacy fence" is not defined and because Defendant Scott did not tow cars from the property. Without waving these objections, it is admitted only that there is a fence on the property adjacent to 7568 Hudson Ave.

2. Admit that all 4 vehicles towed from the 7568 Hudson Ave Warren MI 48091 address and the adjacent lot had Michigan license plates attached to them.

Response: Defendant neither objects nor denies this allegation and has not been able to obtain an answer to this question despite reasonable efforts to do so.

3. ADMIT/DENY that a vehicle owner under Michigan law cannot obtain license plates without showing proof of full coverage insurance.

Response: Defendant objects as to foundation and because the request calls for a legal conclusion.

4. Admit that ALBERT THROWER recovered the 4 vehicles that were towed from 7568 Hudson Ave Warren MI 48091, 5/2/20, 5/3/20.

Response: Admit.

5. ADMIT/DENY that ELIZABETH NIBLON would need a "helper" to retrieve 4 vehicles that were towed by SERVICE TOWING INC, ABLE

---

TOWING LLC and or Harts Bros defendants 5/1/20 FROM 7568 Hudson Ave Warren MI 48091.

Response: Defendant objects as to foundation, because "helper" is not defined, and because Robert Scott has no way to know of Ms. Niblon's needs.

6. ADMIT/DENY that two of the vehicles towed 5/1/20 from 7568 Hudson Ave Warren MI 48091 were on the concrete drive.

Response: Defendant neither objects nor denies this allegation and has not been able to obtain an answer to this question despite reasonable efforts to do so.

7. ADMIT/DENY two of the vehicles were taken from behind a privacy fence.

Response: Defendant objects to this request because "privacy fence" is not defined and because Defendant Scott did not tow cars from the property. Without waving these objections, it is admitted only that there is a fence on the property adjacent to 7568 Hudson Ave.

8. Admit /Deny that you entered the property 7568 Hudson Ave Warren MI 48091 5/1/20 and towed 4 vehicles without ever seeing a search warrant

Response: Deny

9. Admit / Deny that there is a "privacy fence" on the adjacent lot to 7568 Hudson Ave Warren MI 48091 where 2 of the vehicles were towed from.

Response: This request is repetitive. See response to RFA 1 and 7 above.

10. Admit/Deny that vehicles behind a "privacy fence" would satisfy the 4th Amendment United States Constitution definition of "curtilage" as defined in mass.

Response: Defendant objects as to foundation and because it calls for a legal conclusion. Defendant also notes that the definition of "curtilage" is not defined in the 4th Amendment but has been determined through 4th Amendment case law and jurisprudence.

## INTERROGATORIES

1. Who contacted Service Towing, Inc., Able Towing in re the towing of the 4 vehicles towed from 7568 Hudson Ave. Warren, MI 48091 and the adjacent lot 5/1/2020?

Response: Robert Kujawski - Area 13 inspector.

Ex 9 p2

11. If the answer is YES for question 10 – write down all the Warren Police Officer names

Response: N/A

12. Is it true that the Warren Substation Van Dyke Blvd and Republic Ave cross street responded to towing requests at 7568 Hudson Ave. Warren MI 5/1/20

Response: No.

13. Was Captain William Reichling present for the towing of the 4 vehicles 5/1/20 from 7568 Hudson Ave Warren MI 48091 address and the adjacent lot

Response: No.

14. Are you aware that curtilage begins behind the privacy fence and the area observable from the 7568 Hudson Ave Warren MI 48091 porch?

Response: Defendant objects because this interrogatory is irrelevant and improperly calls for a legal conclusion.

15. Admit that there was a privacy fence on the adjacent lot to the 7568 Hudson Ave Warren MI address 5/1/20 when you towed the 4 cars ADMIT/DENY

Response: Defendant objects to this interrogatory because it is repetitive. See RFA: 1, 7, 9.

16. Admit that all 4 vehicles towed from the 7568 Hudson Ave Warren MI 48091 address and the adjacent lot had Michigan license plates attached to them ADMIT/DENY

Response: Defendant objects to this interrogatory because it is repetitive. See RFA 2.

17. ADMIT/DENY that a vehicle owner under Michigan law cannot obtain license plates without showing proof of full coverage insurance

Response: Defendant objects to this interrogatory because it is repetitive. See RFA 3.

18. To your knowledge did the police, if you admit that they were present 5/1/20 @ 7568 Hudson Ave Warren MI address & adjacent lot run the plates or the vin #'s of the 4 vehicles towed YES/NO

Response: I don't know.

2. What date and time where you contacted in re the towing of the 4 vehicles from the 7568 Hudson Ave. address and the adjacent lot- part 1

Response: I can't recall.

3. Is there a record of the call?

Response: I don't know.

4. If there is a record of the call, please produce same.

Response: Defendant objects to this interrogatory as it improperly seeks the production of documents. However, without waiving objections, Defendant states: I do not have a copy of the call or means to a copy of the call if such a recording exists.

5. When Warren Property and Maintenance tows a vehicle from private property in the city of Warren MI, do you make a record of it? YES/NO

Response: Service Towing makes a record of it and then the City retains those records.

6. If you make a record of it and (3-rewritten herein) produce same

Response: Defendant objects to this interrogatory as it improperly seeks the production of documents. However, without waiving objections, Defendant states: You are already in possession of the records we have.

7. Where you present 5/1/20 @ 7568 Hudson Ave. Warren MI and the adjacent lot when the 4 vehicles were towed   Yes/No

Response: Yes.

8. If No- to part 7, state how you came to tow the 4 vehicles in part one address 7568 Hudson Ave. Warren MI 48091

Response: N/A answered yes.

9. Were the Warren police present for the towing of the 4 vehicles from 7568 Hudson Ave Warren MI 48091 5/1/20 and the adjacent lot. YES/No

Response: No.

10. If the Warren police were present 5/1/20 @ 7568 Hudson Ave. Warren MI 48091 for the towing of the 4 cars, do you know any of the Warren Police names? YES/NO

Response: N/A

Ex 9  73

19. Are you aware that the license plates were issued to the 4 vehicles towed 5/1/20 from the 7260 Hudson Ave address Warren MI 48091 and adjacent lot were in the name of Elizabeth Nelson? YES/NO

Response No.

20. Are you vaccinated for COVID 19? Yes/No

Response: Defendant objects because this interrogatory is irrelevant.

21. If you are vaccinated to COVID 19 how many booster shots did you receive?

Response Defendant objects because this interrogatory is irrelevant.

22. Are you aware that the WHO = World Health Organization declared COVID 19 a world pandemic on or about 3/24/20? YES/NO

Response Defendant objects because this interrogatory is irrelevant and the information is just as readily available to Plaintiff as it is to Defendant.

23. Are you aware that on 5/1/20 when the 4 cars were towed, Gretchen Whitmere had issued emergency orders that were in effect that dictated who could be out in public? YES/NO

Response Defendant objects because this interrogatory is irrelevant and the information is just as readily available to Plaintiff as it is to Defendant.

At no objections:

Respectfully submitted,

BERRY MOORMAN, P.C.

By: /s/ Rachel C. Selina
RACHEL C. SELINA (P85430)
Attorney for Defendants

**JURAT**

The foregoing responses are true to the best of my information, knowledge, and belief. I understand my duty to reasonably supplement all responses throughout litigation.

_____
Robert Scott

STATE OF MICHIGAN )
                  ) ss.
COUNTY OF MACOMB  )

On this 5th day of September, 2023, before me a Notary Public in and for said County personally appeared Robert Scott , Michigan, individual, to me known to be the person who executed the foregoing instrument.

Notary Public, Nicole M. Travers
County, Macomb
My Commission Expires: 4/5/2025

11/28/2020

PNC Online Banking

Privacy    Security    Sign Off

Customer Address                                    Edit        Document Delivery Settings

**ELIZABETH NELSON**                                            **Online Statement Preferences:**
**7508 HUDSON AVE**                                             **Online Document Preferences**                        Edit
**WARREN MI, 48091 - 5912**                                    (What's this?)

Telephone Numbers                                    Edit

**Primary: XXX-XXX-1021**                                      **Notes From PNC:**                        **SUBSCRIBED**
**Secondary: XXX-XXX-2711**

Mobile Numbers                                                  Share information with PNC affiliates for everyday business and    Yes
                                                               marketing purposes.
   **Mobile Number 1: (000) 000-0000**                         Share information with other financial institutions for joint       Yes
                                                               marketing.

**Online Banking E-mail:**         xpresstax100@gmail.com       Edit
**Online Statement E-mail:**       View                        View
**Alerts E-mail:**                 View                        NONE

Online Banking & Bill Pay Guarantee  |  Service Agreement  |  Privacy Policy  |  Online Security

*Ex 10*

# DTE

## Payment Coupon

%2001303301A 000S4977 B

SAINT ANTHONY THE GREAT ORTHODOX MONASTERY
PO BOX 1428
WARREN, MI 48090-1428

| | |
|---|---|
| Account Number | 9200 138 1361 8 |
| Withdrawal Date: | Jul 07, 2021 |
| Withdrawal Amount: | $88.77 |

Please indicate amount paying $

Please return all payment coupons with your check or money order, payable to DTE Energy, five business days
prior to the due date. Do not send cash or attach notes to the payment coupon.

Be sure to write your account number(s) on your check or money order.

### Contact Information

| Gas Leak or Gas Emergency | 800.947.5000 |
|---|---|
| Customer Service or Power Outage | 800.477.4747 |
| Hearing-Impaired TDD Line | 800.688.0888 (Mon-Fri 8am-5pm) |
| Web Site | dteenergy.com |

### Summary of Charges

| | |
|---|---|
| Account Balance as of May 14, 2021 | 73.73 |
| Payment Received Jun 07, 2021 Thank You! | -73.73 |
| Balance Prior to Current Charges | 0.00 |
| Total Current Charges | 88.77 |
| Amount to be Withdrawn June 14, 2021 | 88.77 |
| Amount to be Withdrawn on July 07, 2021 | $88.77 |

| Account Number | 9200 138 1361 8 |
|---|---|

### Programs you are enrolled in

AutoPay

### Your Monthly Energy Usage

For ways to save energy and save money, go to dteenergy.com/saveenergy

**ELECTRIC**

| | Average Usage per day | | | |
|---|---|---|---|---|
| | Current Month | Last Month | Year Ago | |
| KWH Usage | 9.9 | 13.3 | 13.3 | |
| Change | | -26% | -26% | |

KWH

Your usage is based on an ACTUAL meter reading.

### Important Information

**Account Information**

Your average daily electric cost for this billing period was $1.87

The item previously labeled as the Energy Waste Reduction Surcharge has been retained as Other
Delivery Surcharge on your bill. This change is in compliance with Michigan Public Act 342 and does
not impact the price you pay for the Energy Waste Reduction program.

### Detail of Current Charges

**For Service at 7986 Hudson Ave Apt A, Warren, MI**

DTE Electric Company Residential Electric Service

| Current Billing Information | |
|---|---|
| Service Period | May 14, 2021 - Jun 14, 2021 |
| Days Billed | 32 |
| Meter Number | 9995327 84 |
| Meter Reading | 11027 Actual - 20130 Actual |
| KWH Used | 303 |

Your next scheduled meter read date is on or around Jul 14, 2021

| Usage History - Average per day | | | |
|---|---|---|---|
| | Current Month | Last Month | Year Ago |
| KWH Usage | 9.9 | 13.3 | 13.3 |
| Change | | -26% | -26% |

**Power Supply Charges**

| | | |
|---|---|---|
| Power Supply: Capacity Charge | 303 KWH @ 0.042800 | 13.94 |
| Power Supply: Non Capacity Charge | 303 KWH @ 0.041760 | 12.55 |
| Power Supply: Cost Recovery | 303 KWH @ 0.000320 | 0.96 |

**Delivery Charges**

| | | |
|---|---|---|
| Service Charge | | 7.50 |
| Distribution | 303 KWH @ 0.066110 | 20.03 |
| LIEAF Factor | | 0.91 |
| Other Delivery Surcharge | | 1.95 |
| Restricted Michigan Sales Tax | | 5.36 |

**Total DTE Electric Company Current Charges** | | 88.77

**Total Current Charges** | | **$88.77**

If You Smell Natural Gas and DTE Gas Company is Your Natural Gas Provider, Call 800.947.5000.
If it's an odor emergency, leave the building immediately. Do not use electric switches or an open flame. Open doors and windows.

If Your Electricity Goes Out:
Check your fuses or circuit breakers, then see if your neighbors' lights are on. To report an outage or fallen power line, contact
DTE Electric at 800.477.4747 or visit dteenergy.com from a mobile device.

