UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON
ALBERT THROWER

               Plaintiffs,

v.

SERVICE TOWING, INC.,

               Defendants.

_____/

Case No. 2:22-cv-10918
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF No. 66 AND 100), DENY AS MOOT THE CITY DEFENDANTS MOTION FOR SUMMARY JUDGMENT (ECF NO. 79) AND DENY THE TOWING DEFENDANTS MOTION FOR SUMMARY JUDGMENT (ECF NO. 93) AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND (ECF NO. 73)

## I.   RECOMMENDATION:

The Court should **GRANT** the City Defendants' motion to dismiss (ECF No. 66) and **GRANT** the Towing Defendants' oral motion to dismiss (ECF No. 100), and **DISMISS** the amended complaint (ECF No. 6) in its entirety for failure to state a claim on which relief can be granted.  The Court should also **DENY AS MOOT** the City Defendants' motion for summary judgment (ECF No. 79), and **DENY** the Towing Defendants' motion for summary judgment (ECF No. 93).

## II.    REPORT

### A.    Factual and Procedural Background

Proceeding *in pro per*, Plaintiffs Elizabeth Nelson and "John Doe" filed this

lawsuit on April 29, 2022, under 42 U.S.C. § 1983, asserting constitutional and

state law claims arising from the alleged illegal towing of four vehicles against:

Service Towing Inc.; Able Towing LLC; Edward D. Hertz; Dennis Hertz; Bruce

Hertz; Sandra A. Hertz; three John Doe truck drivers; three John Doe City of

Warren property and maintenance employees; two City of Warren zoning

department employees; three John Does; four John Doe Warren Police Department

policemen; the City of Warren; the John Doe Warren Chief of Police; Mayor

James Fouts; and the Michigan Department of State.  (ECF No. 1.)  Curiously, the

complaint stated that the second Plaintiff had yet to be identified (ECF No. 1,

PageID.3, ¶ 9), but was signed by both Plaintiff Nelson and "*John Doe*" (ECF No. 1,

PageID.16).[1]

On June 29, 2022, the newly identified John Doe Plaintiff, Albert Thrower,

and Plaintiff Nelson (collectively "Plaintiffs") filed a motion for leave to file a first

amended complaint (ECF No. 5) and proposed amended complaint (ECF No. 6),

---

[1] Consistent with other problems in their pleadings, paragraph numbers repeat
themselves or skip logical sequences from section to section.  By way of example,
paragraph 16 appears three different times on consecutive pages, including one
spot where it is wedged in between paragraphs 10 and 11. (ECF No. 6, PageID.50-
52.)

which identifies Thrower as the second Plaintiff and Robert Scott as one of the John Doe City of Warren property and maintenance employees (ECF No. 5, PageID.42; ECF No. 6, PageID.45-46). The Court subsequently granted the motion (ECF No. 8), and the first amended complaint ("FAC") at ECF No. 6 became and remains the operative pleading in the case. Judge Leitman then referred the case to me for all pretrial matters. (ECF No. 9.)

On July 22, 2022, Plaintiffs filed − and both signed − a motion for leave to file a second amended complaint (ECF No. 10) and proposed second amended complaint ("SAC") (ECF No. 11), to "add[] more articulate claims" and to identify James Cummins and Gus Ghanam as two of the John Doe Defendants (ECF No. 10, PageID.75; ECF No. 11, PageID.78-79). Although the Court had not yet ruled on the motion, the Clerk's Office mistakenly issued summonses for service of the proposed SAC (ECF No. 12), which was improvidently served upon Defendants, including Cummins and Ghanam (ECF No. 13). As a result of the error, Defendants the Michigan Department of State and the City of Warren, Fouts, Cummins, Ghanam, Scott, and Dwyer filed motions to dismiss the proposed SAC at ECF No. 11 (ECF Nos. 21, 23), *which was not the operative pleading*. Further, Plaintiffs filed a motion for default judgment against certain Defendants asserting failure to answer that proposed SAC, though leave had not been granted to file it. (ECF No. 25.)

3

The same Clerk's Office mistake was again made when *Plaintiff Nelson* alone filed a motion for leave to file a third amended complaint (ECF No. 27) and proposed third amended complaint ("TAC") (ECF No. 28) on August 23, 2022, which sought to allow her to identify Curtis Gauss, William Reichling, William Dwyer, and Mary Michaels as John Doe Defendants and to add allegations regarding an additional incident of towing, and which states: "One of the plaintiff[s] ALBERT THROWER has exited the action.  There is just one plaintiff ELIZABETH NELSON now."  (ECF No. 27, PageID.324; ECF No. 28, PageID.327-329.)  The motion was not signed by Plaintiff Thrower, although it purports to withdraw him as a party.  Again, although the Court had not yet ruled on the motion, the Clerk's Office mistakenly issued summonses for service of the proposed third amended complaint upon Gauss, Reichling, Dwyer, and Michaels. (ECF Nos. 29-32.)  As a result of the error, these four Defendants filed a motion to dismiss the proposed third amended complaint (ECF No. 38), which is not the operative pleading.

On January 25, 2023, I issued an order denying as moot Plaintiffs' motions to file a second and third amended complaint (ECF No. 53), and I issued a report and recommendation to deny without prejudice the three then-pending motions to dismiss (ECF No. 54).  Judge Leitman adopted my recommendation in an order dated February 13, 2023.  (ECF No. 58.)  In overruling Plaintiffs' objections, he

4

stated, "The Court has carefully reviewed the Objections but cannot understand any points/arguments that Plaintiffs may be making. Accordingly, Plaintiffs have failed to persuade the Court that Magistrate Judge Patti erred in any way." (ECF No. 58, PageID.844.)

Plaintiffs then filed a motion for leave to file a summary judgment motion, which I denied as unnecessary, and orally moved to dismiss the Michigan Department of State, which I granted in a combined order. (ECF 62.)

