UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, *et. al.*,

    Plaintiffs,

Case No. 22-cv-10918
Hon. Matthew F. Leitman

v.

SERVICE TOWING INC., *et al.*,

    Defendants.
_____/

**ORDER (1) OVERRULING PLAINTIFFS' OBJECTIONS (ECF No. 105) TO COMBINED ORDER AND REPORT AND RECOMMENDATION (ECF No. 104); (2) ADOPTING RECOMMENDED DISPOSITION IN REPORT AND RECOMMENDATION; AND (3) RESOLVING ALL PENDING MOTIONS**

In this action, *pro se* Plaintiffs Elizabeth Nelson and Albert Thrower bring claims against Defendants Service Towing Inc.; Able Towing LLC; Edward D. Hertz; Dennis Hertz; Bruce Hertz; Sandra A. Hertz; three John Doe truck drivers; three John Doe City of Warren property and maintenance employees; two City of Warren zoning department employees; three John Does; four John Doe Warren Police Department policemen; the City of Warren; the John Doe Warren Chief of Police; Mayor James Fouts; and the Michigan Department of State. (*See* First Am. Compl., ECF No. 6.) Plaintiffs' allegations are difficult to follow, but it appears that

their claims arise from the alleged illegal towing of four of their vehicles during the COVID-19 pandemic. (*See id.*)

On July 22, 2023, and August 23, 2023, Plaintiffs filed a Second Amended Complaint and then a Third Amended Complaint without leave from the Court. (*See* Purported Sec. Am. Compl., ECF No. 11; Purported Third Am. Compl., ECF No. 28.) These pleadings – which Plaintiffs did not have permission to file – sought, among other things, to identify several of the John Doe Defendants named in the First Amended Complaint. (*See id.*) Due to the confusion that arose from Plaintiffs' unauthorized filings, the Clerk's Office mistakenly issued summonses for several of the individuals identified as defendants in the purported Second and Third Amended Complaints, those individuals appeared in this action, and they filed motions to dismiss Plaintiffs' claims. (*See* Motions to Dismiss, ECF No. 21, 23, and 38.)

On January 25, 2023, the assigned Magistrate Judge (1) issued an order denying Plaintiffs leave to file a Second and Third Amended Complaint (*see* Order, ECF No. 53) and (2) issued a report and recommendation in which he recommended that the Court deny the motions to dismiss by the improperly-served Defendants and terminate their appearances in the case (*see* January 2023 R&R, ECF No. 54).

Plaintiffs filed objections to the Magistrate Judge's rulings on February 9, 2023. (*See* Objections, ECF No. 55.) The objections were confusing and difficult to understand. The Court overruled the objections on February 13, 2023. (*See* Order,

ECF No. 58.) In its order overruling the objections, the Court noted that while it "carefully reviewed the [o]bjections," it could not "understand any points/arguments that Plaintiffs may [have been] making." (*Id.*, PageID.844.)

On May 3, 2023, Defendants City of Warren, John Doe Warren Police Chief (William Dwyer), James Fouts, and Robert Scott (the "City Defendants") filed a motion to dismiss the First Amended Complaint. (*See* City Defs.' Mot. to Dismiss, ECF No. 66.) The City Defendants have also filed a motion for summary judgment. (*See* City Defs.' Mot. for Summ. J., ECF No. 79.) On November 17, 2023, Defendants Able Towing LLC, Bruce (John Doe), Dennis (John Doe), Bruce Hertz, Dennis Hertz, Edward D. Hertz, Sandra A. Hertz, Randy (John Doe), and Service Towing Inc. (the "Towing Defendants") filed their own motion for summary judgment. (*See* Towing Defs.' Mot., ECF No. 93.) Finally, Plaintiffs have filed a motion for leave to file another Amended Complaint. (*See* Pla.s' Mot., ECF No. 73.)

The assigned Magistrate Judge held a hearing on all of the pending motions on January 30, 2024. At that hearing, the Towing Defendants orally moved to dismiss the claims against them for the same reasons stated in the City Defendants' motion to dismiss. (*See* Oral Mot., ECF No. 100.)

On February 5, 2024, the Magistrate Judge issued a detailed and comprehensive combined order and report and recommendation addressing all of the pending motions in this case (the "R&R"). (*See* R&R, ECF No. 104.) In the R&R,

3

the Magistrate Judge recommended that the Court (1) grant the City Defendants' motion to dismiss, (2) grant the Towing Defendants' oral motion to dismiss, (3) deny as moot the City Defendants' motion for summary judgment, and (4) deny the Towing Defendants' motion for summary judgment. (*See id.*) The Magistrate Judge also denied Plaintiffs' motion for leave to file another Amended Complaint. (*See id.*) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wished to object to any portion of the R&R, they needed to file objections with the Court within 14 days. (*See id.*, PageID.2147-2148.) The Magistrate Judge further instructed the parties that any objections needed to raise issues "with specificity," and he told the parties that "[a]ny objection must recite precisely the provision of this Report and Recommendation to which it pertains." (*Id.*, PageID.2147.)

Plaintiffs filed objections to the R&R on February 20, 2024.[1] (*See* Objections, ECF No. 104.) The Court has carefully reviewed the objections, and it **OVERRULES** them for two reasons.

First, while Plaintiffs' objections include argument headings which identify certain portions of the R&R that Plaintiffs wish to challenge, the actual body and substance of the objections do not address the legal reasoning or rationale of the R&R in any way. For example, Plaintiffs repeatedly cite certain case law in their objections, but they do not make any effort to tie that case law back to the particular

---

[1] None of the Defendants filed objections to the R&R.

4

recommendations issued in the R&R. Such objections that do not attempt to show error in the particular recommendations offered by the Magistrate Judge are insufficient as a matter of law. Indeed, as the Sixth Circuit has repeatedly explained, parties must raise "specific objections *to the magistrate's report*" in objections to a report and recommendation. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (emphasis added) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). Thus, where, as here, plaintiffs fail to "specifically address how the [Magistrate Judge's] factual and legal recommendations were incorrect," the plaintiffs have "waived any challenge" to those conclusions. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff's "conclusory objections" that did not address reasoning of the Magistrate Judge were "insufficient to preserve his appeal of the district court's judgment"). *See also Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (explaining that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context").

Second, while the Court has made a special effort to understand Plaintiffs' contentions given their *pro se* status, the Court has again been unable to comprehend the points Plaintiffs are attempting to make. Plaintiffs' objections contain incomplete thoughts and sentences that end without warning, and they are not

5

organized in a coherent fashion. Moreover, the objections string together long citations of case law and exhibits with no attempt to explain the relevance of the citations or how the citations compel a ruling in Plaintiffs' favor.

Thus, for all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Plaintiffs' objections (ECF No. 105) to the R&R are **OVERRULED**;
- The recommended disposition of the R&R (ECF No. 104) is **ADOPTED**;
- The City Defendants' motion to dismiss (ECF No. 66) is **GRANTED**;
- The Towing Defendants' oral motion to dismiss (ECF No. 100) is **GRANTED**;
- The City Defendants' motion for summary judgment (ECF No. 79) is **DENIED AS MOOT**;
- The Towing Defendants' motion for summary judgment (ECF No. 93) is **DENIED**;
- Plaintiffs' motion for leave to amend (ECF No. 73) is **DENIED**; and

- Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

          s/Matthew F. Leitman
          MATTHEW F. LEITMAN
          UNITED STATES DISTRICT JUDGE

Dated: February 26, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2024, by electronic means and/or ordinary mail.

          s/Holly A. Ryan
          Case Manager
          (313) 234-5126