**NOT RECOMMENDED FOR PUBLICATION**

No. 24-1219

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 11, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| ELIZABETH NELSON and ALBERT D. THROWER, | ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ) ) |
| SERVICE TOWING, INC., et al., | ) ) |
| Defendants-Appellees. | ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O R D E R

Before: BATCHELDER, COLE, and BUSH, Circuit Judges.

Elizabeth Nelson and Albert D. Thrower, proceeding pro se, appeal the district court's judgment dismissing their civil action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). Because the plaintiffs failed to state a claim, we affirm.

Nelson filed the initial complaint in 2022, and Thrower was added as a plaintiff in the first amended complaint. The district court denied their further attempts to amend, making the first amended complaint the operative complaint in the lawsuit. In that complaint, the plaintiffs sued two private towing companies and several of their employees (the Towing Defendants); the City of Warren and several of its employees and law enforcement officials (the City Defendants); and a state agency that was later voluntarily dismissed. The complaint is difficult to decipher, but its core allegation is that the defendants illegally towed four of Nelson's vehicles from private property shortly after the COVID-19 pandemic began. The plaintiffs claimed that the defendants violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and the

Due Process Clause of the Michigan Constitution by towing the vehicles; committed state-law conversion of property; and placed the plaintiffs at risk during a health emergency by forcing them to travel from Ohio to Michigan, a "HIGH COVID 19 STATE," to recover the vehicles. The plaintiffs sought $50 million in damages.

The Towing and City Defendants filed motions to dismiss and for summary judgment. A magistrate judge recommended granting the motions to dismiss, concluding that the complaint's "rambling and confusing allegations and legal conclusions" were not sufficient to state a plausible claim for relief. Specifically, the magistrate judge determined that the plaintiffs failed to adequately allege a custom-or-policy claim against the City of Warren, failed to specify what actions individual defendants took, failed to articulate a discernable cause of action for having to travel to a high-COVID-19 state, and failed to adequately plead a conversion claim or request declaratory relief. The magistrate judge also recommended denying the plaintiffs' latest motion for leave to amend the complaint. Over the plaintiffs' objections, which the district court deemed non-responsive and incomprehensible, the district court adopted the report and recommendation and dismissed the case with prejudice.

On appeal, the plaintiffs' arguments are difficult to follow, but generally they reiterate their objections to having their vehicles towed, claiming that it was done without a warrant, probable cause, a "blight ticket," or authorization under Michigan's abandoned-vehicles statute. They also argue that they should have been allowed to amend their complaint, that the Warren police violated their rights by failing to accept a police report, and that forcing them to go to Michigan during the COVID-19 pandemic subjected them to a "state-created danger." Both the City and the Towing Defendants respond that the plaintiffs have forfeited any challenge to the dismissal of their complaint because their appellate brief is unintelligible, as were their objections to the magistrate judge's report and recommendation. For the sake of efficiency, however, we proceed to the merits.

We review de novo a district court's judgment granting a Rule 12(b)(6) motion to dismiss. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 395-96 (6th Cir. 2016). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings drafted by pro se litigants should be held to a less stringent standard than those drafted by lawyers and should be liberally construed, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), but pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

We agree with the district court that the plaintiffs failed to satisfy basic pleading requirements. The complaint contains conclusory references to a claim against the City of Warren for failing to adequately train its employees or adopt clear policies. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). But the plaintiffs did not allege a specific policy or custom they sought to challenge, beyond asserting that one must have existed because their rights were violated. This conclusory allegation is insufficient to state a plausible claim. *See Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013) (noting that, to state a claim under *Monell*, a plaintiff must "specify a governmental policy or custom from which his injuries flowed").

The plaintiffs' claims against the individual defendants fare no better. The plaintiffs repeatedly asserted that the defendants collectively violated their rights by causing their vehicles to be towed and forcing them to go to Michigan to retrieve them, but they do not specify what particular actions any individual defendant took. And to sue an individual actor under 42 U.S.C. § 1983, a plaintiff must allege how that individual personally participated in the alleged constitutional deprivation. *See Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010). The plaintiffs did not do so; instead, it appears that their strategy is to list every employee or official that they can identify within the entities they are suing and assert that they all collectively violated the plaintiffs' rights. This is insufficient. And with regard to the COVID-19 claim, the plaintiffs did not identify what constitutional right was allegedly violated. Nor did they show an actual injury, given that they did not allege that they contracted COVID-19. Similarly, they failed to allege how

No. 24-1219
- 4 -

any individual defendant committed the elements of the tort of conversion. These claims were all correctly dismissed.

The plaintiffs also argue that the district court should have granted them leave to amend their complaint, although it is unclear which of their proposed amended complaints they are advocating for. Assuming that they prefer their most recent proposed amended complaint, that complaint suffers from the same lack of intelligibility and specificity as the first amended complaint, and the only reason the plaintiffs gave to support amendment was that they had identified some of the John Doe defendants. We therefore cannot conclude that the district court abused its discretion by denying leave to amend. *See Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024).

For these reasons, we **AFFIRM** the district court's dismissal of the plaintiffs' action.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: February 11, 2025

Mr. Sandro D. DiMercurio

Ms. Jennifer Ellen Mead

Ms. Elizabeth Nelson

Mr. Thomas H. Stidham

Mr. Mark E. Straetmans

Mr. Albert D. Thrower

Re: Case No. 24-1219, *Elizabeth Nelson, et al v. Service Towing, Inc., et al*
Originating Case No. 2:22-cv-10918

Dear Sir or Madam:

The Court issued the enclosed Order today in this case. Judgment to follow.

Sincerely yours,

s/Patricia J. Elder
Senior Case Administrator
Direct Dial No. 513-564-7034

cc: Ms. Kinikia D. Essix

Enclosure

Mandate to issue