Fallen Power Lines:
Stay at least 20 feet away from a fallen power line and anything it's touching, including metal fences and puddles.
Energy Theft is Illegal and dangerous.
Confidentially report suspected tampering by calling our theft hotline at 800.441.0986.

For More Information:
For more information on your bill or alternative payment methods, call 800.477.4747, visit dteenergy.com, or write to DTE
Energy, One Energy Plaza, Detroit, MI 48226-1221 before the due date.

DTE Electric Company and DTE Gas Company are DTE Energy subsidiaries and are regulated by the Michigan Public Service Commission, Lansing, Michigan.



EX # 11

Account: **1030 3526 5406**

## Consumers Energy

*Count on Us®*

| Auto-pay: | **$82.83** |
|---|---|
| | **June 23, 2021** |

SAINT ANTHONY THE GREAT ORTHODOX MONASTE
1312 W 89TH ST
CLEVELAND OH 44102-1828

**Thank You** - We received your last payment of **$103.63** on May 24, 2021

**Service Address:**
7568 HUDSON AVE
WARREN MI 48091-5912



Total Natural Gas Use (Mcf - thousand cubic feet)

Service Dates: April 28, 2021 - May 26, 2021 (28 days)

Mcf = 1 thousand cubic feet of natural gas can heat an average home for 4 days.

**Stay Safe:** Call 9-1-1 and 800-477-5050. We'll respond day or night.

**Downed power lines.**
Stay 25 feet away. Call from a safe location.

**If you smell natural gas.**
If the "rotten egg" odor of





STATE OF MICHIGAN — REAL ESTATE TRANSFER TAX

**WARRANTY DEED**

KNOW ALL PERSONS BY THESE PRESENTS: That: John Alen Chaplin, Individually and Attorney in fact for Nancy Chaplin, His Wife, whose copy of Power of Attorney is attached hereto

the address of which is: 36996 Mt. Vernon, Washington, MI 48095

convey(s) and warrant(s) to: Saint Anthony The Great Romanian Orthodox Monastery,

the address is: 1447 W. 110th Street, Cleveland, OH 44102

the following described premises situated in the City of Warren, County of Macomb, State of Michigan, to wit:

SEE EXHIBIT A

also known as Property Address: 8096 Packard, 7998 Hudson, 8112 Yadnan, 8236 Republic, Warren, MI 48089

Parcel ID No. 13-34-353-012, 13-34-101-036, 13-68-078-008, 13-57-357-014, 13-57-357-040

These premises may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

The grantor grants to the grantee the right to make (900%) division(s) under section 108 of the land division act, Act No. 288 of the Public Acts of 1967, if no number is inserted, the right to make divisions stays with the portion of the parent together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the sum of Eighty Five Thousand and 00/100 Dollars, (***85,000.00***) Dollars

Subject to existing building and use restrictions, easements of record, and zoning ordinances, if any. This deed is delivered pursuant to and in fulfillment of a certain Land Contract dated 7/10/2012, by and between Grantor and Grantee, and is subject to the acts or omissions of any persons other than Grantees and/or Assigns from and after the date of said Land Contract.

Dated this, June 11, 2012.

Signed by:

_____
John Alen Chaplin

_____
Nancy Chaplin by: John Alen Chaplin
Her attorney in fact, whose Copy of Power of Attorney is attached hereto

This is to certify that according to the County Treasurer's records there are no tax liens or titles held by the property and that the taxes are paid for five years prior to the date on this instrument except as .......... Macomb County Treasurer by ..........

State of : Michigan
County of : Macomb

The foregoing instrument was acknowledged before me on 11th day of June, 2012 by John Alen Chaplin, Individually and Attorney in fact for Nancy Chaplin, His Wife, whose Copy of Power of Attorney is Attached hereto.

CAROLINA MASTEJ
Notary Public, Macomb County, MI
My Commission Expires Oct. 6, 2017
Acting in Macomb County, MI

_____
Notary Public: Carolina Mastej
Notary County: Macomb State: MI
Commission Expires: 10.16.17
Acting in: Macomb

When Recorded return to:
Albert Tanasov
1447 W. 110th Street
Cleveland, OH 44102

Drafted by:
Carol Lubby
1691 Metropolitan Pkwy, Ste 105
Clinton Twp., MI 48097

1/4

Ex 13

**EXHIBIT "A"**

Land situated in the City of Warren, County of Macomb, State of Michigan

Parcel 1:  The west 20 feet of Lot 262 and the east 20 feet of Lot 263, Piper's Second Van Dyke Farms Subdivision, according to the plat thereof as recorded in liber 3, page 115 of Plats, Macomb County Records.

Parcel 2:  Westerly 60 feet of Lot 227, Piper's Second Van Dyke Farms Subdivision, according to the plat thereof as recorded in liber 3, page 115 of Plats, Macomb County Records.

Parcel 3:  Lot 647, Piper's Van Dyke Subdivision No. 4, according to the plat thereof as recorded in liber 4, page 92 of Plats, Macomb County Records.

Parcel 4:  Lot 20, Piper's Van Dyke Subdivision No. 1, according to the plat thereof as recorded in liber 4, page 3 of Plats, Macomb County Records.

Parcel 6:  Lot 126, Piper's Van Dyke Subdivision No. 1, according to the plat thereof as recorded in liber 4, page 3 of Plats,  Macomb County Records.

Commonly Known as: 8065 Packard, 8075 Packard, 7655 Hudson, 8112 Timken, 8235 Republic

Parcel ID: 13-34-152-012, 13-34-151-020, 13-33-276-009, 13-27-351-014, 13-27-357-019

2/4

Ex 13      2/4

**POWER OF ATTORNEY (SELLER)**

KNOW ALL MEN BY THESE PRESENTS, that Nancy Chaplin, whose address is 61603 Mt. Vernon Rd. Washington MI 48094, do hereby constitute and appoint John Allen Chaplin, whose address is 61603 Mt. Vernon Rd. Washington MI 48093, my/our true and lawful attorney in fact for me/us, in my/our stead and on my/our behalf, to do all things as I/we might if personally present, to-wit:

1. To grant, bargain, pledge, sell, transfer, hypothecate and convey all my/our right, title and interest in and to the following described property:

    SEE EXHIBIT A

    Parcel ID: 13-04-452-012, 13-04-451-020, 13-33-276-009, 13-27-351-014, 13-27-357-019

    More commonly known as: 5 parcels in Warren

    For such price and on such terms and conditions as he/she shall deem proper, with or without taking back a purchase money mortgage.

2. To act for me/us and execute all documents, including but not limited to deeds, land contracts, leases, closing and settlement papers, RESPA statements, affidavits, purchase agreements and all other related documents necessary for sale of said property.

3. To collect rents, land contract payments, sale proceeds, mortgage proceeds and all other proceeds that derive from my/our interest as set forth above.

4. Giving and granting unto my/our said attorney full power and authority to do and perform all and every act and thing whatsoever to all intents and purposes requisite and necessary to be done in and about the premises as fully as I/we might or could do if personally present, and hereby ratify and confirm all that my/our said attorney shall lawfully do or cause to be done by virtue of these presents.

Instrument Drafted by:
John Allen Chaplin
61603 Mt. Vernon Rd Washington MI  48094

Return to:
John Allen Chaplin
61603 Mt. Vernon Rd.

3/4

Ex 13

3/4

e-recorded

Third parties may rely upon the representation of any agent as to all matters relating to any power granted to my agent, and no person who may act in reliance upon the representation of any agent or the authority granted to my agent shall incur any liability to me or my estate as a result of permitting any agent to exercise any power, and for the purpose of inducing third parties to rely on this power of attorney, I warrant that, if this power is revoked by me or otherwise terminated, I will indemnify and save such third parties harmless from any loss suffered of liability incurred by such third parties in good faith reliance on the authority of my agent prior to such third party's actual knowledge of revocation or termination of this power of attorney whether such termination is by operation of law or otherwise. This warranty shall bind my heirs, devisees and personal representatives.

Disability of Principal. This power of attorney shall not be affected by my/our disability. The authority of my/our agent shall be exercisable notwithstanding my/our later disability or incapacity or later uncertainty as to whether I/we am/are alive. Any act done by my/our agent during any period of my/our disability or incompetence or during any period or uncertainty as to whether I/we am/are alive shall have the same effect as though I/we were/were alive, competent and not disabled, and shall inure to the benefit of and bind me/us, my/our heirs, devisees, and personal representatives.

Date: 8/7/2012

_Nancy Chaplin_
Nancy Chaplin

State of : MI )
                     )ss.
County of : Macomb )

The foregoing instrument was acknowledged before me on 8/7/2012 by Nancy Chaplin

_Charles Lee Caster_
Notary Public:
Notary County: _Macomb_ State: _Mich_
Commission Expires: _6-14-2013_
Acting in: ___

4/4

Charles Lee Caster, Notary Public
State of Michigan, County of Macomb
My Commission Expires 6/14/2013
Acting in the County of _Macomb_

Ex 13        4/4

October 8, 2018

Mr. Albert Thrower
St. Anthony the Great Romanian Orthodox
8075 Packard
Warren, MI 48089

Re:   Conveyance of Property at 7560 Hudson
      PID # 13-333-278-008

Dear Mr. Thrower:

Enclosed is the title commitment for an Owner's Policy with Standard Exceptions in the amount of $1,000.00.

This policy will insure against any claims from a party whose interest is disclosed on a public record, but not for any unknown boundary line disputes, easements, encroachments or unrecorded rights.   The title company will require a survey to provide a policy without exceptions.

Please look over the documents, and conduct any baseline environmental study, survey or review of the City's building records you would like before we complete the sale.

When you are satisfied with the property, please contact me to schedule the closing at (586) 574-4671 or mmichaels@cityofwarren.org.  All unpaid water bills or property taxes must be paid before we close.  At closing, you will need $1.00 cash for the purchase of the lot, plus a $30 check payable to the Macomb County Register of Deeds and a $275 check payable to ATA National Title Group, LLC for the title insurance.  If you would like the insurance to be greater than $1,000.00, please let me know, and I will let you know what the title company's price would be for a higher policy.

Should you have any questions, or require further information, please feel free to call me at (586) 574-4671, or Paralegal Valerie Lyons Tack at (586) 574-4673.

Respectfully,

Mary Michaels
Chief Assistant City Attorney

MM/vlt Ltr to A Thrower with encl Title Commitment – 7560 Hudson ID 66826

Enclosures
cc:   Tom Bommarito, Economic Development Director

Ex
14

Ex B pt

**Safeco** Insurance.

A Liberty Mutual Company

EMERALD CITY INS AGENCY INC
PO BOX 515097
LOS ANGELES    CA   90051-8571

December 26, 2019

Policy Number:  M1951211

24-Hour Claims:  1-800-578-6701

Policy Service:  1-800-578-6701

Online Account Services:  www.safeco.com

**THIS IS NOT A BILL.**

**IDENTIFICATION CARDS ENCLOSED**

ALBERT THROWER
ELIZABETH L NELSON
7568 HUDSON AVE
WARREN MI  48091-5912

Welcome to Safeco!

We believe insurance shouldn't be any more complex than it has to be.   Welcome to an easier experience with Safeco.

Enclosed is your new automobile policy.   Read it through carefully.   It will give you a detailed description of the type and amount of your coverage, any deductibles (your out-of-pocket costs) that apply and the effective date of your policy.   If, after reading your policy, you have any questions or want to find out about discounts that may apply to your policy, please call 1-800-578-6701.

The premium for your policy is $5,306.40 for the December 26, 2019 to June 26, 2020 policy term. When you receive your billing statement, please review it carefully for the amount and date of your next payment.   Please also verify that your requested payment method is correct.

You can uncomplicate your bill paying experience by choosing our Automatic Deduction Payment Plan, which offers the convenience of monthly deductions from your checking account that can be scheduled any day of the month you like.   Enroll in Automatic Deduction online at www.safeco.com.

For added convenience, visit www.safeco.com and make use of our automated services available to you including, but not limited to:

- Make a payment by online check, or credit card.
- Review your billing history.
- Change your billing due date.
- View your policy documents.
- Order a copy of your policy and/or insurance ID cards.
- Report to us a name change, or change of address.
- Review Safeco's Producer Compensation Disclosure.

For all other assistance please call your agent at 1-800-578-6701.