On May 3, 2023, Defendants City of Warren, William Dwyer,[2] James Fouts, and Robert Scott (the "City Defendants") filed a motion to dismiss the amended complaint, which has now been fully briefed. (ECF Nos. 66, 71, 76.) Plaintiffs filed a motion to compel and another motion to amend the complaint. (ECF Nos. 69, 73.) While their motion to dismiss was still pending, the City Defendants filed a motion for summary judgment (ECF No. 79) and a motion for sanctions (ECF No. 81). Finally, on November 17, 2023, Defendants Able Towing LLC, Bruce (John Doe), Dennis (John Doe), Bruce Hertz, Dennis Hertz, Edward D. Hertz,

---

[2] William Dwyer was terminated as a defendant on February 13, 2023. (ECF 58.) However, in their operative pleading (ECF 6), Plaintiffs named "John Doe Warren Police Chief," who is still listed as a defendant. Defendants explain that "the City of Warren Police Department's equivalent to a police chief is the Police Commissioner. The City of Warren's Police Commissioner is William Dwyer." (ECF No. 66, PageID.871.) As such, counsel for Defendants included William Dwyer in their motion to dismiss. I will adopt the language and usage of Defendants and refer to "John Doe Warren Police Chief" as William Dwyer.

Sandra A. Hertz, Randy (John Doe), Service Towing Inc. (the "Towing Defendants"), filed their own motion for summary judgment. (ECF No. 93.)

I held a hearing on all pending motions on January 30, 2024, at which time the Towing Defendants orally moved to dismiss the case, for the reasons stated in the City Defendants' May 3, 2023 motion.  During the hearing, I denied the motion to compel, denied the motion for sanctions, and took all other motions under advisement.

### B.  Standard

#### 1. Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

6

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an

inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *16630 Southfield*

*Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).  To make

this determination, a court "may consider the Complaint and any exhibits attached

thereto, public records, items appearing in the record of the case and exhibits

attached to defendant's motion to dismiss so long as they are referred to in the

Complaint and are central to the claims contained therein." *Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Furthermore, the

Court holds *pro se* complaints to "less stringent standards than formal pleadings

drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## 2.  Fed. R. Civ. P. 56

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a).  A fact is material if it might affect the outcome of the case under governing

law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court

"views the evidence, all facts, and any inferences that may be drawn from the facts

in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt.*

*Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

7

To survive summary judgment, one "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### C.   Discussion

**1.   May 3, 2023 Motion to Dismiss (ECF No. 66) Filed by Defendants the City of Warren, James Fouts, Robert Scott, and William Dwyer.**

Defendants make various arguments why Plaintiffs' complaint is subject to dismissal.  But to start, Defendants assert that Plaintiff Albert Thrower's "extensive experience with the legal system, his experience representing himself in litigation, and his apparent legal studies should also be considered."  (ECF No. 66, PageID.883.)  Defendants argue that "Plaintiff Thrower's familiarity with filing pleadings tempers his status as a *pro se* litigant and should heighten this Court's review of the sufficiency of the Complaint beyond what it would normally be for a *pro se* litigant."  (ECF No. 66, PageID.884.)  This is a nonissue.  The Court should review the amended complaint under the standard set forth under Fed. R. Civ. P. 12(b)(6).  To that end, "[a]lthough a *pro se* complaint must be held to a less stringent standard than that prepared by an attorney, the courts have not been willing to abrogate basic pleading essentials in *pro se* suits." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520, (1972), *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  The Court should give

8

Plaintiffs the deference due to *pro se* litigants, but "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations."  *Id.* (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)).  In the end, Plaintiffs are the "master[s] of [their] complaint." *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).[3]

As will be discussed more specifically below, Plaintiffs' amended complaint amounts to twenty-six pages of rambling and confusing allegations and legal conclusions that are often not connected to one another, and only sometimes even grammatically understandable.  While the Court should recognize their *pro se* status, their complaint nonetheless fails to satisfy basic pleading requirements. Choosing at random, the complaint contains such nonsensical allegations as "Per FACTS *supra* and *infra* set out a claim of extortion under MICHIGAN law &/or Federal law," followed by random purported quotations to uncited sources prohibiting persons from subjecting another person to forced labor due to

---

[3] Notwithstanding the Undersigned's unwillingness to place Plaintiffs in some sort of "enhanced *pro se*" category of litigants, it is worth making passing note of the fact that the Court of Appeals has upheld a prohibited filer status imposition against Plaintiff Thrower by the Northern District of Ohio. *Thrower v. Beacon Journal Pub. Co.*, 1993 U.S. App. LEXIS 1747, *4 (6th Cir. 1993) ("We also affirm the district court's order requiring Thrower to obtain prior leave of the court for future filings and also requiring him to certify that the claims raised in his new filings have never been raised before.")

blackmail.  (ECF No. 6, PageID.53, ¶ 17).  Another allegation, taken at random, states "5/1/20 under the allegation of 'cleaning up the property @ 7568 Hudson Ave Warren (P) THROWER bumper wrap 200 DODGE Intrepid SELLING ON EBAY, Drainage System Attached to house, cans to be recycled since recycle centers closed due to Covid 19, four 4 x 4 x 8 LUMER, grill."  (ECF No. 6, PageID.59, ¶ 42).