**PLEASE SEE REVERSE**

**SAFECO INSURANCE COMPANY OF ILLINOIS**

OC-429/EP 10/13

**Safeco Insurance.**
A Liberty Mutual Company

INSURANCE ANSWER CENTER LLC
ATTN: POLICY SUPPORT
PO BOX 515097
LOS ANGELES   CA   90051-5097

December 24, 2019

Policy Number: X5995748
24-Hour Claims: 1-800-495-6578
Policy Service: 1-800-495-6578
Online Account Services: www.safeco.com

°000759°

ALBERT THROWER
1312 W 89TH ST
CLEVELAND OH  44102-1828

**THIS IS NOT A BILL.**
**IDENTIFICATION CARDS ENCLOSED**

Thank you for allowing us to continue serving your insurance needs.

To ensure you are receiving the best coverage and value available, the following changes have been made to your 6-month automobile policy, including those requested by you or your agent or broker.

2012 MAZDA 5
- Vehicle is added.

Your discounts or surcharges have changed.   Please read the enclosed policy declarations page carefully.

This change is effective December 24, 2019.   Please place this letter with your insurance policy. Information on coverages and limits can be found on the revised Declarations page, enclosed.

The additional premium for this change is $92.23.   The billing for this amount will be explained on your next billing statement.   A $174.93 payment for the outstanding bill on your account is due on January 4, 2020.

If you have any questions or wish to make any changes to your policy, you can do so by calling us at 1-800-495-6578.

We appreciate the opportunity to serve you.   Thank you.

Personal Lines Underwriting

Ex 17
P 2

**SAFECO INSURANCE COMPANY OF ILLINOIS**

OC-429/EP 10/13

**Safeco Insurance**™
A Liberty Mutual Company

POLICY NUMBER:  X5995746

# SAFECO INSURANCE COMPANY OF ILLINOIS
# AUTOMOBILE POLICY DECLARATIONS

### (CONTINUED)

**NAMED INSURED:**
ALBERT THROWER
1312 W 89TH ST
CLEVELAND OH  44102-1828

**POLICY PERIOD FROM:  FEB. 28 2020**
**TO:  AUG. 28 2020**

at 12:01 A.M. standard time at
the address of the insured as
stated herein.

**AGENT:**
INSURANCE ANSWER CENTER LLC
ATTN: POLICY SUPPORT
PO BOX 515097
LOS ANGELES    CA    90051-5097

**AGENT TELEPHONE:**
1-800-495-6578

---

| RATED DRIVERS | ALBERT THROWER, ELIZABETH L NELSON |
|---|---|

| 2009 CHEVROLET | SILVERADO K1500 LT 4 DOOR PICK-UP | ID# 1GCEK29J09Z214969 |
|---|---|---|
| 2012 MAZDA | 5 | 4 DOOR STATION WAGON | ID# JM1CW2CL0C0113630 |

**Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.**

|  | 2009 CHEV SILVERADO | 2012 MAZDA 5 |
|---|---|---|
| **LIABILITY:** | | |
| BODILY INJURY | $25,000  $   88.20 | |
|  | Each Person | |
|  | $50,000 | |
|  | Each Occurrence | |
| PROPERTY DAMAGE | $25,000    101.40 | |
|  | Each Occurrence | |
| **UNINSURED MOTORISTS:** | REJECTED | |
| **UNDERINSURED MOTORISTS:** | REJECTED | |
| **COMPREHENSIVE** | Actual Cash Value    62.90 | Actual Cash Value  $   84.80 |
|  | Less $500 Deductible | Less $500 Deductible |
|  | TOTAL $   252.50 | TOTAL $   84.80 |

TOTAL EACH VEHICLE:
| 2008 HOND | $ | 203.20 |
|---|---|---|
| 2012 NISS | | 209.00 |
| 2009 CHEV | | 252.50 |
| 2012 MAZD | | 84.80 |

| **PREMIUM SUMMARY** | | **PREMIUM** |
|---|---|---|
| VEHICLE COVERAGES | | $   749.50 |
| DISCOUNTS & SAFECO SAFETY REWARDS | You saved $379.40 | Included |

**TOTAL 6 MONTH PREMIUM FOR ALL VEHICLES** .................................. $   749.50

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay.  Installment fees for all other billing
plans are listed below.  If more than one policy is billed on the installment bill,
only the highest fee is charged.  The fee is:
    $2.00 per installment for recurring automatic deduction (EFT)
    $5.00 per installment for recurring credit card or debit card
    $5.00 per installment for all other payment methods

YOU SAVED $379.40 BY QUALIFYING FOR THE FOLLOWING DISCOUNTS:
    Advance Quoting
    Low Mileage

*Ex 17*
*P 3*

### -CONTINUED-
### P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90
G15

DATE PREPARED:  JAN. 21 2020

**Safeco Insurance™**
A Liberty Mutual Company

026 LEU-AAB 44102

PRESORTED
FIRST CLASS



USPOSTAGE
JAN 23 2023
ZIP 04074
21 3009560

Ex 17 p4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Nelson
PO Box 1422
WARREN MI 48090

ALBERT THROWER
PO BOX 6702
CLEVELAND, OH 44101

Case: 2:23-cv-11597
Assigned To : Edmunds, Nancy G.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 7/5/2023 3:31 PM
Description: CMP NELSON ET AL V. SCOTT (DA)

         Plaintiffs(s)

Judge:

-vs-

42 USC Section 1983
4th, 5th, 14th Amendment,
Privacy Act violations
Michigan state law
Trespassing, Assault and Battery,
Kidnapping

Jury Trial Demanded

$100 Million USD

VERIFIED Complaint

ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION
SUPERVISOR rscott@*cityofwarren*.org.
SUITE 315. ONE CITY SQUARE, *WARREN*, MI, 48093

SERVICE TOWING INC
6006 Rinke Ave
Warren MI  48091

ABLE TOWING LLC
6006 Rinke Ave
Warren MI 48091


EX 18

Article D

# Invoice

**SERVICE TOWING INC**
6006 RINKE
WARREN MI 48091
586-756-9500

Invoice #: 324068
Invoice Date: 05/01/20
P.O. #:

**Bill To:**
OWNER

**Owner Information:**
ELIZABETH NELSON
7568 HUDSON
WARREN MI

| Description | |
|---|---|
| Vehicle: 2012 Nissan Sentra 4 Door Sedan SILVER | |
| VIN: 3N1AB6AP4CL706413 | |
| License: 8MUE50 MI | |
| Location: 7528 HUDSON MI | |
| Destination: RINKE MI | |
| Reason: PPI | |
| Reqd By: WARREN POLICE DEPARTMENT | |
| Tow Type: LIGHT DUTY | |
| Caller Name: CODE ENFORCEMENT | |
| Incident #: 20-18749 | |
| Driver: Dennis | |
| Truck: 162 | |
| Released To/By: | |
| | |
| **Charge Details** | **Amount** |
| Towing | $145.00 |
| CITY | $50.00 |
| STATE | $40.00 |
| Storage: In: 05/01/20  Out: 05/02/20 14:41    2.0 days @ $20.00 | $40.00 |
| | |
| | |
| | |
| | |
| | |

| | |
|---|---|
| **Total** | $275.00 |
| **Discount** | $0.00 |
| **Amount Paid** | -$275.00 |
| **Balance Due** | $0.00 |

Ex 19 p 1

Signature: _____

Payment Method: CASH

Article C

# Invoice

SERVICE TOWING INC
6006 RINKE
WARREN MI 48091
586-756-9500

Invoice #: 324069
Invoice Date: 05/01/20
P.O. #:

**Bill To:**
OWNER

**Owner Information:**
ELIZABETH NELSON
8075 PACKARD AVE APT 2
WARREN MI 48089

| Description | |
|---|---|
| Vehicle: 2012 Mazda Mazda5 4 Door Wagon BLACK | |
| VIN: JM1CW2CL0C0101363 | |
| License: 8MDJ86 MI | |
| Location: 7528 HUDSON MI | |
| Destination: RINKE MI | |
| Reason: PPI | |
| Reqd By: WARREN POLICE DEPARTMENT | |
| Tow Type: LIGHT DUTY | |
| Caller Name: CODE ENFORCEMENT | |
| Incident #: 20-18751 | |
| Driver: Bruce | |
| Truck: 210 | |
| Released To/By: OWNER | |
| | |
| **Charge Details** | **Amount** |
| Towing | $145.00 |
| CITY | $50.00 |
| STATE | $40.00 |
| Storage: In: 05/01/20  Out: 05/04/20 17:57      4.0 days @ $20.00 | $80.00 |
| | |
| | |
| | |
| | |
| | |

| | |
|---|---|
| **Total** | $315.00 |
| **Discount** | $0.00 |
| **Amount Paid** | -$315.00 |
| **Balance Due** | $0.00 |

Ex 19 p 2

Signature: _____     Payment Method: CASH

Article B

# Invoice

**SERVICE TOWING INC**
6006 RINKE
WARREN MI 48091
586-756-9500

Invoice #: 324067
Invoice Date: 05/01/20
P.O. #:

**Bill To:**
OWNER

**Owner Information:**
ELIZABETH NELSON
8075 PACKARD AVE APT 2
WARREN MI 48089

| Description | |
|---|---|
| Vehicle: 2012 Mazda Mazda5 4 Door Wagon SILVER | |
| VIN: JM1CW2BLXC0125056 | |
| License: CZR603 MI | |
| Location: 7528 HUDSON MI | |
| Destination: RINKE MI | |
| Reason: PPI | |
| Reqd By: WARREN POLICE DEPARTMENT | |
| Tow Type: LIGHT DUTY | |
| Caller Name: CODE ENFORCEMENT | |
| Incident #: 20-18750 | |
| Driver: RANDY | |
| Truck: 226 | |
| Released To/By: OWNER | |
| | |
| **Charge Details** | **Amount** |
| Towing | $145.00 |
| CITY | $50.00 |
| STATE | $40.00 |
| Storage: In: 05/01/20  Out: 05/04/20 17:56     4.0 days @ $20.00 | $80.00 |
| | |
| | |
| | |
| | |
| | |
| | |

| | |
|---|---|
| **Total** | $315.00 |
| **Discount** | $0.00 |
| **Amount Paid** | -$315.00 |
| **Balance Due** | $0.00 |

Ex 19 P3

Signature: _____

Payment Method: CASH

Article A

# Invoice

SERVICE TOWING INC
6006 RINKE
WARREN MI 48091
586-756-9500

Invoice #: 324070
Invoice Date: 05/01/20
P.O. #:

**Bill To:**
OWNER

**Owner Information:**
ELIZABETH NELSON
7568 HUDSON
WARREN MI

| Description | |
|---|---|
| Vehicle: 2009 Chevrolet Silverado 4 Door Cab; Ext GRAY | |
| VIN: 1GCEK29J09Z214969 | |
| License: FCJ4870 MI | |
| Location: 7528 HUDSON MI | |
| Destination: RINKE MI | |
| Reason: PPI | |
| Reqd By: WARREN POLICE DEPARTMENT | |
| Tow Type: LIGHT DUTY | |
| Caller Name: CODE ENFORCEMENT | |
| Incident #: 20-18752 | |
| Driver: RANDY | |
| Truck: 226 | |
| Released To/By: | |
| | |
| **Charge Details** | **Amount** |
| Towing | $145.00 |
| CITY | $50.00 |
| STATE | $40.00 |
| Storage: In: 05/01/20 Out: 05/02/20 14:41    2.0 days @ $20.00 | $40.00 |
| | |
| | |
| | |
| | |
| | |
| | |

| | |
|---|---|
| **Total** | $275.00 |
| **Discount** | $0.00 |
| **Amount Paid** | -$275.00 |
| **Balance Due** | $0.00 |

EX 19 p 4

Signature: _____     Payment Method: CASH



Ex 20

https://warrenm      end.com/qalert/ServiceRequestPrintOv



**Uploaded On:**          **Friday, May 01, 2020 10:05 AM**

Ex 4/5  20  p2

# LARA Corporation Online Filing System
## Department of Licensing and Regulatory Affairs

**ID Number: 802288046**

Request certificate    Return to Results    New search

**Summary for: SAINT ANTHONY THE GREAT ORTHODOX MONASTERY**

**The name of the DOMESTIC NONPROFIT CORPORATION:** SAINT ANTHONY THE GREAT ORTHODOX MONASTERY

**Entity type:** DOMESTIC NONPROFIT CORPORATION

**Identification Number:** 802288046

**Date of Incorporation in Michigan:** 02/26/2019

**Purpose:** Other

**Term:** Perpetual

**Most Recent Annual Report:**                **Most Recent Annual Report with Officers & Directors:**

**The name and address of the Resident Agent:**

| | | | | |
|---|---|---|---|---|
| Resident Agent Name: | ALBERT THROWER | | | |
| Street Address: | 7568 HUDSON AVE | | | |
| Apt/Suite/Other: | | | | |
| City: | WARREN | State: MI | Zip Code: | 48091 |

**Registered Office Mailing address:**

| | | | | |
|---|---|---|---|---|
| P.O. Box or Street Address: | PO BOX 1422 | | | |
| Apt/Suite/Other: | | | | |
| City: | WARREN | State: MI | Zip Code: | 48090 |

**Act Formed Under:** 162-1982 Nonprofit Corporation Act
**Acts Subject To:** 162-1982 Nonprofit Corporation Act

**Total Authorized Shares:** 100

**Written Consent**

**View filings for this business entity:**

ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION

Ex 21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## CLASS ACTION

NILI 2011, LLC,

EETBL, LLC

&

INVESTMENT REALTY SERVICES, LLC
D/B/A SBYC GARNER, LLC

Plaintiffs,

CITY OF WARREN,

Defendant.