It appears that Plaintiffs are alleging that *someone* towed their four cars from private property, and then *someone* falsified paperwork regarding the towing, and this may have been due to a conspiracy, a custom of Defendant City of Warren, a lack of a policy or perhaps a specific policy.  Woven into the maundering tale are allegations about courts being closed due to COVID, and Defendants who "did not wear gloves or mask[s] when entering vehicles AND/OR towing CARS and forcing [Plaintiffs] to sanitize same exposing [Plaintiffs] to POSSIBLE COVID 19 viruses."  (ECF No. 6, PageID.57, ¶ 32).  Plaintiffs also include allegations about one of them (Plaintiff Nelson) being told by her doctor to not come to Michigan because it was a high risk state for COVID and she was "PLACED IN A HIGHER RISK SITUATION per the facts-being forced to travel to WARREN MICHIGAN, coming out of self-isolation in OHIO per her Doctor's orders AND HER LIFE WAS PLACED IN JEOPARDY HAVING TO TRAVEL FROM OHIO . . . TO RETRIEVE HER WRONGFULLY TOWED VEHICLES ENDANGERING HER

10

LIFE." (ECF No. 6, PageID.57, ¶ 34) (all caps in original). Although it is not entirely clear, the amended complaint appears to assert three claims. Claim One is brought under 42 U.S.C. § 1983 "Against All Defendants 4, 5, 14 AMENDMENT VIOLATION UNITED STATES [CONSTITUTION] AND MICHIGAN CONSTITUTION, Due Process Cl Art 17, Sec 11." (ECF No. 6, PageID.59, ¶ 43). Claim Two is a claim for conversion for "intentionally depriv[ing] Plaintiff of his rightful possession of the 4 vehicles. AND PERSONAL PROPERTY." (ECF No. 6, PageID.61, ¶ 52). The third claim asserts that Plaintiff Nelson was forced to come into Michigan to retrieve the vehicles, which Plaintiffs allege violated 42 U.S.C. § 1983. (ECF No. 6, PageID.61, ¶ 56).

> Also included in the amended complaint is an allegation that:
>
> Per facts *supra* same as if rewritten herein the (D)'s violated the (P) ELIZABETH NELSON, (P) ALBERT THROWER Michigan state law including not limited to:
>
> With regard to the government/private defendants, the plaintiff asserts a conversion, extortion, theft of vehicle, misprison of felony, failure to report a crime, trespassing, breach of the peace claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the (P)'s will have to exercise judgment about how many state claims to include.

(ECF No. 6, PageID.66) It is not clear from this statement whether these "claims" are being asserted, mentioned, or abandoned.

Plaintiffs ask for punitive and compensatory damages, including a refund of all towing fees, expenses from traveling from Ohio to Michigan to retrieve the vehicles, a COVID 19 cleaning fee to sanitize the vehicles, and costs and attorney fees. (ECF No. 6, PageID. 67.) Plaintiffs may or may not also ask for declaratory relief—Plaintiffs often make broad statements about Defendants' conduct and it is unclear whether this forms the basis of a request for declaratory relief. Plaintiffs seek a total award of $50,000,000, and also seek to "CERTIFY SAME AS A CLASS ACTION and examine all vehicles towed during the WARREN COURT COVID 19 SHUT DOWN . . ." (ECF No. 6, PageID.67.)

### a. City of Warren

Defendants argue that the City of Warren must be dismissed from the case because Plaintiffs do not adequately assert a claim against it. To prevail in a claim under 42 U.S.C. § 1983 claim against a municipality, a plaintiff must show that the corporation had a "policy" or "custom" that caused the plaintiff's injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Specifically, a plaintiff must "identify the policy, connect the policy to the city itself[,] and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994) (internal quotation marks and citations omitted). "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of

an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified the illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Defendants assert, and the Court should agree, that Plaintiffs fail to adequately plead a *Monell* claim against the City of Warren.  The lengthy and often incoherent complaint makes vague and conclusory references to the City of Warrant's failure "to adopt clear policies and fail[ure] to properly train" (*see, e.g.,* ECF No. 6, PageID.60, ¶ 49), and that Defendants acted "pursuant to a policy or custom" of City of Warren " (*see, e.g.,* ECF No. 6, PageID.60, ¶ 48), but there are no details provided as to the specifics of any policy or custom that was in place or lacking.  Indeed, it is unclear from the amended complaint whether Plaintiffs' allegation is that Defendants were acting in violation of a policy, or were acting in the absence of training.  Plaintiffs state both that the City of Warren's "policy or custom, and its failure to adopt clear policies and failure to train its" employees were the cause of Plaintiffs' constitutional injuries.  Plaintiffs do not bolster these conclusory allegations with specific details and instead assert that "[i]t can be assumed . . . that the police did this  . . . either by 'failure to train' or entering the conspiracy . . ." (ECF No. 6, PageID.53, ¶ 17.)  Pleadings do not tolerate mere

speculative assumptions; they require good faith factual contentions that either have or likely will have evidentiary support under Fed. R. Civ. P. 11(b)(3). Furthermore, "Lawsuits are not fishing expeditions." *Holmes v. City of New York*, 19 Civ. 1628 (ER), 2020 WL 918611, *20 (S.D. N.Y. Feb. 26, 2020).  The Court does not exist for Plaintiffs to test their theories.

"Plaintiff[s] may not simply include a *Monell* claim in [their] Complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the [municipality]. Rather, Plaintiff[s] must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021) (quoting *Grandizio v. Smith*, No. 14-3868, 2015 WL 58403, at *6 (D.N.J. Jan. 5, 2015) (alterations in original) (also citing *Anthony v. Roberson*, 26 F. App'x 419, 422 (6th Cir. 2001) ("conclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused Anthony's illegal arrest"); *Brown v. Cuyahoga County*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming dismissal of *Monell* claim based on "nothing more than a bare recitation of legal standards")).

Here, Plaintiffs' complaint is devoid of any allegations sufficient to bolster a *Monell* claim and, as such, the Court should dismiss the City of Warren, and any *Monell* claim, from the amended complaint.

14

### b.  42 U.S.C. § 1983

### i. Inadequate pleading

Defendants next argue that the § 1983 claims are not supported by sufficient factual allegations.  The Court should agree.  "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Leisure*, 21 F. App'x at 278 (quoting *Wells*, 891 F.2d at 594).  "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*  (citing *Scheid*, 859 F.2d at 437).