Case No. 15-13392
Hon. Gershwin A. Drain
Mag. Judge R. Steven Whalen

---

THE LAW OFFICES OF
AARON D. COX, PLLC
By: AARON D. COX (P69346)
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664

GARAN, LUCOW, MILLER, P.C.
By: JOHN GILLOOLY (P41948)
Attorney for Defendant
1155 Brewery Park Blvd, Ste 200
Detroit, MI 48207
(313) 446-5501

MARK K. WASVARY, P.C.
By: MARK K. WASVARY (P51575)
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 6495667

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of

execution between NILI 2011, LLC, EETBL, LLC and INVESTMENT REALTY SERVICES, LLC, d/b/a SBYC GARNER, LLC (hereinafter collectively referred to as "Plaintiffs") on behalf of themselves and a class of similarly-situated persons and entities (identified and defined below as the "Settlement Class") and CITY OF WARREN ("Defendant"). Plaintiffs, the Settlement Class, and Defendant are collectively referred to as the "Parties."

WHEREAS, on behalf of themselves and a putative class of similarly-situated persons and entities, Plaintiffs filed a civil action against Defendant that is pending in the United States District Court for the Eastern Division of Michigan, entitled *NILI 2011, LLC et al. v City of Warren*, Case No. 15-cv-13392 (the "Lawsuit"); and

WHEREAS, Plaintiffs have filed class action allegations that Defendant violated state and federal law due to its improper administration of the City's Property Maintenance Ordinance including, but not limited to the Fourth and Fourteenth Amendment, and violations of due process under the International Property Maintenance Code ("IPMC"); and

WHEREAS, the Court certified two classes in the Lawsuit on May 23, 2017; and

WHEREAS, without admitting or conceding fault or liability or the validity of Plaintiffs claims, point of law or point of fact, or that Plaintiffs or any proposed Class Member are entitled to any relief as a result of Defendant's conduct, Defendant has

Ex 22 p 1-2

agreed to settle all disputes regarding infraction tickets, due process claims or monies that may have been paid stemming from Defendant's enforcement of it's Property Maintenance Ordinance, including but not limited to all claims of the Settlement Class which were made or could have been made in the Lawsuit; and

WHEREAS, without admitting or conceding fault or liability, Defendant has agreed to settle the claims against it by making up to a total of $750,000.00 available to fund this settlement, and waiver of residential rental re-inspection fees for four years; and

WHEREAS, Class Counsel (identified below), after evaluating the merits have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties; and

WHEREAS, the putative Settlement Class includes approximately 8,000 persons and entities who or which were subject to residential rental inspections under the IPMC as adopted by the City of Warren; and

WHEREAS, the Parties each acknowledge that they have not admitted liability to any other Party and enter into this Agreement solely to avoid the expense, uncertainty, and inconvenience of litigation; and

WHEREFORE, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's

3

approval, upon the following terms and conditions:

1. Recitals. The above described recitals are incorporated herein and made a part hereof.

2. For Settlement Only. This Agreement is entered into for purposes of resolving all disputes between Defendant and Plaintiffs and the Settlement Class. Assertions, statements, and representations herein are for settlement purposes only. If this Agreement or a modified version thereof that is acceptable to all Parties is not finally approved by the Court, then the Parties expressly agree that this Agreement is null and void and may not be used by any party for any reason.

3. Certification of the Settlement Class. The Parties hereby stipulate, for purposes of settlement only, to certification of the two Classes previously certified by the Court on May 23, 2017, also referred to collectively as the "Settlement Class" defined as follows:

1) All persons and entities who paid rental registration and inspection fees to the City of Warren pursuant to the ordinance permitting searches without a warrant;

2) All persons and entities that currently own or at one time owned any parcel of real property located within the City of Warren for the purpose of renting or leasing a residential structure or multiple family unit on that property who or which has been issued a civil infraction for failing to obtain a certificate of compliance and subsequently paid them, stemming from an inspection under the IPMC and the City Code, at any time since September 28, 2009 and through the date of final judgment.

Excluded from the Settlement Class are Defendant, including any of its parents,

4

Ex 22 p 3-4

subsidiaries, affiliates or controlled persons, as well as its officers, directors, agents, servants, and employees, and the immediate family members of such persons.

4. **Representation of the Settlement Class.** Plaintiffs will be appointed as the "Class Representatives" and attorneys Aaron D. Cox of The Law Offices Aaron D. Cox, PLLC and Mark K. Wasvary of Mark K. Wasvary, P.C. will be appointed as "Class Counsel."

5. **Preliminary Approval.** The Parties will jointly move the Court for the entry of an order preliminarily approving this settlement. A proposed "Order Preliminarily Approving Class Action Settlement" (the "Preliminary Approval Order") is attached as Exhibit A. If the Court does not enter a preliminary approval order substantially in the form of Exhibit A or a modified version thereof which is acceptable to all Parties, then this Agreement shall be null and void.

6. **CAFA Notices.** Within ten (10) days of filing this Settlement Agreement with the Court, Defendant's counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1717(b), to be issued to the Attorney General for the United States, as well as the Michigan Attorney General.

7. **The Settlement Fund.** Defendant agrees to make available a common fund of up to $750,000.00 (the "Settlement Fund") to pay valid Class Member claims, to pay an incentive payment to the Class Representatives, to pay attorney's fees and reasonable litigation expenses, not limited to costs, to Class Counsel, and to pay for

the costs and expenses associated with Claims Administration, as approved by the Court. Any unclaimed portion of the Settlement Fund shall revert to Defendant in accordance with paragraph 15 of this Agreement. Defendant also agrees to waive residential rental re-inspection fees for four years. The Parties stipulate the value of the waiver is $240,000.00.

8. **Notice.** The Parties will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit B (the "Notice"), and request approval to send notice to the Settlement Class to the last known mailing address of Class Members as previously provided by Defendant by way of postcard mailing or first class mailing, whichever is more practical. The Claims Administrator will cause an abbreviated version of the Notice to be published in a weekend edition of the Macomb Daily. The Settlement Agreement, Notice and Claim Form will also be available at a website maintained by the Class Counsel.

9. **Claim Forms.** Settlement Class Members must submit fully completed and executed claim forms to receive their share of the Settlement Fund. Claim Forms will be due within 60 days after the Notice is mailed (the "Claims Due Date"). Class Members may make a claim for $100.00 each. Valid claims of the Class will be paid at the Class Members' *pro rata* share of the Settlement Fund minus payments made for attorney's fees and costs as approved by the Court, the costs of Claims Administration

Ex 22 p 5-6

and the payments made to the Class Representatives.[1] Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund.

10.   Incentive Award, Attorney's Fees, and Out of Pocket Expenses. Subject to the Court's approval, Defendant will pay each named Plaintiff $10,000.00 from the Settlement Fund for representing the Settlement Class as the Class Representatives. Subject to the Court's approval, Defendant will pay attorney's fees to Class Counsel in an amount equal to 37.5% of the total of the Settlement Fund, plus the value of the four-year waiver of re-inspection fees, before any other deduction ($371,250.00), plus reasonable out-of-pocket expenses, up to $15,000.00, all payable from the Settlement Fund. Defendant will not object to or oppose any of these payments. The awards will be set forth in the Final Approval Order and paid exclusively from the Settlement Fund as provided herein.

11.   Final Approval. At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Plaintiffs and Plaintiffs' counsel shall request that the Court enter an order finally approving the settlement and all its terms in the form attached hereto as Exhibit C (the "Final Approval Order"). The fact that the Court may require non-substantive changes

[1] Class Member will be paid 100% of a valid claim, unless the amount of valid claims exceeds the amount available from the Settlement Fund.

7

in the Final Approval Order will not invalidate this Agreement or the settlement. If the Court does not enter a final approval order substantially in the form of Exhibit C or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

12.   Equitable Relief. If inspections are required by the City of Warren under its Property Maintenance Ordinance and an inspection of the property is refused, the City of Warren shall seek an administrative warrant for such inspection.

As it pertains to the City's Property Maintenance Ordinance and it's adoption of the IPMC, the City of Warren shall comply with all proper notice requirements set forth in the IPMC, including, but not limited to notice of the right to appeal a violation to an impartial Board of Appeals.

The City of Warren shall waive all re-inspection fees related to residential rental property under the Property Maintenance Ordinance for a period of four years commencing upon the effective date of the Final Approval Order entered in the Lawsuit. The parties stipulate that the value of this waiver to Class Members is $240,000.00.

13.   Effective Date. This Agreement shall not be effective until the Effective Date. "Effective Date" means the calendar date thirty days after the later of (a) the Court enters the Final Approval Order, substantially in the form of Exhibit C to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims

8

EX 22 P 7-8

of all Settlement Class Members (including Plaintiffs) who did not properly exclude themselves pursuant to the Stipulated Order Authorizing Notice of Class Certification (ECF Doc #62) or (b) if any Settlement Class Member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

14. Claims Administrator: Class-Settlement.com shall be the Claims Administrator who will mail the class notice, receive the claim forms, assist Class Members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the Claims Administrator regarding the validity of claims shall be final and binding.

15. Claims Processing and Payment: Within thirty days of entry of the Final Approval Order, Defendant shall deliver funds to the Claims Administrator to pay the claims. Checks issued to the Settlement Class members will be void 181 days after issuance and shall state that fact on their face. Any Settlement Class Member who does not negotiate the settlement payment check issued to the Settlement Class Member within 181 days of the date of the settlement check, agrees to forfeit and waive any right for compensation under the settlement. Within thirty (30) days after expiration of the 181-day period, all unclaimed money in the Settlement Fund shall revert to

Defendant.

16. Payment of Incentive Award, Fees and Expenses. On the Effective Date, the Claims Administrator shall pay from the Settlement Fund the attorney's fees, expenses, and incentive award approved by the Court in the Final Approval Order. Payment of the incentive award, attorney's fees, and expenses shall be made by wire transfer to the "Law Offices of Aaron D. Cox, PLLC Client Trust Account"

17. Releases. Subject to and effective upon entry of the Final Approval Order, all Settlement Class Members who are not validly excluded from the Settlement Class as determined by the Court, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant and its directors, officers, shareholders, employees, agents, insurers, re-insurers, affiliates, departments, and other associated entities and their successors and heirs (the "Releasees") from liability for any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, which Plaintiffs and the Settlement Class Members have, had or may have against the Releasees, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or which have been, could have been, or in the future might be asserted against Releasees, that arise out of any infraction tickets, due process claims or monies paid stemming from Defendant's administration of it's Property Maintenance Ordinance, during the Class Period (the

Ex 22 p. 9-10

"Released Claims"). This Agreement and the Settlement Class will not release claims regarding any claims outside the Class Period.

18.   Class Enjoined. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as Class Members or otherwise, or receiving any benefit or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

19.   Cooperation. Plaintiffs and Defendant agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement

11

provided for herein. Defendant agrees to cooperate in verifying that a Class Member making a claim had a registered residential dwelling during the class period.

20.   Agreement Contingent Upon Entry of Final Approval Order. This Agreement is contingent upon the Court's entry of an order substantially in the form of Exhibit C or in some other form which is acceptable to all the Parties, containing a judgment giving final approval to the terms of this Agreement, which becomes a final and non-appealable order. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or substantially modified on appeal in a manner which is not acceptable to all Parties, then this Agreement shall be null and void and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party. No Party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

21.   Notices. Objections to the Agreement or settlement, and notices to Plaintiffs and the Settlement Class shall be sent to:

Mark K. Wasvary
Mark K. Wasvary, P.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084

John J. Gillooly
Garan, Lucow, Miller, P.C.
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207

12

Ex 22  P 11-12

22. <u>Court Submission</u>. Class Counsel and Defendant's counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval to the settlement and to order notice of hearing for final approval with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

23. <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.