"Under § 1983, there is no respondeat superior or vicarious liability*."* *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir.2013).  "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Id.*   Indeed, "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr.*, No. 1:13CV131, 2014 WL

1255910, at *5 (W.D. Mich. Mar. 26, 2014) (*quoting Robbins v. Oklahoma*, 519

F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

Here, the amended complaint fails to specify who did what and how and to

whom.  The allegations under Plaintiffs' **"First Claim"** paint a broad picture that

Defendants "unlawfully deprived Plaintiff [Nelson] of her 4 VEHICLES" and

Plaintiff Thrower of personal property without due process of law in violation of

the Fourth, Fifth, and Fourteenth Amendments of the Constitution.  (ECF No. 6,

PageID.59, ¶46.)   Defendants are specified as "Service Towing, Inc., Hertz Bros,

4 John Doe Service Towing employees, DOE Building and Maintenance

DIVISION employees, Warren POLICE DEPARTMENT OFFICER DOES,

WARREN ZONING DIVISION EMPLOYEES DOES, ROBERT SCOTT,

SUPERVISOR PROPERTY AND MAINTENANCE DIVISION, CITY OF

WARREN DOE POLICE OFFICERS, [and] CITY OF WARREN DOE LEGAL

DIVISION."  (*Id.*)  Other than listing these individual defendants, there is no real

effort to specify their exact role in the alleged deprivation.  Indeed, it is generally

alleged that these Defendants, in various combinations, made an unreasonable

search and seizure (ECF No. 6, PageID.60, ¶47), acted pursuant to a policy or

custom to deprive Plaintiffs of their property rights without due process of law

(ECF No. 6, PageID.60, ¶48), and failed to adopt policies or train City employees

as to "proper role of officers in private disputes such as removing vehicles" (ECF

No. 6, PageID.60, ¶49).  Although the Defendants are purportedly listed individually, their actions are largely grouped together with no specificity provided, dragnet style.

Further, Plaintiffs' **"Third Claim"** also alleges some kind of action under § 1983, related to Defendants alleged "putatively illegal action" in towing cars during COVID 19 and thereby causing Plaintiff Nelson to drive to Michigan a "high COVID 19 state" to retrieve the cars.  (ECF No. 6, PageID.61-62.)  To the extent any specificity is alleged, a cause of action is not discernable.  And lumping the Defendants together in various groups to then make conclusory allegations amounts to generic, or generalized allegations which are insufficient to allege liability under § 1983.  A shotgun approach, leading to a mishmash of disconnected allegations, will not suffice.

Although "using collective references is not an impermissible pleading form *per se*[,]" *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1162 (S.D. Fla. 2019), on the issue of individual involvement, "it is insufficient to make generic or blanket allegations pertaining to 'defendants' or allegations lumping together individual defendants[,]" and "mere citation to each individual defendant's job description—without an accompanying allegation showing how each defendant failed to comply with his or her job description—is insufficient."

*Rouse v. Washington*, No. 20-CV-11409, 2021 WL 2434196, at *8 (E.D. Mich. June 15, 2021) (Goldsmith, J.).

The amended complaint as drafted does not give the Defendants notice as to precisely what they each are alleged to have done.  This is the very purpose of a complaint, to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombley,* 550 U.S. 555.  Indeed, the Court itself is also entitled to know exactly who is being accused of exactly what, as is the public viewing the pleadings.  No one should have to guess. The Court should grant Defendants' motion and dismiss this claim, as it makes only conclusory and vague allegations as to how these (or *any* defendants) specifically are alleged to have violated § 1983.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights."); *see also Vartinelli v. Aramark Corr. Servs., LLC,* No. 18-CV-10964, 2019 WL 1402653, at *8 (E.D. Mich. Mar. 28, 2019), *aff'd*, 796 F. App'x 867 (6th Cir. 2019) ("Plaintiffs' Complaint throughout speaks collectively of the conduct of the "Defendants" and there are no allegations specifically related to any personal involvement of any of the individual

Defendants" . . . [but,] '[i]In order for liability to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors.'") (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

### ii. No substantive rights under § 1983

Moreover, even if one could tell what has been pleaded against whom in connection with the "Third Claim's" alleged "violation" of § 1983 (ECF No. 6, PageID.61, ¶ 56), the statute does not lend itself to an independent cause of action. One cannot pursue a remedy for a "violation" of § 1983, because it "is an exclusively remedial statute and does not itself give rise to any substantive rights." *New York Airlines v. Dukes County*, 623 F. Supp. 1435, 1445 (D. Mass. 1985). Thus, § 1983 only affords a mechanism or procedure for the violation of federal rights found elsewhere, and "a party must establish the violation of a federal right independent of § 1983. The violation of a federal statute, by itself, is insufficient to give rise to a cause of action under § 1983. Rather, 'the statute violated must be one that confers a federal right.'" *Id*. (quoting *Balf Co., Inc. v. Gaitor*, 534 F. Supp. 600, 604 (D. Conn. 1982)). Accordingly, "The first inquiry in any § 1983 suit […] is whether the plaintiff has been deprived of a right "secured by the Constitution and laws." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). *See also  Macko v.*

*Byron*, 576 F. Supp. 875, 880 (N.D. Ohio 1983) ("However, the Court notes that §
1983 provides redress only in the case of a deprivation of a constitutional right.")
Plaintiffs do not answer this threshold question.