24. <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

25. <u>Binding and Benefitting Others</u>. This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees,

13

representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest.

26. <u>Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

27. <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Michigan, without regard to its conflict of laws or choice of law provisions.

28. <u>Mutual Interpretation</u>. The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. This Agreement is not one of adhesion, is mutually created and no ambiguity shall be construed in favor of or against any of the Parties. The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendant regarding the merits of the claims or class certification and Defendant acknowledges, but does not concede to or agree with, the Settlement Class's statements regarding the merits of the claims or

14

Ex 22   P 13-14

of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

**CITY OF WARREN**

By: _____ Dated: _____

Its:

By: _Stacey Gilloly (Per Email)_ Dated: _5-14-18_

John P. Gillooly (P41948)

Attorney for Defendant

**NLLI 2011, LLC**

By: _____ Dated: _____

Its:

**EETBL, LLC**

By: _____ Dated: _____

Its:

**INVESTMENT REALTY SERVICES, LLC,**
**d/b/a SBYC GARNER, LLC**

By: _____ Dated: _____

Its:

16

class certification.

29. Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail are acceptable for the execution of this Agreement and shall be treated as if original signatures.

30. Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

31. Continuing Jurisdiction. Without affecting the finality of the final judgment, the parties will ask the Court to retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, regarding the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation

15

EK 22 P 15-16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## CLASS ACTION

NILI 2011, LLC,

EETBL, LLC

&

INVESTMENT REALTY SERVICES, LLC
D/B/A SBYC GARNER, LLC

    Plaintiffs,

CITY OF WARREN,

    Defendant.

Case No. 15-13392
Hon. Gershwin A. Drain
Mag. Judge R. Steven Whalen

---

THE LAW OFFICES OF
AARON D. COX, PLLC
By: AARON D. COX (P69346)
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664

MARK K. WASVARY, P.C.
By: MARK K. WASVARY (P51575)
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

GARAN, LUCOW, MILLER, P.C.
By: JOHN GILLOOLY (P41948)
Attorney for Defendant
1155 Brewery Park Blvd., Ste 200
Detroit, MI 48207
(313) 446-5501

---

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of

execution between NILI 2011, LLC, EETBL, LLC and INVESTMENT REALTY SERVICES, LLC, d/b/a SBYC GARNER, LLC (hereinafter collectively referred to as "Plaintiffs") on behalf of themselves and a class of similarly-situated persons and entities (identified and defined below as the "Settlement Class") and CITY OF WARREN ("Defendant"). Plaintiffs, the Settlement Class, and Defendant are collectively referred to as the "Parties."

WHEREAS, on behalf of themselves and a putative class of similarly-situated persons and entities, Plaintiffs filed a civil action against Defendant that is pending in the United States District Court for the Eastern Division of Michigan, entitled NILI 2011, LLC et al. v City of Warren, Case No. 15-cv-13392 (the "Lawsuit"); and

WHEREAS, Plaintiffs have filed class action allegations that Defendant violated state and federal law due to its improper administration of the City's Property Maintenance Ordinance including, but not limited to the Fourth and Fourteenth Amendment, and violations of due process under the International Property Maintenance Code ("IPMC"); and

WHEREAS, the Court certified two classes in the Lawsuit on May 23, 2017, and

WHEREAS, without admitting or conceding fault or liability or the validity of Plaintiffs claims, point of law or point of fact, or that Plaintiffs or any proposed Class Member are entitled to any relief as a result of Defendant's conduct, Defendant has

2

Ex 22 p 1-2

agreed to settle all disputes regarding infraction tickets, due process claims or monies that may have been paid stemming from Defendant's enforcement of it's Property Maintenance Ordinance, including but not limited to all claims of the Settlement Class which were made or could have been made in the Lawsuit; and

WHEREAS, without admitting or conceding fault or liability, Defendant has agreed to settle the claims against it by making up to a total of $750,000.00 available to fund this settlement, and waiver of residential rental re-inspection fees for four years; and

WHEREAS, Class Counsel (identified below), after evaluating the merits have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties; and

WHEREAS, the putative Settlement Class includes approximately 8,000 persons and entities who or which were subject to residential rental inspections under the IPMC as adopted by the City of Warren; and

WHEREAS, the Parties each acknowledge that they have not admitted liability to any other Party and enter into this Agreement solely to avoid the expense, uncertainty, and inconvenience of litigation; and

WHEREFORE, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's

3

approval, upon the following terms and conditions:

1. Recitals. The above described recitals are incorporated herein and made a part hereof.

2. For Settlement Only. This Agreement is entered into for purposes of resolving all disputes between Defendant and Plaintiffs and the Settlement Class. Assertions, statements, and representations herein are for settlement purposes only. If this Agreement or a modified version thereof that is acceptable to all Parties is not finally approved by the Court, then the Parties expressly agree that this Agreement is null and void and may not be used by any party for any reason.

3. Certification of the Settlement Class. The Parties hereby stipulate, for purposes of settlement only, to certification of the two Classes previously certified by the Court on May 23, 2017, also referred to collectively as the "Settlement Class" defined as follows:

1) All persons and entities who paid rental registration and inspection fees to the City of Warren pursuant to the ordinance permitting searches without a warrant;

2) All persons and entities that currently own or at one time owned any parcel of real property located within the City of Warren for the purpose of renting or leasing a residential structure or multiple family unit on that property who or which has been issued a civil infraction for failing to obtain a certificate of compliance and subsequently paid them, stemming from an inspection under the IPMC and the City Code, at any time since September 28, 2009 and through the date of final judgment.

Excluded from the Settlement Class are Defendant, including any of its parents,

4

Ex 22 P 3-4

subsidiaries, affiliates or controlled persons, as well as its officers, directors, agents, servants, and employees, and the immediate family members of such persons.

4.    Representation of the Settlement Class. Plaintiffs will be appointed as the "Class Representatives" and attorneys Aaron D. Cox of The Law Offices Aaron D. Cox, PLLC and Mark K. Wasvary of Mark K. Wasvary, P.C. will be appointed as "Class Counsel."

5.    Preliminary Approval. The Parties will jointly move the Court for the entry of an order preliminarily approving this settlement. A proposed "Order Preliminarily Approving Class Action Settlement" (the "Preliminary Approval Order") is attached as Exhibit A. If the Court does not enter a preliminary approval order substantially in the form of Exhibit A or a modified version thereof which is acceptable to all Parties, then this Agreement shall be null and void.

6.    CAFA Notices. Within ten (10) days of filing this Settlement Agreement with the Court, Defendant's counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1717(b), to be issued to the Attorney General for the United States, as well as the Michigan Attorney General.

7.    The Settlement Fund. Defendant agrees to make available a common fund of up to $750,000.00 (the "Settlement Fund") to pay valid Class Member claims, to pay an incentive payment to the Class Representatives, to pay attorney's fees and reasonable litigation expenses, not limited to costs, to Class Counsel, and to pay for

the costs and expenses associated with Claims Administration, as approved by the Court. Any unclaimed portion of the Settlement Fund shall revert to Defendant in accordance with paragraph 15 of this Agreement. Defendant also agrees to waive residential rental re-inspection fees for four years. The Parties stipulate the value of the waiver is $240,000.00.

8.    Notice. The Parties will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit B (the "Notice"), and request approval to send notice to the Settlement Class to the last known mailing address of Class Members as previously provided by Defendant by way of postcard mailing or first class mailing, whichever is more practical. The Claims Administrator will cause an abbreviated version of the Notice to be published in a weekend edition of the Macomb Daily. The Settlement Agreement, Notice and Claim Form will also be available at a website maintained by the Class Counsel.

9.    Claim Forms. Settlement Class Members must submit fully completed and executed claim forms to receive their share of the Settlement Fund. Claim Forms will be due within 60 days after the Notice is mailed (the "Claims Due Date"). Class Members may make a claim for $100.00 each. Valid claims of the Class will be paid at the Class Members' pro rata share of the Settlement Fund minus payments made for attorney's fees and costs as approved by the Court, the costs of Claims Administration

Ex 22 p 5-6

and the payments made to the Class Representatives.[1] Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund.

10. <u>Incentive Award Attorney's Fees, and Out of Pocket Expenses.</u> Subject to the Court's approval, Defendant will pay each named Plaintiff $10,000.00 from the Settlement Fund for representing the Settlement Class as the Class Representatives. Subject to the Court's approval, Defendant will pay attorney's fees to Class Counsel in an amount equal to 37.5% of the total of the Settlement Fund, plus the value of the four-year waiver of re-inspection fees, before any other deduction ($371,250.00), plus reasonable out-of-pocket expenses, up to $15,000.00, all payable from the Settlement Fund. Defendant will not object to or oppose any of these payments. The awards will be set forth in the Final Approval Order and paid exclusively from the Settlement Fund as provided herein.

11. <u>Final Approval.</u> At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Plaintiffs and Plaintiffs' counsel shall request that the Court enter an order finally approving the settlement and all its terms in the form attached hereto as Exhibit C (the "Final Approval Order"). The fact that the Court may require non-substantive changes

[1] Class Member will be paid 100% of a valid claim, unless the amount of valid claims exceeds the amount available from the Settlement Fund.

7

in the Final Approval Order will not invalidate this Agreement or the settlement. If the Court does not enter a final approval order substantially in the form of Exhibit C or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

12. <u>Equitable Relief.</u> If inspections are required by the City of Warren under its Property Maintenance Ordinance and an inspection of the property is refused, the City of Warren shall seek an administrative warrant for such inspection.

As it pertains to the City's Property Maintenance Ordinance and it's adoption of the IPMC, the City of Warren shall comply with all proper notice requirements set forth in the IPMC, including, but not limited to notice of the right to appeal a violation to an impartial Board of Appeals.

The City of Warren shall waive all re-inspection fees related to residential rental property under the Property Maintenance Ordinance for a period of four years commencing upon the effective date of the Final Approval Order entered in the Lawsuit. The parties stipulate that the value of this waiver to Class Members is $240,000.00.

13. <u>Effective Date.</u> This Agreement shall not be effective until the Effective Date. "Effective Date" means the calendar date thirty days after the later of (a) the Court enters the Final Approval Order, substantially in the form of Exhibit C to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims

8

Ex 22 · P 7-8

of all Settlement Class Members (including Plaintiffs) who did not properly exclude themselves pursuant to the Stipulated Order Authorizing Notice of Class Certification (ECF Doc #62) or (b) if any Settlement Class Member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

14. Claims Administrator. Class-Settlement.com shall be the Claims Administrator who will mail the class notice, receive the claim forms, assist Class Members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the Claims Administrator regarding the validity of claims shall be final and binding.

15. Claims Processing and Payment. Within thirty days of entry of the Final Approval Order, Defendant shall deliver funds to the Claims Administrator to pay the claims. Checks issued to the Settlement Class members will be void 181 days after issuance and shall state that fact on their face. Any Settlement Class Member who does not negotiate the settlement payment check issued to the Settlement Class Member within 181 days of the date of the settlement check, agrees to forfeit and waive any right for compensation under the settlement. Within thirty (30) days after expiration of the 181-day period, all unclaimed money in the Settlement Fund shall revert to

Defendant.

16. Payment of Incentive Award, Fees, and Expenses. On the Effective Date, the Claims Administrator shall pay from the Settlement Fund the attorney's fees, expenses, and incentive award approved by the Court in the Final Approval Order. Payment of the incentive award, attorney's fees, and expenses shall be made by wire transfer to the "Law Offices of Aaron D. Cox, PLLC Client Trust Account"

17. Releases. Subject to and effective upon entry of the Final Approval Order, all Settlement Class Members who are not validly excluded from the Settlement Class as determined by the Court, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant and its directors, officers, shareholders, employees, agents, insurers, re-insurers, affiliates, departments, and other associated entities and their successors and heirs (the "Releasees") from liability for any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, which Plaintiffs and the Settlement Class Members have, had or may have against the Releasees, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or which have been, could have been, or in the future might be asserted against Releasees, that arise out of any infraction tickets, due process claims or monies paid stemming from Defendant's administration of it's Property Maintenance Ordinance, during the Class Period (the

Ex 22   P 9-10

"Released Claims"). This Agreement and the Settlement Class will not release claims regarding any claims outside the Class Period.