### iii.  COVID-19 claim too tenuous

Additionally, even if all of these deficiencies could be ignored, the "risk" of
coming into a "HIGH COVID 19 STATE AND EXIT[ING] 'SELF ISOLATION'"
(ECF No. 6, PageID.61, ¶ 56 (all caps in original), and *Ibid*.) do "not satisfy the
requirement that threatened injury must be certainly impending" because the
allegations rely "on a highly attenuated chain of possibilities[.]" *Clapper v.
Amnesty Int'l USA*, 568 U.S. 398, 410 (2023).  It does not appear that Plaintiffs
have standing to pursue a claim based on COVID-19, for  "[t]o have Article III
standing to sue in federal court, plaintiffs must demonstrate, among other things,
that they suffered a concrete harm. No concrete harm, no standing.'' *Transunion
LLC v. Ramirez*, 594 U.S. 413, 417 (2021).  As this Court has previously found,
"allegations that [a plaintiff] may be 'exposed to COVID-19' or 'exposed to
infection' by […] going 'out in public to perform essential activities' […] are
conjectural and hypothetical, as opposed to actual or imminent." *Bormuth v.
Whitmer*, 2:20-cv-11399, 2020 WL 9258734, *7 (E.D. Mich. Nov. 23, 2020) (Patti,
MJ) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992)), *report and
recommendation adopted*  2021 WL 912395 (E.D. Mich. Mar. 10, 2021)

(Goldsmith, J.).  Despite much talk and allegations about the risk to Plaintiffs as cancer survivors, Nelson "never contracted COVID, period" and the record lacks reference to Thrower contracting it.  (ECF No. 81-2, PageID.1450.)  Even if they had, laying the cause of exposure to and development of a Corona virus infection at the Defendants' feet, in the midst of a global pandemic, is beyond tenuous.

### c.  Conversion Claim

Under Plaintiffs' "**Second Claim**," they bring a claim for conversion against a variety of Defendants, including Robert Scott. (ECF No. 6, PageID.61.)  In this motion, Defendant Scott asserts that the conversion claim against him, as with the rest of the amended complaint, is insufficiently pleaded.  As Defendants articulate:

> Plaintiffs allege common law conversion against Defendant Scott and several others including unnamed City employees and police officers and towing company employees. These common factual allegations make no claims that Defendant Scott engaged in any actions which may constitute conversion. Plaintiffs do not connect Defendant Scott, or any actions done by him, to the elements of common law conversion.

(ECF No. 66, PageID.889-90.)  As an example, Defendants cite to paragraphs 52 and 53, which make up the bulk of the alleged conversion claim, and which state, "Defendants intentionally deprived Plaintiff of his rightful possession of the 4 vehicles and personal property" and "acted with malice, recklessness and total and deliberate disregard for the personal rights of Plaintiff." (ECF 66, PageID.890, citing ECF No. 6, Page ID 61, ¶¶52-53).  The Court should agree that Plaintiffs

have failed to allege facts to meet the basic pleading requirements of the Federal

Rules of Civil Procedure.  The complaint's above-stated goal of giving "'the

defendant fair notice of what the … claim is and the grounds upon which it rests'"

is not met.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

*Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  Reading through the amended

complaint, all Defendants would be hard pressed to know precisely what it is they

are being accused of and, on this claim, Defendant Scott would be at a loss to

know how he ties in.

Moreover, as Defendants point out, when additional facts *are* provided, they

are often internally inconsistent and confusing:

> Plaintiffs' allegations are also inconsistent with incorporated factual
> allegations. For example, the conversion claim refers to the towed vehicles
> as "his" (ECF 6, Page ID: 61, ¶ 52) presumably referring to Defendant
> Thrower, when the incorporated paragraphs state the vehicles belong to
> Defendant Nelson. (ECF 6, Page ID: 52-53, ¶18). Plaintiffs also inexplicably
> cite Article 9 of the Uniform Commercial Code, dealing with secured
> transactions, to allege "Defendant" (unspecified) committed a "breach of the
> peace". (ECF 6, Page ID 61, ¶¶54).

(ECF No. 66, PageID.889.)  At oral argument, Plaintiffs claimed that Nelson held

title to the vehicles; Thrower only gave her the money to buy them.

The Court should agree with Defendants that Plaintiff's conversion claim is

"wholly conclusory, partly contradictory, and devoid of any specific factual

allegations that would 'raise a right to relief above the speculative level.'"  (ECF

No. 66, PageID.889 (citing *Twombly*, 550 U.S. at 555).)  As Defendants' motion

aptly asserts, "Plaintiffs' 'naked assertions' do not create 'more than a sheer possibility that [Defendants] ha[ve] acted unlawfully.'" (*Id.*, quoting *Iqbal*, 556 U.S. at 678 (internal citations omitted).)

### d. Declaratory Relief

As noted earlier, it is not clear whether Plaintiffs seek some sort of declaratory relief. The tortuous way in which the amended complaint is drafted— twisting and turning through disordered facts and random legal citations—makes it difficult to discern what precise relief Plaintiffs seek. On the last page of the amended complaint, Plaintiffs detail what relief they seek for each claim, and declaratory relief is not found on that list. (*See* ECF No. 6, PageID.67.) However, a few pages back, on page 18 of their complaint, Plaintiffs state, "ISSUE AN ORDER DEFENDANTS PER FACTS VIOLATED 750.413 Motor vehicle; taking possession and driving away. Per the facts the (D)'s violated Michigan state laws of trespass, conversion, extortion as defined in 750.213 Malicious threats to exhort money . . ." (ECF No. 6, PageID.62.) Thereafter, Plaintiffs include citations to various provisions of state criminal law. None of these alleged violations are developed with any allegations of fact or any link to specific Defendants or their actions. Given the lack of specificity, and the failure to include any request for declaratory relief in the relief portion of their complaint, the Court should not read the amended complaint as containing a claim for declaratory relief. To the extent

23

that it *does* assert such a claim, the Court should dismiss it for failure to state a claim on which relief can be granted.