18. Class Enjoined. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating as Class Members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

19. Cooperation. Plaintiffs and Defendant agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement

11

provided for herein. Defendant agrees to cooperate in verifying that a Class Member making a claim had a registered residential dwelling during the class period.

20. Agreement Contingent Upon Entry of Final Approval Order. This Agreement is contingent upon the Court's entry of an order substantially in the form of Exhibit C or in some other form which is acceptable to all the Parties, containing judgment giving final approval to the terms of this Agreement, which becomes a final and non-appealable order. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or substantially modified on appeal in a manner which is not acceptable to all Parties, then this Agreement shall be null and void and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party. No Party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

21. Notices. Objections to the Agreement or settlement, and notices Plaintiffs and the Settlement Class shall be sent to:

**Mark K. Wasvary**
Mark K. Wasvary, P.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084

John J. Gillooly
Garan, Lucow, Miller, P.C.
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207

12

Ex 22 P 11-12

22. Court Submission. Class Counsel and Defendant's counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval to the settlement and to order notice of hearing for final approval with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

23. Integration Clause. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.

24. Headings. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

25. Binding and Benefiting Others. This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees,

representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest.

26. Warranties. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

27. Governing Law. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Michigan, without regard to its conflict of laws or choice of law provisions.

28. Mutual Interpretation. The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. This Agreement is not one of adhesion, is mutually created and no ambiguity shall be construed in favor of or against any of the Parties. The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendant regarding the merits of the claims or class certification and Defendant acknowledges, but does not concede to or agree with, the Settlement Class's statements regarding the merits of the claims or

Ex 22 P 13-14

of the Agreement shall be presented by motion to the Court.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

**CITY OF WARREN**

By: _____        Dated: _____

Its: _____

By: _____  (by email)   Dated: 5-14-18

John J. Gillooly (P41948)

Attorney for Defendant

**NLLI 2011, LLC**

By: _____        Dated: _____

Its: _____

**EETBI, LLC**

By: _____        Dated: _____

Its: _____

**INVESTMENT REALTY SERVICES, LLC, d/b/a SBYC GARNER, LLC**

By: _____        Dated: _____

Its: _____

16

class certification.

29.   Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail are acceptable for the execution of this Agreement and shall be treated as if original signatures.

30.   Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

31.   Continuing Jurisdiction. Without affecting the finality of the final judgment, the parties will ask the Court to retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, regarding the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation

15

Ex 22   p 15-16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN PATRICIA GILBERT-RUTTER,

      Plaintiff,

v.

PARKVIEW TOWERS, ET. AL.,

      Defendant.

Case No. 16-11010

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

_____/

**ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [17]; DISMISSING DEFENDANTS' CROSS CLAIM [14]**

On March 18, 2016, Plaintiff filed pro se a complaint seeking damages relating to the towing of her car, which had expired registration plates, from the private parking lot of Plaintiff's apartment building, Parkview Towers. The Court entered an order granting Plaintiff's application to proceed without prepaying fees or costs on March 21, 2016 [6]. Defendants Independent Management Service and Parkview Towers filed a cross claim against Goch & Sons Towing Inc. on May 16, 2016 [14]. On May 20, 2016, Defendant Detroit Police Department entered a Motion to Dismiss [17]. On June 15, 2016, Defendant Goch & Sons filed an answer to the complaint, including the affirmative defense that the federal courts

1



Dockets.Justia.com

lacked subject matter jurisdiction over the matter per MCL § 257.252g [19].

Defendant Goch & Sons filed an answer to the cross claim by Defendants

Independent Management Services and Parkview Towers on June 15, 2016 [20].

Plaintiff filed an amended complaint on June 30, 2016 [23]. Defendant Goch &

Sons Towing, Inc. filed an answer to the amended complaint on July 8, 2016 [24].

For the reasons stated below, the Court **dismisses the case** for a lack of

subject matter jurisdiction. Defendant Detroit Police Department's Motion to

Dismiss [17] is **DENIED as moot**. Defendants Parkview and Independent

Management's Cross Claim [14] is **DISMISSED**.

## 1. DISMISSAL OF CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Per Federal Rules of Civil Procedure Rule 12(h)(3), "[i]f the Court

determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." *See also, Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813-14 (6th

Cir. 2015) (holding same); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428,

434–35 (2011) (holding same). Additionally, "[a] district court may, at any time,

*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to

Rule 12(b)(1)...when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

In Plaintiff's amended complaint, all allegations and claims surround the legality of the towing of her car from the private property of Defendant Parkview Towers. Plaintiff admits that she was given 48 hours notice by Parkview towers prior to the towing of her car. She admits that her car had expired plates, and that the car was considered abandoned. Plaintiff also admits that the lease that she received from Parkview states that a vehicle can be towed for expired plates. Plaintiff also admits in her complaint that she could have retrieved her vehicle from the police but did not pay the required fee.

Per MCL §257.252a(2)(a), an abandoned vehicle is defined as, *inter alia*, "[a] vehicle that has remained on private property without the consent of the owner." Per Plaintiff's lease, Parkview could remove cars parked on their property that had expired registration plates. Parkview had a contract with Goch & Sons Towing Inc. that authorized Goch & Sons to remove all unauthorized vehicles, including, but not limited to, vehicles whose tags had expired [14 at 5].

Parkview gave Plaintiff a 48 hour notice on March 17, 2015 that her car would be towed if her plates were not renewed at that point. Plaintiff's car was subsequently towed on March 19, 2015 when Plaintiff failed to renew her license plate. This meets the definition of an abandoned car since the Plaintiff was not

authorized to park her car on the private property of Defendant Parkview with

expired tags.

MCL § 257.525a(9) states:

> If a vehicle has remained on private property without the consent of
> the property owner, the owner of the private property may have the
> vehicle taken into custody as an abandoned vehicle by contacting a
> local towing agency.

It would appear, both from Defendant's answer and Plaintiff's complaint, that she

received notice that her car had been abandoned, per MCL § 257.525a(10); (11).

Per the statute, Plaintiff had to request a hearing within 20 days of the date of the

notice before her rights as an owner were terminated, or the owner can obtain

release of the vehicle by "paying a fee of $40.00 plus the accrued charged to the

custodian of the vehicle." MCL 257.252a(12)-(14). Plaintiff admits that she did not

initiate proceedings to retrieve her car.

The allegations in the amended complaint contend that Plaintiff's

constitutional rights were violated when her car and its contents were taken

without warrant or probable cause. Plaintiff alleges extortion for being forced to

pay a fee to retrieve her car, and also alleges that the clause in the lease addressing

the towing of cars parked on their property without valid license plates is illegal.

Further, Plaintiff alleges a denial of accommodation for the refusal of Defendant

Parktower to delay the towing of her car further than 48 hours.

4

Per § 257.252e, the District and Municipal Courts from where the vehicle was removed or considered abandoned have exclusive jurisdiction over whether a "police agency, towing agency or custodian or private property owner has acted properly in reporting or processing a vehicle under section 252a." Additionally, the remedies available for those claiming violations of a police agency, towing agency or private property owner in the treatment of an abandoned car under section 252a are constrained by the statute and do not include any federal or denial of reasonable accommodation requests. MCL 257.525e(4).

It is clear that Plaintiff's allegations concerning a warrant, probable cause, extortion and the denial of accommodation deal with allegations concerning whether or not the Defendants, which include a police agency, a towing agency and a private property owner, have acted properly concerning the towing of Plaintiff's car under section 252a. These claims therefore must be raised in the 36th District Court, which has exclusive jurisdiction over these issues. Therefore, the Court dismisses all of these claims for a lack of subject matter jurisdiction.

The Court also finds that the Plaintiff has not stated a valid claim for an illegal clause in the lease. Plaintiff cites the Truth in Renting Act in the Complaint for the proposition that a rental agreement may not contain a clause or provision that "has been prohibited by statute or declared unenforceable by a published

decision of the supreme court of this state…" MCL § 554.633(2). Plaintiff appears to allege that the clause in the lease concerning the towing of cars parked on their private property with expired plates is illegal.

Under MCL §257.525a, cars parked on private property without the consent of the owner are deemed abandoned. Per the term of the lease as described by the Plaintiff, cars parked on Parkview's private property with expired license plates were not permitted by the property management, would be treated as abandoned, and that such abandoned vehicles had 48 hours, per a notice issued by Parkview, within which to renew their license plates or move their car off of Parkview's private property. Otherwise, the vehicle was subject to being towed.

This 48 hour notice before deeming a car abandoned is the same treatment that Michigan law gives cars parked on public property. Pursuant to §257.252a(2)(b)(ii), cars parked on public property without valid registration plates affixed to the vehicle for not less than 48 hours are deemed abandoned. Since the terms of consent for non-valid registration plates parked on private property at Parkview is the same as the standard for abandoned cars parked on public property under Michigan state law, this clause is not prohibited by statute or law and this claim is unsubstantial and frivolous and must be dismissed. *Apple*, 183 F. 3d at 479.

6

In conclusion, the Court dismisses the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) for frivolous claims, as well as 12(h)(3), for lacking subject matter jurisdiction under MCL § 257.252e.

## 2. MOTION TO DISMISS [17]

On May 20, 2016, Defendant Detroit Police Department filed a Motion to Dismiss [17]. No response was filed by Plaintiff. The Court acknowledges that the City of Detroit Police Department "is not a legal entity against which a suit can be directed" and thus the City of Detroit is entitled to dismissal. *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 fn. 4 (E.D. Mich. 1996). However, given that the Court has determined that it lacks subject matter jurisdiction and has *sua sponte* dismissed the case, Defendant City of Detroit Police Department's Motion to Dismiss [17] is **DENIED as moot.**

## 3. DEFENDANTS PARKVIEW TOWERS AND INDEPENDENT MANAGEMENT SERVICES CROSS CLAIM AGAINST DEFENDANT GOCH & SONS [14]

On May 16, 2016, Defendants Parkview Towers and Independent Management Services filed a cross claim against Defendant Goch & Sons Towing Inc. (Goch & Sons). [14]. Rule 13(g) allows "a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed.R.Civ.P. 13(g). The Court has dismissed the case for a lack of subject matter jurisdiction. Per 28 U.S.C. §1367, the Court declines to

exercise supplemental jurisdiction over Defendants Parkview Towers and

Independent Management's Cross Claim. Therefore, Defendants Parkview Towers

and Independent Management's cross claim is **DISMISSED**.

     **IT IS ORDERED** that the case is **DISMISSED**.

     **IT IS FURTHER ORDERED** that Defendant Detroit Police Department's

Motion to Dismiss [17] is **DENIED as moot**.

     **IT IS FURTHER ORDERED** that Defendants Parkview and Independent

Management's Cross Claim is **DISMISSED**.

     **SO ORDERED**.


                          s/Arthur J. Tarnow
                          Arthur J. Tarnow
Dated: July 20, 2016          Senior United States District Judge

Firefox                                                                                                    about:blank

CR No: 210033784

CCS DESK REPORT FOR A&B     07/16/2021     1554 HOURS

DATE AND TIME OF INCIDENT: 07/08/2021 AT 0915 HOURS

LOCATION OF INCIDENT: 6006 RINKE (SERVICE TOWING)

VICTIM: ALBERT THROWER

SUSPECT: ROBERT SCOTT


   I spoke to Albert Thrower, who stated he was assaulted on 07/06/2021 at Service Towing, while trying to retrieve two vehicles that were towed. Thrower said his vehicles were parked at 7528 Hudson and hadn't been moved in sometime. Judge Chmura ordered the vehicles to be towed as abandon and were picked up by Service Towing. Thrower spoke to an unknown employee at Service Towing and they walked outside to look at his vehicles. As they walked back into the office area of the building, Thrower was approached by Warren Building Inspector Robert Scott. Thrower said Scott grabbed him by the arms and forced him up against a wall. Thrower asked Scott what he was doing and he stated, "I'm making a citizens arrest, you have outstanding warrants". Scott held Thrower against the wall until Warren Police arrived. The warrants were confirmed and Thrower was placed in handcuffs and transported to the WPD.

   Thrower admitted he has numerous outstanding warrants out of the 37th DC for housing violations. Thrower believes that Scott had employees at Service Towing call him when he arrived at the yard. Thrower's complaint is Scott had no right to make a citizens arrest because the warrants were only misdemeanors. Thrower said he was not injured during the incident.

   I issued incident number 21-33784 and directed Thrower to call the DB on Monday morning 07-19-2021. Thrower completed a witness statement.