For the reasons discussed above, the Court should **GRANT** Defendants' motion to dismiss (ECF No. 66) and **DISMISS** all claims against the City of Warren, James Fouts, Robert Scott, and William Dwyer.[4]

### 2. August 18, 2023 Motion for Summary Judgment (ECF No. 79) Filed by Defendants the City of Warren, James Fouts, Robert Scott, and William Dwyer

After the City Defendants filed their motion to dismiss, the case proceeded through discovery and, on August 18, 2023, while the motion to dismiss was still pending, they filed a motion for summary judgment. In their introduction, Defendants state:

> Plaintiffs, Albert Thrower ("Thrower") and Elizabeth Nelson ("Nelson"), bring this action based on the towing of various vehicles (the "Vehicles") and removal of personal property from a blighted property in the City of Warren. Plaintiff Thrower has a long history of frivolous and abusive *pro se* litigation of which this case is no exception. Currently pending is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 66). *Defendants' Motion to Dismiss is still relevant because Plaintiffs' lack of properly plead [sic] allegations makes requesting dismissal based on the facts of this case difficult.* Nevertheless, discovery has occurred while Defendants' Motion to Dismiss is pending. Discovery has further revealed Defendants are entitled to judgment as a matter of law because there is no genuine dispute of material facts in this case.

---

[4] Notably, at oral argument, Plaintiffs could or would not explain former Mayor Fouts's or Police Commissioner Dwyer's involvement, in response to repeated, direct questions from the Court, except for admitting that they had "actually no" evidence as to Fouts.

(ECF No. 79, PageID.1256, emphasis added.)  In other words, at the time Defendants filed their summary judgment motion, they were not abandoning their motion to dismiss argument.  Instead, it appears that, after discovery, Defendants also argue that there is no admissible evidence that they violated Plaintiffs' constitutional rights—even if they could not discern precisely what those alleged violations were, based on the deficient amended complaint.

Because I recommend granting the motion to dismiss, I also recommend terminating the motion for summary judgment as moot.[5]  If there are no claims pending against these defendants, there is nothing on which the Court can grant judgment.  Moreover, the proper procedural remedy for a deficient complaint is dismissal.  Defendants should not be required to bring a motion for summary judgment to attempt to disprove every possible constitutional claim an unintelligible pleading could conceivably be asserting.  Accordingly, the Court should **DENY AS MOOT** Defendants motion for summary judgment (ECF No. 86.)[6]

---

[5] During the January 30, 2024 hearing, defense counsel also agreed that if the motion to dismiss were granted, the motion for summary judgment would be moot.

[6] The motion for summary judgment and the recently decided motion for Rule 11 sanctions (ECF No. 81) were nonetheless enlightening, especially when coupled with Nelson's deposition transcript.  They collectively demonstrate, *inter alia*, that Thrower is coming dangerously close to the unauthorized practice of law and/or coaching his co-Plaintiff while testifying, Nelson knows remarkably little about this case, now thinks it "obviously … was not" a "good idea" and "never had

### 3. June 6, 2023 Motion for Leave to Amend (ECF No. 73) Filed by Plaintiffs

On June 6, 2023, the precise deadline established by the Court for doing so (ECF No. 63, PageID.857), Plaintiffs moved, yet again, to amend their complaint. They purportedly seek to add even more Defendants, who they have identified during discovery, and, in a one page brief, argue that Fed. R. Civ. P. 15 mandates that the Court allow the amendment absent bad faith or prejudice to the opposing party. (ECF No. 73, PageID.1157.) They neglect to mention futility.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or would be*

---

interest in this [lawsuit] in the first place except, you know, it sounded like a good idea at the time." (ECF No. 81, PageID.1419; ECF No. 81-2, PageID.1444, 1459-1460, 1466-1468, 1472-1473.) She explained meeting Thrower as "he appeared one day … this weird guy appeared and started running around acting real weird." (ECF No. 81-2, PageID.1440.) When asked to describe her relationship with Thrower, she responded, "I mean, does sugar daddy count? Do Birmingham people use that?" (*Id.*, PageID.1443.) She characterizes him as "the hated one. *** I've never, you know, had a friend like this. I hope never to again." (*Id.*, PageID.1468.) The Towing Defendants also show that judicial process was still in play in the City of Warren during the pandemic, notwithstanding Plaintiffs' contrary depiction. (ECF No. 93-4.)

*futile*."' *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir.

2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) (emphasis

added). "A proposed amendment is futile if the amendment could not withstand a

Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203

F.3d 417, 420 (6th Cir. 2000) (citation omitted). As discussed above, "[t]o survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at

678 (internal quotations omitted). A plausible claim need not contain "detailed

factual allegations" but must contain more than "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at

555.

A review of the proposed second amended complaint reveals that it suffers

from the same deficiencies as, and arguably is even more indecipherable than, the

current operative pleading. The extensive pleading swoops and swerves through

confusing factual averments and random legal citations with yet another shotgun

approach that can only be described as expansive. For example, in the 10th cause

of action, Plaintiffs assert, in its entirety, "Per facts *supra* same as if rewritten

herein Ds' violated Michigan state law including but not limited to conversion,

misprison of felony, failure to report a crime, trespassing, breach of peace claim

pursuant to state's tort claims act." (ECF No.74, PageID.1191.) Not only is it

27

unclear exactly what this cause of action is, it is also unclear which Defendants are implicated, and how.  Like the operative pleading, the proposed amendment is replete with irrelevant factual assertions about COVID, random citations to state and federal law, and disconnected factual allegations, often based on assumptions. (*See* ECF No. 74, PageID.1181 (beginning a factual allegation with, "It can be assumed that.").)

Federal Rule of Civil Procedure 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct." Rule 8(a)(2), (d)(1). The proposed pleading's allegations are anything but "simple, concise, and direct." The Court and Defendants "should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Kensu v. Corizon, Inc*., 5 F.4th 646, 651 (6ᵗʰ Cir. 2021) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003)).  The question is whether "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).  Here, the substance is hidden in a maze of conclusory legal jargon. The Court is not required to engage in a scavenger hunt to find it.