**FORM 1040** Department of the Treasury - Internal Revenue Service (99)
**U.S. Individual Income Tax Return** **2019** OMB No. 1545-0074 IRS Use Only - Do not write or staple in this space.

**Filing status** ☐ Single ☐ Married filing jointly ☐ Married filing separately (MFS) ☒ Head of household (HOH) ☐ Qualifying widow(er)(QW)
Check only one box. If you checked the MFS box, enter the name of spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

| Your first name and middle initial | Last name | | Your social security number |
|---|---|---|---|
| ELIZABETH | NELSON | Address | ████████ |
| If joint return, spouse's first name and middle initial | Last name | | Spouse's social security no. |

Home address (number and street). If you have a P.O. box, see instructions. **7568 HUDSON AVE** | Apt. no. | **Presidential Election Campaign** Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). **WARREN, MI 48091**

| Foreign country name | Foreign province/county | Foreign postal code | If more than four dependents, see inst. and ✓ here ▶ ☐ |

**Standard Deduction** Someone can claim: ☐ You as a dependent ☐ Your spouse as a dependent
☐ Spouse itemizes on a separate return or you were dual-status alien

**Age/Blindness** You: ☐ Were born before January 2, 1955 ☐ Are blind Spouse: ☐ Was born before January 2, 1955 ☐ Is blind

**Dependents (see instructions):**

| (1) First name    Last name | (2) Social security no. | (3) Relationship to you | (4) ✓ if qualifies for (see inst.) |
|---|---|---|---|
| | | | Child tax credit | Credit for other dependents |
| ALEXIA NELSON | ████████ | DAUGHTER | | X |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Standard Deduction for -** ● Single or married filing separately, $12,200 ● Married filing jointly or Qualifying widow(er), $24,400 ● Head of household, $18,350 ● If you checked any box under Standard Deduction, see instructions. | 1 Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . | | | **1** | |
| | 2a Tax-exempt interest . . . | 2a | b Taxable interest. Attach Sch.B if required | **2b** | |
| | 3a Qualified dividends . . . | 3a | b Ordinary div. Attach Sch. B if required | **3b** | |
| | 4a IRA distributions . . . | 4a | b Taxable amount . . . . . . . | **4b** | |
| | c Pension and annuities. . | 4c | d Taxable amount . . . . . . . | **4d** | |
| | 5a Social security benefits . | 5a | b Taxable amount . . . . . . . | **5b** | |
| | 6 Capital gain or (loss). Attach Schedule D if required. If not required, check here . . . . . ▶ ☐ | | | **6** | |
| | 7a Other income from Schedule 1, line 9 . . . . . . . . . . | | | **7a** | 11,150. |
| | b Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your total income . . . ▶ | | | **7b** | 11,150. |
| | 8a Adjustments to income from Schedule 1, line 22 . . . . . . . | | | **8a** | 788. |
| | b Subtract line 8a from line 7b. This is your adjusted gross income . . . ▶ | | | **8b** | 10,362. |
| | 9 Standard deduction or itemized deductions (from Schedule A) . . | 9 | 18,350. | | |
| | 10 Qualified business income deduction. Attach Form 8995 or Form 8995-A . | 10 | | | |
| | 11a Add lines 9 and 10 . . . . . . . . . . . . . . . . . | | | **11a** | 18,350. |
| | b Taxable income. Subtract line 11a from line 8b. If zero or less, enter -0- . | | | **11b** | 0. |

KBA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. Form 1040 (2019)

_Ex 25_

Michigan Department of Treasury (Rev. 05- 19), Page 1 of 3

**Amended Return** ☐

# 2019 MICHIGAN Homestead Property Tax Credit Claim MI- 1040CR

Issued under authority of Public Act 281 of 1967, as amended.

Type or print in blue or black ink.

**Attachment 05**

| 1. Filer's First Name | M.I. | Last Name | | 2. Filer's Full Social Security No. (Example: 123- 45- 6789) |
|---|---|---|---|---|
| **ELIZABETH** | | **NELSON** | | ▓▓▓▓▓▓▓▓ |

| If a Joint Return, Spouse's First Name | M.I. | Last Name | | 3. Spouse's Full Social Security No. (Example: 123- 45- 6789) |
|---|---|---|---|---|
| | | | | |

Home Address (Number, Street, P.O. Box). If using a P.O. Box, you must complete line 45.

**7568 HUDSON AVE**

| City or Town | State | ZIP Code | 4. School District Code (5 digits - see page 60) |
|---|---|---|---|
| **WARREN** | **MI** | **48091** | **50090** |

**5.** Check the box(es) for which you or your spouse qualify (excluding dependents). If you qualify for both, see instructions.

- a. ☐ Age 65 or older; or an unremarried spouse of a person who was 65 or older at the time of death.
- b. ☐ Deaf, blind, hemiplegic, paraplegic, quadriplegic, or totally and permanently disabled.

| 6. 2019 FILING STATUS: Check one. | 7. 2019 RESIDENCY STATUS: Check all that apply. | *If you checked box "c," enter dates of Michigan residency in 2019. Enter dates as MM-DD-YYYY (Example: 04-15-2019). |
|---|---|---|

| | | | FILER | SPOUSE |
|---|---|---|---|---|
| a. ☒ Single | a. ☒ Resident | | | |
| b. ☐ Married filing jointly | b. ☐ Nonresident | FROM: | | |
| c. ☐ Married filing separately (Include Form 5049) | c. ☐ Part-Year Resident* | TO: | | |

**8. Homestead Status**

☐ Check here if the taxable value of your homestead includes unoccupied farmland classified as agricultural by your local assessor.

| | | | |
|---|---|---|---|
| 9. Homeowners: Enter the 2019 taxable value of your homestead (see instructions). If you did not check box 8 above and your taxable value is greater than $135,000, STOP; you are not eligible. Farmers: enter the taxable value of your homestead, including eligible unoccupied farmland . . . . . . . . . . . . . . | 9. | | 00 |
| 10. Property taxes levied on your home for 2019 (see instructions) or amount from line 51, 56 and/or 57 . . . . . . . . . . | 10. | | 00 |
| 11. Renters: Enter rent you paid for 2019 from line 53 and/or 55 . . . . . . . . . . . . . . . 11. | **7,680** 00 | | |
| 12. Multiply line 11 by 23% (0.23) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12. | **1,766** | 00 |
| 13. Total. Add lines 10 and 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13. | **1,766** | 00 |

**TOTAL HOUSEHOLD RESOURCES.** If filing a joint return, include income from both spouses.
If married filing separately, you must include Form 5049.

| | | | | | | |
|---|---|---|---|---|---|---|
| 14. Wages, salaries, tips, sick, strike and SUB pay, etc . . . . . . . . . . . . . . | 14. | 00 | 21. Social Security, SSI, and/or railroad retirement benefits . . . | 21. | | 00 |
| 15. All interest and dividend income (including nontaxable interest) . . . . . . | 15. | 00 | 22. Child support and foster parent payments . . . . . . . . . | 22. | | 00 |
| 16. Net business income (including net farm income). If negative enter "0" . . . | 16. | **11,150** 00 | 23. Unemployment compensation . . . . . . . . . . . . | 23. | | 00 |
| 17. Net royalty or rent income. If negative enter "0" . . . . . . . . . | 17. | 00 | 24. Gifts received or expenses paid on your behalf . . . . . . . | 24. | ▓ | 00 |
| 18. Retirement pension, annuity, and IRA benefits . . . . . . . . . . . . . . . . . . | 18. | 00 | 25. Other nontaxable income Describe: **TRUST INCOM** | 25. | **6,000** | 00 |
| 19. Capital gains less capital losses, (see instructions) . . . . . . . . . . . . . . | 19. | 00 | 26. Workers'/veterans' disability compensation/pension benefits | 26. | | 00 |
| 20. Alimony and other taxable income Describe: _____ | 20. | 00 | 27. FIP and other MDHHS benefits (Do not include food assistance) | 27. | | 00 |

| | | | |
|---|---|---|---|
| 28. SUBTOTAL. Add lines 14 through 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . SUBTOTAL | 28. | **17,150** | 00 |

**Continue on page 2. This form cannot be processed if pages 2 and 3 are not completed and included.**

✛ 1029 2019 25 01 27 8

*Ex 26*

MI-1040-CR (2019)
Form Software Copyright 1996 - 2018 HRB Tax Group, Inc.

MICR-1WV 1.15



**OFFICE OF THE TREASURER**
**LORIE W BARNWELL**
**ONE CITY SQUARE STE 200**
**WARREN, MI  48093**
**586-574-4542**

## 2020 SUMMER TAX BILL

ST ANTHONY THE GREAT ROMANIAN
ALBERT THROWER
7568 HUDSON AVE APT B
WARREN MI 48091-5912

| PRE/MBT% | TAXABLE VALUE | S.E.V |
|----------|---------------|-------|
| 0.00 | 19,130 | 28,180 |

| PARCEL LD NUMBER | SCHOOL DISTRICT |
|------------------|-----------------|
| 12-13-33-278-030 | 50220 / Van Dyke (02) |

**Property Address:**

7568 HUDSON A

**Mortgage Company Name:**

| RATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 27.14710 | City | 519.28 |
| 6.00000 | S.E.T | 114.78 |
| 10.68460 | Debt | 204.39 |
| 18.00000 | Operating | 344.34 |
| 0.00000 | Supplemental | 0.00 |
| 1.43870 | M.C.C | 27.52 |
| 0.00000 | M.C.C Debt | 0.00 |
| 4.72960 | I.S.D | 90.47 |
| 4.41500 | County (Summer) | 84.45 |
| | Admin Fee (Summer) | 8.65 |
| | County (Winter) | |
| | D.I.A | |
| | Admin Fee (Winter). | |

FOR YOUR SAFETY DURING THE COVID-19 CRISIS, CITY HALL MAY TEMPORARILY HAVE LIMITED OR NO ACCESS.  SEE BACK OF BILL FOR PAYMENT OPTIONS INCLUDING ONLINE OR BY PHONE.

EMAIL YOUR PROPERTY ADDRESS TO: PAYMENTCONFIRMATION@CITYOFWARREN.ORG FOR CONFIRMATION OF THIS SUMMER'S PAYMENT.

DUE TO LATE RELEASE OF THE TAX BILLS, THERE IS A ONE TIME GRACE PERIOD UNTIL SEPT 15, 2020 WITHOUT LATE FEES.

**PLEASE NOTE: TWO DIFFERENT DUE DATES AT BOTTOM**

| | |
|---|---|
| Total Summer Taxes: | 1,393.88 |
| Previous Payments: | 0.00 |
| Summer Installment: | 796.56 |
| OR | |
| BALANCE DUE: | 1,393.88 |

---

**2020 SUMMER TAX BILL**
PLEASE RETURN WITH PAYMENT

ST ANTHONY THE GREAT ROMANIAN

12-13-33-278-030

7568 HUDSON A

**PAY FIRST SUMMER INSTALLMENT:**    796.56

OR

**PAY FULL SUMMER BALANCE:**    1,393.88

**2020 WINTER TAX BILL**
PLEASE RETURN WITH PAYMENT

ST ANTHONY THE GREAT ROMANIAN

12-13-33-278-030

7568 HUDSON A

**Winter Taxes Due:**    **TO BE BILLED IN DECEMBER**



Ex 27 p 1



MACOMB COUNTY TREASURER'S OFFICE
**LAWRENCE ROCCA, TREASURER**
1 S. MAIN ST 2ND FL
MT CLEMENS MI 48043-2352
PH: 586-469-5190  FAX: 586-307-8290

**RETURN SERVICE REQUESTED**

Office Hours:

Monday to Friday: 8:00 am to 4:30 pm

Late Hours:
Wednesday
4:30 pm to 7:00 pm (Payments only)



September 1, 2020

Date: Sept. 2020   Parcel: 12-13-33-278-009
ST ANTHONY THE GREAT ROMANIAN
ALBERT THROWER
8075 PACKARD AVE APT 2
WARREN MI 48089-5525

MACOMB COUNTY TREASURER'S OFFICE
1 S. MAIN ST 2ND FL
MT CLEMENS MI 48043-2352



**NOTICE OF PROPERTY DELINQUENCY**

AMOUNT ENCLOSED: $_____

52-SFMACC10-DLQNOTIC-08/11/20-000052hoRotekOABJf

---

**PLEASE DETACH AND RETURN THE TOP PORTION WITH YOUR PAYMENT IN THE ENCLOSED ENVELOPE.**

Property Address  7568 HUDSON                          Property ID # 12-13-33-278-009

Description of Land/City, Village, Township  WARREN

PIPERS VAN DYKE SUBDIVISION NO 4 LOT 847

| TAX YEAR | IF PAID IN SEPT 2020 | IF PAID IN OCT 2020 | IF PAID IN NOV 2020 |
|----------|----------------------|---------------------|---------------------|
| 2019 | 34.61 | 49.92 | 50.24 |
|      | 34.61 | 49.92 | 50.24 |

\* If 3 tax years are listed, additional taxes may be due.