While I recognize the Plaintiffs' *pro se* status, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v.*

28

*Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  Like the current operative pleading, the proposed pleading could not withstand a motion to dismiss, and thus the motion for leave to amend is **DENIED** as futile.  *See Holland v. Madison Heights Police Dep't,*, No. 21-CV-10629, 2022 WL 18599600, at *1–2 (E.D. Mich. Nov. 15, 2022) (Stafford, M.J.), *report and recommendation adopted*, No. 21-10629, 2023 WL 1325494 (E.D. Mich. Jan. 31, 2023) (Michelson, J.) (proposed amendment is futile where "rambling allegations fail to assert a coherent cause of action" and "the proposed amendment is so disjointed and confused that it obscures what claims are asserted").

### 4.  November 17, 2023 Motion for Summary Judgment (ECF No. 93) Filed by Defendants Able Towing LLC, Bruce (John Doe), Dennis (John Doe), Bruce Hertz, Dennis Hertz, Edward D. Hertz, Sandra A. Hertz, Randy (John Doe), Service Towing Inc.

On November 17, 2023, the Towing Defendants filed a motion for summary judgment.  As discussed on the record during the January 30, 2024 hearing, however, the motion seeks judgment based off the claims alleged in the June 6, 2023 *proposed* second amended complaint.  Because the motion for leave to file that complaint was never granted, and indeed now has been specifically denied, that pleading is not the operative pleading.[7]  Accordingly, the arguments raised

---

[7] Plaintiffs have repeatedly caused this confusion for both the Clerk's Office and their opponents by ignoring Local Rule 15.1's requirement that the proposed pleading be *attached to the motion*, instead just filing it as a freestanding docket item. E.D. Mich. LR 15.1.

therein are not tied to the *actual* claims brought by Plaintiffs in their operative

pleading (ECF No. 6) and the motion (ECF No. 93) should therefore be **DENIED**.

### 5. January 30, 2024 Oral Motion to Dismiss (ECF No. 100) by the Towing Defendants

During the January 30, 2024 hearing, defense counsel for the Towing

Defendants moved orally to dismiss the complaint for the reasons stated in the City

Defendants' motion to dismiss (which may, in the Undersigned's view, be

alternatively construed as a motion to convert the summary judgment motion into a

motion to dismiss)[8], and Plaintiffs and the Towing Defendants were heard on the

motion.  The Towing Defendants orally articulated sundry reasons why dismissal

is appropriate.   Opting not to address the merits, Plaintiffs instead primarily

objected to the motion as improper, stating that Defendants had already brought a

motion for summary judgment instead of a motion to dismiss.  While it is true that

the Towing Defendants brought a summary judgment motion (on the wrong

pleading) instead of a motion to dismiss on the operative pleading, and while it is

---

[8] A court may treat a motion under Rules 12(b)(6) or 12(c) as a summary judgment motion so long as all parties are given "a reasonable opportunity to present all the material that is pertinent to the motion[,]" Fed. R. Civ. P. 12(d), namely, to contest the defendant's *evidence* by submitting material that controverts it." 2 *Moore's Federal Practice* - Civil § 12.34 (emphasis added). But there is no evidence to be submitted when the conversion goes the other way, from summary judgment to dismissal on the pleadings.  Thus, the Undersigned see no reason why a summary judgment could not be converted into a motion under Rule 12 without additional submission.

also true that the deadline for motions to dismiss have passed, I find both "excusable neglect" and "just cause" for Defendants actions. Fed. R. Civ. P. 6(b) & 16(b)(4). As discussed during the hearing, the pleadings in this case have been a constant moving target, demonstrated by Plaintiffs' repetitive motions to amend and amplified by the understandable confusion caused to both the Clerk's Office and the Defendants when proposed complaints keep getting filed directly on the docket, rather than attached as exhibits to the motions to amend, as required by E.D. Mich. LR 15.1. (*See*, e.g., ECF Nos. 73 & 74.) It is understandable, under the unique procedural posture of this case, that Defendants would get confused about the state of the pleadings.

Moreover, given the constant attempts to amend the pleadings and the scattershot manner in which Plaintiffs make their allegations, and given further the running of the discovery period, it is understandable that, at some point, Defendants elected to file a summary judgment motion or risk being denied the opportunity to do so. Unfortunately, the timing of the motions and the timing of discovery period led to the defendants opting to attempt to demonstrate that there was no universe of facts on which *any* claim could possibly succeed in the pleadings. But that is hard to do when the pleadings are so difficult to pin down and indiscernible, even if the operative ones can be identified. The more efficient manner in which to proceed, however, when faced with a deficient pleading, is to

move to dismiss the pleading, rather than undergo an exhaustive search into the

universe of "what ifs" to determine what evidence could possibly support a

theoretical claim.  In any event, I will allow the oral motion to dismiss.

Furthermore, even if Defendants had not brought the motion to dismiss,

"[s]ua sponte dismissal for failure to state a claim is proper where the plaintiff is

given notice and an opportunity to be heard." Gold Crest, LLC v. Project Light,

LLC, 525 F. Supp. 3d 826, 832 (N.D. Ohio 2021) (citing Nichols v. Cnty. of

Wayne, No. 18-cv-12026, 2018 WL 6505360, at *3 (E.D. Mich. Dec. 11, 2018)

(Cleland, J.)).  Here, Plaintiffs were provided an opportunity to respond at the

January 30, 2024 hearing.  Moreover, the Towing Defendants moved to dismiss the

amended complaint for the same reasons already expressed by the City

Defendants, and in addition to responding to the Towing Defendants' motion for

summary judgment, Plaintiffs had already been given an opportunity to respond in

writing to the City Defendants' dismissal motion.  See Gold Crest, LLC, 525 F.