---

2019 and prior non forfeited taxes and subsequent taxes which remain unpaid on March 1st, one year after return to the County Treasurer, will be forfeited to the County Treasurer for those delinquent taxes, interest, penalties, and fees. A person who holds a legal interest in the property may lose that interest as a result of the forfeiture and subsequent foreclosure proceeding. If delinquent taxes, interest, penalties and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under MCL 211.78k, absolute title to the property shall vest in the foreclosing governmental unit. Your right of redemption will expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under section 78k. On October 1st, a fee of $15.00 will be added to the delinquent parcels.

2018 and prior year taxes which are unpaid were forfeited on March 1, 2020, and are in process of foreclosure. September 1, 2020, a personal visit fee of $50.00 will be added to the forfeited parcels.

ASSISTANCE MAY BE AVAILABLE FROM:
STEP FORWARD MICHIGAN (866) 946-7432
MSU CO-OP EXTENSION (586) 469-6430
COMMUNITY HOUSING NETWORK, INC. (248) 269-1330
MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES (586) 254-1500
COUNTY COMMUNITY SERVICE AGENCY - ACTION CENTER:
NORTH (586) 749-5146  CENTRAL (586) 469-6964  SOUTH (586) 759-91450
MACOMB COUNTY VETERANS SERVICES (VETERANS ONLY) (586) 469-5315
MACOMB COUNTY SENIOR SERVICES  (586) 469-5228
AREA ON AGING (800) 852-7795

**MAKE CHECK PAYABLE TO: MACOMB COUNTY TREASURER. MAIL IN THE ENCLOSED ENVELOPE WITH TOP PORTION OF NOTICE. \*PARTIAL PAYMENTS ACCEPTED.**

VISIT OUR WEBSITE TO MAKE PAYMENTS ONLINE.  treasurer.macombgov.org



*Ex 27*
*P 2*

# FREE

## WARREN COVID-19
### TESTING OPPORTUNITY
### Drive-thru/Walk-up Outdoors

**WARREN**
Mayor James R. Fouts

We are offering mobile **COVID-19** testing to interested residents.
We are offering nasal swab testing only.

PARTICIPANTS
MUST RSVP

https://www.cityofwarren.org/covid-19-testing/
or call Mayor Fouts' Office @ (586) 574-4520

Please text **WH Cares to 483-55** so that you can complete your pre-intake form prior to arriving to the test site.  If you do not have a cell phone, one of our testing team members will help you with the form the day of your test.

**Dates**

## COVID-19 Coronavirus Information

- I have an **EMERGENCY HOTLINE** (586) 574-4526 for senior Warren residents as well as those with pre-existing conditions who are in need of food. Please for those only who are in great need! This is coordinated with local food pantries and volunteers from Warren. Those wishing to help out can also call the HOTLINE number (586) 574-4526. Indicate that you are able to assist and leave your phone number.
- I have also arranged for Forgotten Harvest to distribute food at Warren city hall, south parking lot every Monday from 9 am – 1 pm.  First come, first served.  Stay in your vehicles and food is placed in your trunk.
- Constantly use soap and water to wash your hands and if not available use sanitizers that are at least 60% alcohol.
- Use masks, gloves and wipes to ensure extra safety BUT do not discard of these in public areas, discard in a safe container not out on the street or parking lot as this can become unsightly and dangerous pollution, for health and the sewer systems.
- Cover your mouth when coughing and/or sneezing. Use your elbow if necessary.
- Do not shake hands with anyone.

**Please stay a safe distance away from others and do what is suggested to make sure you remain safe. God Bless!**                                    - Warren Mayor Jim Fouts

## WARREN CITY HALL IS OPEN BY APPOINTMENT ONLY

Warren City Hall is Open By Appointment Only:

- Appointments can be made M-F between the hours of 10:30 AM – 3:30 PM.
- Entry will be on the second floor of city hall/3rd floor of the parking structure.
- Visitors must wear masks/employees also must wear masks.
- We will have security at the door screening visitors that have appointments.
- Remember, every department is by appointment only so please make sure you visit the department you have an appointment with and then exit the building from the same floor you entered after your appointment is complete.
- Civic Center Library will also open by appointment only – M-F also 10:30 AM – 3:30 PM (through city hall south door of library).  Library curbside service still available.
- All other branch libraries will be open regular hours (must call to reserve computer usage).
- The Mayor's Office has free masks available for low-income individuals in need at the Owen Jax


Ex 28
p 1

Please text **WH Cares** to **483-55** so that you can complete your pre-intake form prior to arriving to the test site. If you do not have a cell phone, one of our testing team members will help you with the form the day of your test.

# COVID-19 Coronavirus Information

- I have an **EMERGENCY HOTLINE** (586) 574-4526 for senior Warren residents as well as those with pre-existing conditions who are in need of food. Please for those only who are in great need! This is coordinated with local food pantries and volunteers from Warren. Those wishing to help out can also call the HOTLINE number (586) 574-4526. Indicate that you are able to assist and leave your phone number.
- I have also arranged for Forgotten Harvest to distribute food at Warren city hall, south parking lot every Monday from 9 am – 1 pm. First come, first served. Stay in your vehicles and food is placed in your trunk.
- Constantly use soap and water to wash your hands and if not available use sanitizers that are at least 60% alcohol.
- Use masks, gloves and wipes to ensure extra safety BUT do not discard of these in public areas, discard in a safe container not out on the street or parking lot as this can become unsightly and dangerous pollution, for health and the sewer systems.
- Cover your mouth when coughing and/or sneezing. Use your elbow if necessary.
- Do not shake hands with anyone.

**Please stay a safe distance away from others and do what is suggested to make sure you remain safe. God Bless!**                                                    - Warren Mayor Jim Fouts

# WARREN CITY HALL IS OPEN BY APPOINTMENT ONLY

Warren City Hall Is Open By Appointment Only:

- Appointments can be made M-F between the hours of 10:30 AM – 3:30 PM.
- Entry will be on the second floor of city hall/3rd floor of the parking structure.
- Visitors must wear masks/employees also must wear masks.
- We will have security at the door screening visitors that have appointments.
- Remember, every department is by appointment only so please make sure you visit the department you have an appointment with and then exit the building from the same floor you entered after your appointment is complete.
- Civic Center Library will also open by appointment only – M-F also 10:30 AM – 3:30 PM (through city hall south door of library). Library curbside service still available.
- All other branch libraries will be open regular hours (must call to reserve computer usage).
- The Mayor's Office has free masks available for low-income individuals in need at the Owen Jax Recreation Center, 8207 E. 9 Mile Road - Monday – Friday, 8 a.m. to 6 p.m. while supplies last.
- Mayor Fouts is available for any questions or concerns – (586) 574-4520 and returns calls until almost 10 p.m. every evening.

**Mayor's Office**: (586) 574-4520 / **Clerk's Office**: (586) 574-4557 / **Treasurer**: (586) 574-4554 / **Engineering**: (586) 759-9300 / **Building**: (586) 574-4504 / **Rental**: (586) 574-4663 / **Property Maintenance**: (586) 574-4662 / **Assessing**: (586) 574-4532 / **Water**: (586) 759-9200

November 2020



**LOCAL NEWS**

## What's next for Warren officer caught on video punching jail inmate, slamming his head, throwing him

Officer on unpaid leave, facing assault and battery charge

Derick Hutchinson, Lead Digital Editor

Published: June 24, 2023 at 6:00 AM

Tags: **Warren, Macomb County**



*Warren police Officer Matthew Rodriguez is accused of attacking a jail inmate on June 13, 2023. (WDIV)*

f ▪ in 🔗 💬

✕   Hi. Need any help?

**WARREN, Mich.** – What's next for the Warren police officer who was caught on video punching an inmate in the face, throwing him to the ground, and slamming his head violently on the ground?

Ex 29 p¹



The attack happened at 6:08 a.m. June 13 at the Warren Police Department jail, and officials announced charges against the officer during a news conference on Tuesday, June 20.

Matthew James Rodriguez, 48, of Southgate, is on unpaid leave and facing charges. After his arraignment, he was placed on unpaid leave.

An employment hearing was scheduled between Rodriguez and Warren police Commissioner Bill Dwyer to determine the future of his employment. But on Friday, June 23, Local 4 learned that Rodriguez waived his right to that hearing.

Rodriguez remains on unpaid leave, and Dwyer is expected to make a decision regarding his status with the department sometime early next week.

### Video shows attack

Dwyer said a 19-year-old Detroit man was arrested between 4 a.m. and 5 a.m. June 13 on felony carjacking and weapons charges.

The man was taken to the Warren Police Department jail for booking around 6 a.m. and turned over to the custody of Rodriguez.



*Ex 29 p 2*

Rodriguez, who has been with the department since 2008, is a booking officer who has been assigned to the jail on and off for the last several months.

Video shows Rodriguez walking up to the inmate in the fingerprinting room at 6:08 a.m. and punching him in the face after a brief exchange of words.





*Warren police Officer Matthew Rodriguez is accused of attacking a jail inmate on June 13, 2023. (WDIV)*



From **Middleburg Heights**
to **Shaker Heights**, care that's
here for you and your family.

The punch sent the inmate staggering against the wall, and Rodriguez pushed him, then lifted him into the air by grabbing him on the shoulder and between his legs.

Rodriguez threw the man on the ground and punched him at least two more times before slamming his face on the ground, the video shows.

"This is not what we do, this is not who we are, and this is not what the men and women of this department stand for when they put on the uniform," Dwyer said.

Two other officers intervened within seconds of the first punch.

"One of the officers reported saying, 'That's enough, that's enough,' as he worked to de-escalate the overall situation," Dwyer said.

Dwyer said Rodriguez was not wearing a body camera, which is a policy violation.

At the very end of the video, Rodriguez can be seen throwing the inmate on the ground in a cell and slamming the door.

"This incident happened quickly, very quickly, and was over in the matter of seconds," Dwyer said.

### Officer reported, charged, placed on unpaid leave

Dwyer said the inmate did not file a complaint about the attack, but Rodriguez was reported immediately by his fellow officers, who thought he was out of line.

"This officer's actions were not at all justified," Dwyer said. "The actions of this officer are not consistent with our training, our policy, or standards or professionalism we hold ourselves to."

The Warren Police Department launched its own internal investigation and placed Rodriguez on administrative leave.

Ex 29 P 3

129

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Elizabeth Nelson
PO Box 1422
WARREN MI 48090

Case No. 2:22-cv-10918

Judge: MATTHEW LEITMAN

Magistrate: Anthony P. Patti

     Plaintiffs(s)

-vs-

SERVICE TOWING et al.,

     Defendants

## NOTICE OF COMPLAIANCE WITH LOCAL RULE SEEKING CONCURRENCE WITH FILED 12/16/23 BRIEF-

(Ps)  Ps'emailed a copy of the brief, email seeking concurrence to:

rselina@berrymoorman.com and a copy to her assistant


meadjenn@hotmail.com   attorney for private parties

As of this filing the (P) has not heard back from these defendants via email


A copy of this motion has been served on the below defendants after

calling same to see if they agree with (Ps') position this 12/15/23

Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI

48009  tel  2486459680

mstraetmans@berrymoorman.com

rselina@berrymoorman.com

Jenifer Mead    PO Box 806042 St Clair Shores, MI 48080   tel 3134851250

meadjenn@hotmail.com

Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit, MI 48233. Telephone: (248) 303-0306. Fax: (313) 832-7661.

Tsstidham@hotmail.com

Respectfully submitted,

Albert Thrower ,pro se   Elizabeth Nelson pro se

## CERTIFICATE OF SERVICE

A copy of this motion has been served on the below defendants after calling same to see if they agree with (Ps') position this 12/15/23

Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI 48009  tel  2486459680

mstraetmans@berrymoorman.com

rselina@berrymoorman.com

Jenifer Mead    PO Box 806042 St Clair Shores, MI 48080   tel 3134851250

meadjenn@hotmail.com

Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit, MI 48233. Telephone: (248) 303-0306. Fax: (313) 832-7661.

Tsstidham@hotmail.com

Albert Thrower ,pro se   Elizabeth Nelson pro se