Supp. 3d at 832  (dismissing complaint against nonmoving defendants where

"[t]here [was] no relevant factual or legal distinction between plaintiff's claims

against" the nonmoving defendants and the moving defendants and the court's

12(b)(6) ruling applied equally to the nonmoving defendants) (citing Nichols, 2018

WL 6505360, at *3) (sua sponte dismissing non-moving defendant for failure to

state a claim where there was no relevant factual or legal distinction between

plaintiff's claims against moving and non-moving defendants and plaintiff had the

opportunity to respond to the moving defendant's arguments for dismissal) and

*Aliff v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 WL

5419444, at *10 (S.D.W. Va. Sept. 26, 2016) (dismissing non-moving defendants

for failure to state a claim "'[w]here, as here, two defendants have moved to

dismiss the Amended Complaint in its entirety for failure to state a claim, and the

plaintiff has responded in full, the plaintiff is on notice and the 12(b)(6) motion

may be considered with regard to all defendants for all claims briefed[ ]'") (further

citations omitted)).  Because Plaintiffs were allowed an opportunity to respond to

the oral motion during the January 30, 2024 hearing, and because they have

already responded in writing to identical arguments in the City Defendants' briefs,

entertaining the oral motion is not improper.[9]

---

[9] Indeed, the Court could potentially choose, in lieu of denying the Towing
Defendants' summary judgment motion and granting their oral motion to dismiss,
to instead do the opposite: deny the oral motion to dismiss and *grant the summary
judgment motion on "grounds not raised by a party"* under Fed. R. Civ. P. 56(f)(2)
(emphasis added).  While this requires "notice and a reasonable time to respond[,]"
the adequacy of notice "will depend on the facts and circumstances of each case."
11 *Moore's Federal Practice* - Civil § 56.71.  The Sixth Circuit has stated that,
"'The key inquiry is whether the losing party was on notice that he had to muster
the necessary facts to withstand summary judgment, lest he face the dismissal of
his claims.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 829 (6th Cir. 2013)
(quoting *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 F. App'x 953, 959-960
(6th Cir. 2007)).  Here, Plaintiffs had all the opportunity to muster "facts" in
response to the summary judgment motion itself, and could only point *to the
pleadings* in response to a motion to dismiss, which they long knew were under
attack by other parties on the same grounds.  Furthermore, "even when the district

During the hearing, the Towing Defendants argued that they should be dismissed from the case for the same reasons raised by the City Defendants.  Citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6ᵗʰ Cir. 1997), Defendants argued that it was well settled law that "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *Id.* (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995) (citation omitted)).  Here, Defendants argued, Plaintiffs were asking the Court and the Defendants to put all the flesh on the bones of the amended complaint and decipher the claims from the pleadings.  The Court should agree that it is improper for judicial officers to be so tasked.

Even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6ᵗʰ Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6ᵗʰ Cir. 1989)).  As discussed above, Plaintiffs' complaint fails to adequately meet the pleading requirements of the Federal Rules of Civil Procedure.  While Plaintiffs make plenty of accusations, the allegations are not sufficiently tied to individual

---

court fails to provide adequate notice to the party against whom summary judgment is granted, its judgment will be upheld unless the losing party can demonstrate prejudice." *Id*.  For the reasons stated above, there is no prejudice here.

defendants in a way to discern a cause of action.  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (referencing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)); s*ee also Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (the Court "need not accept as true any 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'") (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011)).

Plaintiffs attempt to inject into their complaint irrelevant and often confusing factual allegations that often have nothing to do with the claims that they *do* claim to be asserting, while failing to provide sufficient detail to demonstrate they have stated a claim upon which relief can be granted.  The amended complaint is filled with assumptions and speculation in a haphazard way, while making generalized arguments about wrongdoing and conspiracies by some or all of the listed defendants.  *See Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 601 (E.D. Mich. 2015) (Leitman, J.) ("These 'shotgun' allegations of general misconduct by a group of thirty-one different Defendants are not sufficient to state RICO claims against each of them."); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with

particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (emphasis in original) (*citing Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6ᵗʰ Cir. 2002)).

Moreover, the amended complaint, as pleaded, raises large questions about standing, ownership of the relevant property, whether and how state action could be alleged against the private defendants, whether the alleged property was temporarily or permanently impounded, and on and on. While Plaintiffs claimed at the hearing that this is a "simple case," the amended pleading is anything but. "[C]ourts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., *adopting report and recommendation of* Binder, M.J.) (internal citations omitted); *see also Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

The Court should **GRANT** the Towing Defendants oral motion to dismiss.

### D.   Conclusion

#### 1. Recommendation

For the reasons discussed above, the Court should **GRANT** the City

Defendants' motion to dismiss (ECF No. 66) and **GRANT** the Towing

Defendants' oral motion to dismiss (ECF No. 100).  The only remaining

defendants in this action are unnamed John Does.  Because the time to amend has

passed and Plaintiffs have not presented a non-futile amended complaint which

would identify the John Does, the Court should **DISMISS** the amended complaint

(ECF No. 6) in its entirety for failure to state a claim on which relief can be

granted.  If these claims are dismissed, there is nothing on which the Court could

grant judgment and, as such, the Court should **DENY AS MOOT** the City

Defendants' motion for summary judgment. (ECF No. 79.)  Additionally, because

the Towing Defendants based their motion for summary judgment on a proposed

pleading, rather than on the operative pleading (ECF No. 6), and because

Defendants' oral motion to dismiss should be granted, the Court should **DENY**

their motion for summary judgment (ECF No. 93).

#### 2. Order

Because Plaintiffs' proposed second amended complaint (ECF No. 74)

would be futile, their motion to amend (ECF No. 73) is **DENIED**.

### III.   PROCEDURE ON OBJECTIONS

### A.  Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B.      Order on Motion for Leave to Amend**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated:  February 5, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE